UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

---

In re: : Chapter 12
:
LAS MARTAS, INC. : Case No. 22-02380 (ESL)
:
**Debtor.** :
:

---

**DEBTOR'S RESPONSE TO MOTION TO DISMISS**

NOW COMES Las Martas, Inc., Debtor (the "Debtor"), through the undersigned counsel, and responds as follows to the Motion to Dismiss filed by Condado 5, LLC.

In response to each of the numbered paragraphs, Debtor responds as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Denied. The loan agreement is not a security agreement and does not secure anything.

5. Denied that the extension was 10 more years; otherwise admitted.

6. Admitted.

7. Denied.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

1

12. Admitted.

13. Admitted.

14. Denied. Debtor has additional cows and thus additional production capacity (45 milking cows at the time of the 2018 petition; 61 at present, plus additional cows not presently in production). Debtor also has paid off or had forgiven certain debts, and has different creditors including an SBA EIDL loan on favorable terms. Further, the value of milk quotas has declined significantly, reducing the value of Condado's security interest and freeing up funds to pay other creditors.

15. Admitted.

16. Admitted. Debtor did not oppose this and never contended that the co-debtor stay applied.

17. Admitted that Condado so moves; denied that it is entitled to such relief.

18. Admitted that it so states in part.

19. Admitted that this Court so held.

20. Admitted.

21. Admitted that it so states in part.

22. Denied that this is an accurate statement of the law. Cause must first exist, in which event then and only then does the Court have discretion to dismiss. *See In re Costa Bonita Beach Resort Inc.*, 479 BR 14, 38 (Bankr. D. P.R. 2012) (cause must first be proven before court considers dismissal or conversion, under § 1112).

23. Admitted.

24. Denied. This misstates the holding of the cited unreported case, and in any event, dismissal for cause is never mandatory, but is subject to the Court's

discretion.

25. Admitted that the quote comes from the cited case, but denied that it bears any relevance to the present case.

26. Denied. Admitted that this was the situation in the prior case, but Debtor has replenished its livestock herd (45 milking cows as of the commencement of the prior case, which declined during the case; 61 milking cows at present) and is now producing substantially more milk. While Debtor may be "insolvent" that does not mean a bankruptcy case should be dismissed – bankruptcy is in fact a remedy for insolvent Debtors. But Debtor is not operating at a loss.

27. The first sentence is denied. It is admitted that a foreclosure case is pending, but denied that Condado is in the "process of foreclosing." Debtor notes that Condado's Motion for Summary Judgment was recently denied in the referenced state court case. In the event a foreclosure is in fact ordered, Mr. Barreto or Ms. Hernandez could file their own bankruptcy cases, and retain possession of the real property at issue, so that would not in any way render a yet-to-even-be-filed plan unfeasible.

28. Denied. While there is no co-debtor stay, either owner of the property could file bankruptcy in order to retain the property. And that assumes that a foreclosure will happen – so far, Condado's motion for summary judgment has been denied.

29. Denied. Debtor will have ongoing income sufficient to fund a plan, and it will have a place to operate. Debtor does not need authorization to use cash collateral because for the reasons argued in response to Condado's cash collateral motion,

Condado does not have a lien on ongoing cash collateral (it has a lien on about $3000 of receivables, only).

30. Denied.

31. Denied that a bad faith filing constitutes cause. And in any event, that is not the case here. The First Circuit, in the case of *In re Capital Food Corp.*, 490 F.3d 21, 24 (1st Cir. 2007), expressly declined to decide whether section 1112(b) imposes a good faith filing requirement. Chapter 12 also has no good faith filing requirement, unlike Chapter 13 (Compare § 1325(a)(7) with § 1225(a) – "(7) the action of the debtor in filing the petition was in good faith" is not present in § 1225).

32. Admitted that some Courts do, but because of the differences between Chapter 12 and 13, that is not the case here because as explained in the preceding paragraph, Chapter 12 does not have a provision corresponding to § 1325(a)(7).

33. Admitted that this is the standard in Chapter 13; not Chapter 12 for the foregoing reasons.

34. Admitted that the cited non-binding case so states.

35. Admitted that the cited case so states with regard to Chapter 13.

36. Denied. *Sullivan* held that those are considerations in determining under the totality of the circumstances whether two of the enumerated factors are present.

37. Denied. Single creditor cases can be filed in good faith, but this is not a single creditor case. "A single debt of more than $500,000 can be just as oppressive as a thousand smaller ones and can make the need for bankruptcy relief just as real." *In re Tallman*, 397 BR 451 (Bankr. N.D. Ind. 2008). This case was filed to stop the

diversion of Debtor's payments for its milk to Condado so that the money can be used to operate in order to fairly and equitably pay its debts, in full or in part. Movant tries to make it seem that a bankruptcy intended to discharge debts is somehow automatically in bad faith, which it is not.

38. Admitted that these are factors, but in this case only prior filings are present.

39. Denied.

40. The quote in the first sentence is admitted; otherwise, denied, and denied that this is a "two party dispute".

Further:

"Petitions in bankruptcy arising out of a two-party dispute do not per se constitute a bad-faith filing by the debtors." *In re Stolrow's, Inc.*, 84 B.R. 167, 171 (9th Cir. BAP 1988). Courts that find bad faith based on two-party disputes do so where "it is an apparent two-party dispute that can be resolved outside of the Bankruptcy Court's jurisdiction." *Oasis at Wild Horse Ranch, LLC v. Sholes (In re Oasis at Wild Horse Ranch, LLC)*, 2011 WL 4502102 at *10, 2011 Bankr.LEXIS 4314 at *29 (9th Cir. BAP Aug. 26, 2011) (emphasis added) (citing *N. Cent. Dev. Co. v. Landmark Capital Co. (In re Landmark Capital Co.)*, 27 B.R. 273, 279 (D.Ariz.1983)); and see *St. Paul Self Storage Ltd. P'ship,* 185 B.R. [580,] 583 [(9th Cir. BAP 1995)] (debtor's only significant asset was a claim against one creditor set to be tried in state court and bankruptcy court supervision of debtor's liquidation was not necessary to protect other creditors). Typical bad faith two-party dispute cases may involve delays on the eve of trial (litigation tactics), forum shopping, new-debtor syndrome (special purpose entities), repeat filers, and repeatedly delayed foreclosure sales. There are no such common indicators here.

*In re Sullivan*, 522 BR 604, 616 (9th Cir. BAP 2014).

41. Denied. There is a significant change in circumstances in terms of Debtor's production capacity, and its other debt. There is a legitimate bankruptcy purpose – to reorganize, by using the funds that had been taken solely by Condado to pay all legitimate creditors.

42. Admitted that the second case was dismissed. The orders speak for

–- 5

themselves, but in this case the Debtor will file a timely, confirmable plan.

43. Denied. This case does not stop the foreclosure proceeding, as to which the state court denied summary judgment to Condado. And meanwhile, Condado has continued to take Debtor's funds, including during the prior case when it was not authorized to do so, thus preventing Debtor from proceeding with a confirmable plan.

44. Denied. This case has nothing to do with the foreclosure case.

45. Denied

46. Denied.

Condado asserts that there is bad faith, unreasonable delay, and a two-party dispute. None of those exist here, nor under the circumstances of this case do they constitute cause under § 1208.

Debtor is acting in good faith, seeking to pay its debts to the best of its ability. It filed not, as Condado alleged, to stop a foreclosure of property owned by a third party, but to stop diverting all funds to Condado, and reorganize by paying Condado the value of its secured claim, and using the remaining funds to operate and to repay other creditors. Debtor has a herd of cattle substantially larger than in the prior cases, and thus has the revenue to fund a plan. It will timely file a confirmable plan, so there will be no unreasonable delay, and any delay in the prior case was due to the actions of Condado in continuing to take Debtor's funds without a valid lien on them, as the Court in fact held. As for being a two-party dispute, or a single creditor, Debtor's schedules belie that assertion. There are many substantial creditors, and they should all be treated fairly and equitably, as the Code provides.

WHEREFORE, Debtor respectfully requests that the Motion be denied.

Dated: October 3, 2022.

          Respectfully submitted,

/s/ Daniel M. Press
Daniel M. Press, #204704
CHUNG & PRESS, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101
(703) 734-3800
dpress@chung-press.com

CERTIFICATE OF SERVICE

      I hereby certify that on October 3, 2022, I electronically filed the foregoing with the Clerk of the Court using the Next Gen CM/ECF system, which will send notification of such filing to all Next Gen CM/ECF participants in this case, including the Movant's counsel, the Chapter 12 Trustee, and the U.S. Trustee for Region 21.

                                  /s/ Daniel M. Press
                                  Daniel M. Press, #204704