IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

LAS MARTAS, INC.

　　Debtor

CASE NO. 22-02380 (ESL)

CHAPTER 12

FILED & ENTERED 12/05/2022

OPINION AND ORDER

This case is before the court upon the motion to dismiss filed by Condado 5, LLC ("Condado") on September 1, 2022 (dkt. #22), the response filed by the debtor, Las Martas, Inc. ("Debtor" or "Las Martas") on October 3, 2022 (dkt. #37), and Condado's reply filed on October 17, 2022 (dkt. #47).

Position of the Parties

Condado prays for the dismissal of the case under Section 1208(c) of the Bankruptcy Code[i], 11 U.S.C. §1208(c), alleging that the petition was filed in bad faith due to: the Debtor's history of non-payment of the mortgage loan now held by Condado, the Debtor's serial filings as the two prior petitions have been dismissed, the Debtor has substantially the same assets and creditors as in the preceding bankruptcy cases, the Debtor does not have sufficient cash flow to fund a Chapter 12 plan, there is no reasonable likelihood of reorganization, the Debtor may not be able to operate if the real property owned by the principal is foreclosed by Condado, and the petition was filed to thwart Condado's claim rather than for making an honest effort to repay its debts. Las Martas counters by stating that Condado has not established cause for dismissal because: the "loan agreement is not a security agreement and does not secure anything"; the Debtor has additional cows and production capacity; the Debtor has paid off certain debts; the value of quotas has declined significantly, thus, reducing the value of Condado's security interest; the Debtor is not operating at a loss; the property has not been foreclosed in the State Court proceedings; Chapter 12 has no good faith requirement; the Debtor has experienced a

significant change in circumstances as to its production capacity and its "other debt"; and the "Debtor is acting in good faith, seeking to pay its debts to the best of its ability."

Condado's reply reinforces its legal position and further details the facts in support of its request for dismissal. Condado states that the Debtor in its previous second bankruptcy case "valued its property at $948,320.06 in Schedule A/B (Case No. 18-07304-ESL12, ECF No. 1, p. 9, ¶ 1c) and informed having $1,809,245.13 in total liabilities (Case No. 18-07304-ESL12, ECF No. 1, p. 9, ¶ 4). In the instant case, the Debtor valued its property at $275,986.22 in Schedule A/B (ECF No. 18, p. 2, ¶ 1c) and informed having $2,179,355.92 in total liabilities (ECF No. 18, p. 2, ¶ 4). This translates to the Debtor having lost $672,333.84 in the value of its property, while augmenting its total liabilities in the amount of $370,110.79 from the filing of the Debtor's previous case on December 14, 2018, to the filing of the instant case on August 16, 2022." In addition, Condado states that "while it appears that the Debtor seems to have more milking cows as of the commencement of this case, it has fewer cows now than it did then. For instance, in the Debtor's second bankruptcy case, it informed in Schedule A/B having 110 total cows (Case No. 18-07304-ESL12, ECF No. 1, p. 12, ¶ 29), while in the instant case, it informed in Schedule A/B having a total of 106 cows (ECF No. 18, p. 4, ¶ 29)." Condado also points out that the Debtor is operating at a loss based on the Monthly Reports of Operation filed.

Facts

The factual allegations in Condado's motion to dismiss are substantially supported by the record, irrespective of the ultimate legal consequences. On August 16, 2022, the Debtor filed the instant third Chapter 12 bankruptcy petition. The history related in the motion to dismiss is summarized below.

On or around January 12, 2005, Banco Popular de Puerto Rico ("BPPR"), predecessor in interest of Condado, extended to the Debtor a credit facility in the amount of $1,850,000.00 (the "Loan"). Debtor's principals are guarantors to the loan. The loan matured in 2015.

On June 21, 2011, the Debtor filed its first Chapter 12 petition, Bankr. Case No.11-05237-ESL, which was substantively consolidated with Bankr. Case No. 11-05236-ESL, filed

by Juan M. Barreto Ginorio, one of the Debtor's guarantors. These previously consolidated cases were dismissed on January 16, 2018, for material default with the terms of the confirmed plan. On December 14, 2018, the Debtor filed its second Chapter 12 petition (Case No. 18-07304-ESL). On April 22, 2021, the case was dismissed pursuant 11 U.S.C. § 1208(c)(1) for unreasonable delay prejudicial to creditors, and failure to timely file a confirmable plan under 11 U.S.C. § 1208(c)(3). See Opinion and Order, 2021 Bankr. LEXIS 1075, 2021 WL 8200008 (Bankr. D.P.R. Apr. 22, 2021). The Opinion and Order was appealed to the Bankruptcy Appellate Panel for the First Circuit (BAP 1st Cir. No. 22-0017), which affirmed the dismissal through an Opinion and Order issued on April 21, 2022. See Vaqueria Las Martas, Inc. v. Condado 5, LLC (In re Vaqueria Las Martas, Inc.), 638 B.R. 482 (B.A.P. 1st Cir. 2022).

On May 28, 2021, Condado filed a Foreclosure Complaint with the PR Court of First Instance, Superior Court of Arecibo (the "PR Court of First Instance"), Case No. AR2021CV00693 (the "Foreclosure Case") against the Debtor, the Debtor's principal and co-guarantor (Mr. Juan Manuel Barreto Ginorio), his former spouse and co-guarantor (Ms. Maria Elena Hernandez Ruiz) and JM Dairy, Inc.

The Debtor's factual exposition is primarily based in conclusory allegations with no supporting documentation.

Discussion of Facts

The court, after reviewing the documents filed in the case notes the following data.

The minutes of the hearing held on September 16, 2022 (dkt. #34) include the following statement by the court:

The Court expressed concern as to pending motion to dismiss in light of the prior history of the debtor, particularly the litigious experience over the cash collateral dispute since the Debtor's first petition in 2011. The loan is fully matured, the scheduled secured claims far exceed the scheduled assets, and the claims filed show substantial indebtedness in spite of the time that has transpired. Therefore, the Debtor appears to face a challenge to show changed conditions and a real possibility of having a confirmed Chapter 12 plan. In the prior Chapter 12 petition (Case number 18-0734), the Court ruled in favor of the Debtor on the

cash collateral issue based on the facts at the time; however, the case was dismissed, upon the Chapter 12 Trustee's request, for unreasonable delay and failure to present a confirmable Chapter 12 plan.

The monthly operations report corresponding to the month of August 2022, filed on October 11, 2022 (dkt. #42) shows a negative cash flow. The monthly operations report corresponding to the month of September 2022, filed on October 27, 2022 (dkt. #48), shows a net cash flow of $771.32.

As of this date, six (6) proof of claims ("POC") have been filed, none of which has been objected. Thus, they are deemed allowed. 11 U.S.C. § 502(a). These are: POC 1-1 by Condado 5, LLC, secured in the amount of $1,532,855.t8; POC 2-1 by Autoridad de Tierras de Puerto Rico (Puerto Rico Land Authority) in the amount of $18,912.00 for lease payment arrears; POC 3-1 by the Small Business Administration, secured in the amount of 106,236.40; POC 4-1 by LUMA Energy in the amount of $39,510.60, for past due electricity payments; POC 5-2 by the Internal Revenue Service (IRS) in the amount of $35,493.69, of which $7,581.78 is secured and $22,148.16 is claimed as a priority pursuant to 11 U.S.C. §507(a); and POC 6-1 by the Puerto Rico Department of Labor, in the amount of $8,249.43, of which $1,746.28 is claimed as a priority. In its previous case, 18-07304, seven POCs were filed, essentially the same creditors as in the present case.

The Chapter 12 plan dated November 14, 2022 (dkt. #49) provides that the "Debtor shall pay to the Trustee $1600 per month, for 60 months, commencing on the Effective Date."

Legal analysis

The present issue gives sense of *déjà vu* to the statements made by the court in its opinion and order of April 22, 2021, in case number 18-07304 (dkt. #251). Thus, the same is incorporated herein. The court stated that the following was the applicable legal standard regarding a motion to dismiss a Chapter 12 case:

The provisions governing the dismissal of a chapter 12 bankruptcy case are in section 1208 of the Bankruptcy Code, 11 U.S.C. §1208. Pursuant to section 1208(c) of the Bankruptcy Code a Chapter 12 case may be dismissed for cause on

request of a party in interest, after notice and a hearing. The determination of what constitutes cause for dismissal is based on the circumstances of each particular case, including the specific examples provided in section 1208(c) to protect the interests of creditors and parties in interest. Section 1208(c) provides only for the dismissal of the case.

The section 1208 dismissal provisions must be considered in light of the expeditious expectancy of Chapter 12 cases, particularly section 1221 which requires a Chapter 12 debtor to file a plan within 90 days after the order of relief, and section 1224 which requires the court, except for cause, to conclude the confirmation hearing not later than 45 days after the filing of the Chapter 12 plan. In a Chapter 12 case, only the debtor may file a plan. The mandatory time periods are included to process Chapter 12 cases "expeditiously to protect creditor's interests and to preclude diminution in the value of the collateral if a reorganization cannot be achieved." In re Pertuset, 492 B.R. 232, 247 (Bankr. S.D. Ohio 2012). "It is evident that the time schedule to confirm a Chapter 12 plan requires an expedited procedure and imposes on the debtor to so meet." In re Rivera Sanchez, 80 B.R. 6, 7 (Bankr. P.R. 1987).

The first listed cause for dismissal in section 1208(c) is unreasonable delay, or gross mismanagement, by the debtor that is prejudicial to creditors. "Unreasonable delay can be found from the debtor's failure to file or confirm a plan on a timely basis, from the debtor's failure to modify a plan after confirmation has been denied . . . Prejudice to creditors ought to be fairly easy to demonstrate if either unreasonable delay or gross mismanagement has occurred." 8 Collier on Bankruptcy ¶ 1208.03[2] (Richard Levin & Henry J. Sommer eds., 16 th ed.).

The provisions in section 1208(c)(1) for Chapter 12 cases are substantially the same as the provisions in section 1307(c)(1) for Chapter 13 cases. The only difference is that section 1208(c)(1) adds "or gross mismanagement" as an alternative. Such alternative is not the subject of Condado's motion to dismiss. The most obvious case of unreasonable delay prejudicial to creditors is the unjustified failure to file a reasonable plan of reorganization in a timely manner. Delay is unreasonable when it occurs without justification. In re Stevenson, 583 B.R. 573, 580 – 581 (1st Cir. BAP 2018).

A Chapter 12 case may also be dismissed if the court denies confirmation of the debtor's plan and has also denied a request for additional time to modify the plan or file a new plan.

Discussion

The Debtor may have good faith expectations regarding its economic ability to present a confirmable Chapter 12 plan. However, expectations do not show or establish the feasibility of

a proposed plan. The Debtor has the burden of establishing that it "will be able to make all payments under the plan and to comply with the plan." See section 1225(a)(6) of the Bankruptcy Code. The proposed Chapter 12 plan appears to be *prima facie* not feasible based on the data submitted by the Debtor, primarily the monthly reports of operation and the schedule of assets and liabilities. Also, Debtor's allegations of changed circumstances and improvement of operations to generate income are not supported by economic data. Such lack of support has a heightened significance in light of Debtor's history of filings.

The hearing on confirmation of the Chapter 12 plan dated November 14, 2022, has been scheduled for December 20, 2022. Should the court deny confirmation at the hearing scheduled for December 20, 2022, then the Debtor will again face the same scenario experienced in case number 18-07304, leading to the dismissal of the case, and, thus, rendering moot other pending contested matters, such as the use of cash collateral. Irrespective of whether or not a Chapter 12 case may be dismissed for lack of good faith, the confirmation of a Chapter 12 plan requires that the plan be proposed in good faith. 11 U.S.C. § 1225(a)(3).

The Debtor has been apprised of the court's concerns regarding Debtor's ability to present a confirmable Chapter 12 plan since at least September 2022, when a hearing to consider the use of cash collateral was held. Although Condado has not yet filed an objection to confirmation, it has moved the court to convert the confirmation hearing to a status conference in view of the pending motions to dismiss and to prohibit the use of cash collateral (dkt. #56). A decision to dismiss a bankruptcy petition for lack of good faith is a fact intensive matter that generally necessitates an evidentiary hearing. The cash collateral issue was addressed in the prior petition, but the court must reassess the same after considering the changes that are currently applicable to the Condado lien. Although all the pending issues are interrelated, denial of confirmation may be dispositive.

In view of the foregoing, the court hereby orders the Debtor to show cause within eleven (11) days why confirmation should not be denied pursuant to sections 1225(a)(3,6) of the Bankruptcy Code, and the case dismissed pursuant to section 1208(c)(5) of the Bankruptcy

-6-

Code. The future course of this case will depend on the timely response by the Debtor. The court cautions the Debtor that, after considering the Debtor's history of bankruptcy filings, conclusory allegations will not move the court and that feasibility and changed circumstances require supporting documentation. The same must be attached to the response to this order.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 5th day of December 2022.

Enrique S. Lamoutte
United States Bankruptcy Judge

---

[i] All references to "Bankruptcy Code" or to specific statutory sections are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §§ 101 - 1532