IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In Re:

LAS MARTAS, INC.
XXX-XX-1863

Debtor(s)

Case No.: 22-02380 (ESL)

Chapter 12

## TRUSTEE UNFAVORABLE RECOMMENDATION TO CHAPTER 12 PLAN DATED NOVEMBER 14, 2022 (DOCKET 49)

TO THE HONORABLE COURT:

NOW COMES José R. Carrión, Standing Chapter 12 Trustee, through the undersigned attorney, and very respectfully submits this unfavorable recommendation to the Chapter 12 plan dated December 7, 2021 (Docket 65).

## I.     INTRODUCTION

The present Chapter 12 case was filed on August 16, 2022 (Docket 1) and the meeting of creditors was held on September 8, 2021 (Docket 34).  A Chapter 12 plan was filed on November 14, 2022 (Docket 49, the "Plan").  The same includes a payment schedule of $1,600.00 for 60 months for a plan base of $96,000.00. The plan provides for payment in of attorneys' fees. Also, it provides for the payment in full of priority claims filed by the Internal Revenue Service and the Department of the Treasury. Furthermore, Debtor provides for direct payments to secured debts with the Small Business Administration and Condado 5, LLC ("Condado"). As to the debt with Condado, plan provides for the bifurcation of the debt, in which $293,500 will be secured and paid directly by the Debtor and the remaining balance will be

considered as general unsecured. General unsecured claims, including Condado's claim, would be paid pro-rata and, per Trustee's calculations, would receive approximately $48,585.68 or a 4.1 percent distribution.

Taking into account the assets and liabilities listed by Debtors, the liquidation value has been estimated at $38,660.00, without taking into consideration priority claims.

As explained below, the Trustee hereby objects confirmation of the Plan, as the same does not comply with the confirmation requirements of 11 U.S.C. §1225.

## II.     UNFAVORABLE RECOMMENDATION

A.  <u>Plan does not comply with 11 U.S.C. §1225(b)(1)</u>

Debtor is proposing a repayment plan with a payment schedule of $1,600.00 per month for sixty months.  The Monthly Operating Reports for August and September reflect a monthly payment to Condado 5 of $13,000.00.  Upon confirmation of the plan, this payment will decrease to $1,957.67 per month upon the first six months after confirmation, and to $4,149.12 per month for the remainder of the plan.  If the $13,000.00 paid to Condado 5 will be eventually reduced to an amount close to $5,000.00, this would mean that Debtor has an additional $8,000.00 available to fund the plan. If Debtor keeps about $3,000.00 per month for unexpected operation expenses, there is still $5,000.00 available for the payment of unsecured creditors. By proposing the low payment of $1,600.00, Debtor

is keeping amounts not necessary for the operation of the business and, thus, the plan does not comply with 11 U.S.C. §1225(b)(1).

B. Plan does not comply with 11 U.S.C. §1225(a)(5) and §1225(a)(6)

Plan provides for the bifurcation of secured claim filed by Condado into secured and unsecured portions. Said creditor, however, has objected treatment. The extent of Condado's security interest over Debtor's assets is currently in litigation and pending resolution of this Court.  If Condado's lien extends further than the milk quota, Debtor will not be able to make payments under the plan.

C. Plan is contrary to 28 U.S.C. §586(e)(2)

The plan has included the following definitions regarding fees paid to the Standing Chapter 12 Trustee:

*¶ 1.40 "Priority Claim" means a Claim made pursuant to § 507(a) of the Bankruptcy Code, other than an Administrative Claim or a Professional Claim, or a claim of the Trustee for fees or commissions.*

*¶ 3.0 Trustee Commissions: The Trustee shall be paid his commission pursuant to 11 U.S.C. § 1226(b)(2) at the appropriate rate from and at the time of each disbursement made by the Trustee to creditors.*

*¶ 3.1. Administrative Claims and Professional Claims: Pursuant to 11 U.S.C. § 1226(b)(1), Administrative Claims and Professional Claims approved and allowed by the Court, and not paid from a pre-petition fee advance, shall be paid in full by the Trustee prior to payment of any other claims (but concurrently with the Trustee Commission on such disbursements), as funds are available.*

*¶ 3.7 Class F (Unsecured Claims). General unsecured claims (including the unsecured portion of the claim of Condado 5,class E-3), shall be paid pro rata by the Trustee from funds on hand, after payment in full of his commissions, Administrative and Professional Claims, and Class A-C claims.*

A Standing Chapter 12 Trustee, however, collects fees fixed by the United States Trustee upon receipt of payments under the plans, regardless of whether or

3

not said plan is confirmed. Said fee is not a commission and distribution to creditors under the plan is not necessary for its collection.  Debtor's treatment regarding the Standing Trustee's Chapter 12 fees is incorrect.

    D. <u>Miscellaneous</u>:

    1.    Plan provides that payments made by the Standing Chapter 12 Trustee to the Internal Revenue Service will be made with interest "at the applicable statutory rate applicable to such claims".  However, plan fails to state which statute is to be applied to provide interest for the payments to the IRS.

    2.    There appears to be a clerical mistake in ¶3.6 Section E-2, which at one point states that the amount of  Condado's secured claim is $293,500.00 and in another points states that the amount of Condado's secured claim is $295,000.00.  Thisi matter must be clarified.

    WHEREFORE, the Trustee respectfully requests that this Honorable Court take notice of his unfavorable recommendation and deny confirmation of the Plan.

    RESPECTFULLY SUBMITTED

    CERTIFICATE OF SERVICE:  The Chapter 13 Trustee certifies that a copy of this motion has been served by CM/ECF to all parties in interest who have filed a notice of appearance and requested to receive notices in this case. A copy of this motion will be served by regular US Mail to: the DEBTOR(s) and her/his/their attorney and all Creditors and Parties in Interest to their respective address of record as they appear in the attached master address list to the address of record, if not an ECFS register user.

4

In San Juan, Puerto Rico this 13th day of December, 2022.

/s/ José R. Carrión

/s/ Alexandra Rodríguez Díaz
   Staff Attorney
     Bar No. 224,311

    JOSE R. CARRION
    CHAPTER 12 TRUSTEE
    P.O. Box 9023884
    Old San Juan Station
    San Juan, P.R. 00902-3884
    Tel  (787) 977-3535