UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

```
-----------------------------------------------------------X
In re:                                  :   Chapter 12
                                        :
LAS MARTAS, INC.                        :   Case No. 22-02380 (ESL)
                                        :
        Debtor.                         :
                                        :
-----------------------------------------------------------X
```

## DEBTOR'S RESPONSE TO ORDER TO SHOW CAUSE (DOCKET NO. 65)

TO THE HONORABLE COURT:

COMES NOW the Debtor, Las Martas, Inc., through the undersigned counsel, and respectfully states:

1. On December 5, 2022, the Court entered an Order (Docket #65) directing the Debtor to "show cause within eleven (11) days why confirmation should not be denied pursuant to sections 1225(a)(3,6) of the Bankruptcy Code, and the case dismissed pursuant to section 1208(c)(5) of the Bankruptcy Code." That deadline was extended to December 19, 2022.

2. This case is eminently confirmable, and there should be no question that the plan is feasible (that "the debtor will be able to make all payments under the plan and to comply with the plan," 12 U.S.C. § 1225(a)(5)), provided the Court rules, as it should (and did in the prior case) that Condado 5 does not have a security interest in the milk produced by Debtor's cows. That matter is pending before the Court, and has been fully briefed and argued, and Debtor incorporates those arguments by reference.[1]

---

[1] If the Court rules against Debtor on that issue, Debtor admits that the Plan as it stands is not feasible.

-- 1

3. Exhibit A to the Declaration of Juan M. Barreto, filed herewith, is a chart establishing how much Debtor's production has increased since the prior case in 2018, comparing August-November of 2018 and 2022. Debtor currently has 52-59 cows in production, as compared to 39-42 in 2018. Debtor's biweekly milk production averaged under 6000 litres in 2018; in 2022, it has averaged over 9700 litres, an increase of over 50%. Milk proceeds were under $4000/2 weeks in 2018; in 2022, they have averaged over $8000, more than double. This is a material change, and will allow the Debtor to operate profitably – provided its milk proceeds are paid over to the Debtor as they should be.

4. While one of Debtor's most significant assets has declined in market value since the last case – the market for milk quotas has declined – that *benefits* the Debtor (and its unsecured creditors), since it is effectively the sole collateral for Condado 5's loan. As such, the decline in value means that the Condado 5 secured claim under 11 U.S.C. § 506(a) is smaller, and Debtor needs to pay less to Condado 5 to satisfy 11 U.S.C. 1225(a)(5)(B).

5. The claims filed, as the Court noted, are similar to the prior case, although some claims have been satisfied (or reduced, including Condado 5). The only significant new claim is the Covid EIDL SBA loan, which is payable over 30 years at 3.75% ($526/month).

6. Assuming that the Court rules that Debtor will be entitled to the milk proceeds, Debtor's revenue will be about $20,000/month, based on the milk sales for the last 4 months, since filing (as shown on the filed MORs). That will increase once Debtor has access to the withheld funds, as Debtor needs to use some of that money to purchase more cows, and to provide proper feed that will increase production. After the 6-month window of interest-only payments to Condado 5 (to allow for those increases to take effect), the Plan provides for payments to Condado 5 of $4149/month (which may have to increase slightly as interest rates have again risen since the

Plan was filed); $526/month to the SBA; and $1600/month to the Trustee. Debtor will be filing an amended plan that increases the payment to the Trustee to $2500/month for the first year, and increasing thereafter. Even with increased interest rates and an increase in payments to the Trustee, the payments to creditors will be about $7500/month.

The Debtor has not been paying a full salary to its principal, Juan Barreto, nor paying him rent for the farm, because of the money being (wrongfully) paid to Condado 5. That cannot continue. If Debtor operates as proposed, it will increase production, and be able to not only fund the payments under the plan, but to increase those payments over time as production increases, but even at current production levels ($20,000/month), and paying current amounts for feed ($5000) and operational costs, Debtor can make the proposed payments. But Debtor believes it can do much better, with investing in more cows and better feed, and generate the revenue shown on the budget attached as Exhibit B to Mr. Barreto's Declaration, which would increase payments to unsecured creditors and generate sufficient additional revenue to continue increasing production.

7. Of course, this is all contingent on Debtor prevailing on the cash collateral issue. If Condado 5 prevails, Debtor cannot afford to continue operating while paying Condado 5 over $12,000/month alone. Whether the plan is confirmable is entirely dependent on the outcome of that issue. It would be wholly inappropriate to deny confirmation and dismiss the case because

Debtor's money is being paid into escrow pending the Court's ruling, thus causing the cash flow problems and "losses" identified in the Court's December 5 Order.

Dated: December 19, 2022.

Respectfully submitted,

/s/ Daniel M. Press
Daniel M. Press, #204704
CHUNG & PRESS, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101
(703) 734-3800
dpress@chung-press.com

CERTIFICATE OF SERVICE

      I hereby certify that on December 19, 2022, I electronically filed the foregoing with the Clerk of the Court using the Next Gen CM/ECF system, which will send notification of such filing to all Next Gen CM/ECF participants in this case, including counsel for Condado 5, the Chapter 12 Trustee, and the U.S. Trustee for Region 21.

          /s/ Daniel M. Press
          Daniel M. Press, #204704