**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF PUERTO RICO**

------------------------------------------------------------X
In re: : **Chapter 12**
:
LAS MARTAS, INC. : **Case No.** 22-02380 (ESL)
:
**Debtor.** :
:
------------------------------------------------------------X

### CHAPTER 12 PLAN DATED 1/10/23

NOW COMES Las Martas Inc., debtor (the "Debtor"), through counsel, and files this Plan of Reorganization (the "Plan") pursuant to Section 1221, et seq., of the United States Bankruptcy Code, 11 U.S.C. (the "Code").

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

Your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated. If you oppose the Plan's treatment of your claim or any provision of this Plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Court may confirm this Plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under the Plan.

### ARTICLE I - DEFINITIONS

     1.1 <u>Administrative Bar Date</u>" means the first Business Day thirty (30) days after the Effective Date, and is the date by which all pre-confirmation Administrative Claims (other than Professional Claims) must be filed with the Bankruptcy Court, except as otherwise provided in the Plan.
     1.2 "<u>Administrative Claim</u>" means any cost or expense of administration of the Estate allowed under § 503(b) of the Bankruptcy Code, proof (or request for payment or approval) of which is timely filed by the Administrative Bar Date to the extent applicable.
     1.3 "<u>Allowed Claim</u>" means a Claim against the Debtor, proof of which has been timely filed and with respect to which no timely filed objection to the allowance thereof has been interposed; or which has been allowed by the Court in a Final Order, but only in the amount allowed. An Allowed Claim shall not include unmatured or post-petition interest unless otherwise stated in the Plan.
     1.4 "<u>Assets</u>" means all property, real or personal, in which the Debtor has an interest.
     1.5 "<u>Avoidance Actions</u>" means proceedings commenced under Chapter 5 of the Bankruptcy Code.

1.6 [Reserved]

1.7 "Bankruptcy Code" means Title 11 of the United States Code.

1.8 "Bankruptcy Court" means the United States Bankruptcy Court for the District of Puerto Rico, or if such court ceases to exercise jurisdiction over the Case, the court or adjunct thereof that exercises jurisdiction over the Case.

1.9 "Bankruptcy Rules" means (i) the Federal Rules of Bankruptcy Procedure, and (ii) the Local Bankruptcy Rules for the Bankruptcy Court, in either case, as now in effect or hereinafter amended (except that all time periods herein shall be calculated in accordance with the Bankruptcy Rules as in effect on the date hereof).

1.10 "Bar Date" means the date designated by the Bankruptcy Court as the last date for filing a proof of claim or proof of interest, as the case may be, against the Debtor. The Bar Date for non-governmental claims was October 25, 2022, and for governmental claims is February 12, 2023.

1.11 "Business Day" means any day except Saturday, Sunday, or other day on which commercial banks in the Commonwealth of Puerto Rico are authorized or required by law to close, or any other "legal holiday" as defined in Bankruptcy Rule 9006(a).

1.12 "Case" means the case commenced under Chapter 12 of the Bankruptcy Code pending in the Bankruptcy Court, and bearing Case No. 22-02380.

1.13 "Cash" means United States currency, drafts, checks, deposit accounts or other cash equivalents.

1.14 "Claim" means a claim as defined in § 101(5) of the Bankruptcy Code.

1.15 "Claimant" means a Person holding a Claim against the Debtor.

1.16. "Class" means each class of Claims or Interests established and set forth in Article II of the Plan.

1.17 "Collateral" means any property or interest in property of the Debtor subject to a Lien to secure the payment or performance of a Claim, which Lien is not subject to avoidance or otherwise invalid under the Bankruptcy Code or applicable state law.

1.18 "Confirmation" means the entry of a Final Order of the Bankruptcy Court confirming the Plan.

1.19 "Confirmation Date" means the date on which the Confirmation Order is entered by the Bankruptcy Court.

1.20 "Confirmation Hearing" means the hearing under § 1224 of the Bankruptcy Code scheduled by the Bankruptcy Court for consideration of Confirmation of the Plan as it may be continued from time to time.

1.21 "Confirmation Order" means the order of the Bankruptcy Court confirming the Plan.

1.22 "Creditor" means the holder of a Claim.

1.23 [Reserved]

1.24 "Debtor" means Las Martas Inc.

1.25 [RESERVED]

1.26 "Disputed Claim" means a Claim as to which a proof of claim was timely filed and an objection to such Claim was filed within 30 days after the Effective Date, and any late-filed claim whether or not an objection has been filed.

1.27 "Effective Date" means the first Business Day after 14 days after entry of the Confirmation Order, unless a stay of the Confirmation Order is then in effect, in which case it shall be the first Business Day after 14 days after the stay terminates.

1.28 "Equipment" means all machinery, tools, motor vehicles, furniture and fixtures, and all parts thereof and all accessions thereto and all software related thereto, including software that is embedded in and is part of said Equipment, so as not to include any Inventory.

1.29 [reserved]

1.30 "Estate" means the bankruptcy estate of the Debtor.

1.31 "Executory Contracts" means all contracts, including unexpired leases, to which the Debtor was a party on the Petition Date and which were executory within the meaning of § 365 of the Bankruptcy Code and which may be assumed or rejected by the Debtor.

1.32 "Final Decree" means the Final Order of the Bankruptcy Court that closes the Case.

1.33 "Final Order" means an order or judgment of the Court as entered on the docket in the case, that has not been reversed, stayed, modified, or amended, and as to which, either (i) the time to appeal or seek certiorari has expired and no appeal or petition for certiorari has been timely filed, or (ii) any appeal or petition for certiorari that has been filed has been resolved by the highest court to which the order or judgment was appealed from or from which certiorari was sought.

1.34 "Inventory" means all goods held for sale or lease, including all raw materials, work in process, finished goods, and material used or consumed in the manufacture, production, preparation or shipping thereof, so as not to include any Equipment.

1.35 "Lien" has the meaning set forth in §101(37) of the Bankruptcy Code.

1.35A "Material Default" of the Debtor shall occur if (1) Debtor fails to make any payment required under the Plan, or to perform any other obligation required under the Plan, for more than 14 calendar days after the time specified in the Plan for such payment or other performance; (2) upon such failure, the Trustee or affected creditor has served upon Debtor and Debtors' attorney a written notice of Debtor's default; and (3) Debtor fails within 21 calendar days after the date of service of the notice of default either: (i) to cure the default; or (ii) to move to obtain from the court (or obtain from the affected creditor) an extension of time to cure the default, or a determination that no default occurred.

1.36 "Miscellaneous Assets" means Assets other than Real Estate, Inventory, Equipment, Accounts Receivable or Avoidance Actions.

1.37 "Person" means an individual, a corporation, a partnership, an association, a joint stock company, a joint venture, an estate, a trust, an unincorporated organization, a government, or any political subdivision thereof, or other legal entity.

1.38 "Petition Date" means August 16, 2022, the date on which the voluntary petition for relief under Chapter 12 of the Bankruptcy Code was filed by the Debtor.

1.39 "Plan" means this Plan, as it may be amended from time to time.

1.40 "Priority Claim" means a Claim made pursuant to § 507(a) of the Bankruptcy Code, other than an Administrative Claim or a Professional Claim.

1.41 "Priority Tax Claim" means any unsecured Allowed Claim for taxes, including without limitation, income, property, withholding, payroll or excise taxes, or any penalty related to the foregoing to the extent such Claim is entitled to priority under § 507(a)(8) of the Bankruptcy Code.

1.42 "Professional" means any attorney, accountant, appraiser, consultant, financial advisor or other professional retained or to be compensated pursuant to an order of the Bankruptcy Court entered under any provision of the Bankruptcy Code.

1.43 "Professional Claim" means any Claim for compensation or reimbursement of a Professional arising at any time.

1.44 "Proof of Claim" means a proof of Claim filed pursuant to § 501 of the Bankruptcy Code and Part III of the Bankruptcy Rules.

1.45 "Rejection Claim" means a Claim arising from the rejection of an executory contract or unexpired lease in such amounts as are permitted by the Bankruptcy Code and applicable law, and as are Allowed by the Bankruptcy Court.

1.46 "Schedules" means the schedules of assets and liabilities and statement of financial affairs filed by the Debtor with the Bankruptcy Court and any amendments thereto.

1.47 "Secured Claim" means any Claim, debt, or demand against the Debtor(s) as determined in accordance with § 506(a) of the Bankruptcy Code which is secured by a properly perfected mortgage, deed of trust, Lien, pledge, or security interest in, or right of set off against, any Property of the Debtor, but only to the extent of the value of the Collateral as of the Confirmation Hearing.

1.48 "Unexpired Lease" means a lease of personal or real property which had neither expired by its terms nor been properly terminated as of the Petition Date, and which has not expired by its terms or been rejected by a Final Order on or prior to the Confirmation Date.

1.49 "Unliquidated Claim" means Any Claim, the amount or liability for which has not been fixed, whether pursuant to agreement, applicable law, or otherwise, as of the date on which such Claim is sought to be estimated.

1.50 "Unsecured Claim" means any unsecured debt, demand, or Claim of whatever nature other than an Administrative Expense, a Professional Claim, a Priority Claim, a Priority Tax Claim, or a Secured Claim, to the extent as determined and allowed by the Bankruptcy Court in accordance with § 502 of the Bankruptcy Code.

## ARTICLE II – CLASSIFICATION OF CLAIMS AND INTERESTS

2.1 Class A (Priority (non-tax) Claims): Class A consists of Priority Claims under 11 U.S.C. § 507 other than Administrative Claims, Professional Claims, and Priority Tax Claims.

2.2. Class B (Priority Tax Claims): Class B consists of all allowed Priority Tax Claims.

2.3 Class C (IRS Secured Claim): Class C consists of the secured pre-petition claim of the Internal Revenue Service.

2.4 Class D (SBA Secured Claim). Class D consists of the Secured Claim of the United States Small Business Administration for its EIDL Loan, secured by UCC liens on Debtor's personal property.

2.5 Class E (Condado 5 Secured Claim). Class E consists of the Secured Claim of Condado 5 LLC secured by a lien on Debtor's ORIL Milk Quota and prepetition account receivable.

2.6 Class F (Unsecured Claims). Class F consists of the Allowed non-priority Unsecured Claims against the Debtor, including the unsecured portion of the Class E claim.

## ARTICLE III– TREATMENT OF CLAIMS AND INTERESTS

3.0     Trustee Compensation:  The Trustee shall collect his fees pursuant to 28 U.S.C. § 586(e)(1)(B)(ii).

3.1.    Administrative Claims and Professional Claims: Pursuant to 11 U.S.C. § 1226(b)(1), Administrative Claims and Professional Claims approved and allowed by the Court, and not paid from a pre-petition fee advance, shall be paid in full by the Trustee prior to payment of any other claims, as funds are available.  Provided that any professional files an application for compensation not covered in full by such a fee advance on or before 30 days after the Confirmation Date, the Trustee shall not disburse any funds other than for other Administrative Claims until a Final Order is entered on such application for compensation.  In the event Debtor's counsel files any application for compensation in excess of the prepetition retainer after that date, or any other requests for payment or approval of Administrative Claims or Professional Claims are filed, the Trustee shall cease disbursements to other creditors until a Final Order is entered on such application or request, and shall pay the approved Administrative Claims and Professional Claims before any further disbursements to other creditors.

3.2.    Class A (Priority (non-tax) Claims):  The Debtor is unaware of any such claims, and no proofs of claim in this class have been filed by the Bar Date.   In the unlikely event that there are any allowed Claims in Class A, they shall be paid by the Trustee in full without interest after payment of Administrative and Professional Claims and Class C claims.

3.3     Class B (Priority Tax Claims): All Class B Claims shall be paid by the Trustee in full without interest, after payment of Administrative and Professional Claims and Class C claims.

3.4     Class C (IRS Secured Claim):  Class C consists of the secured pre-petition claim of the Internal Revenue Service.  Any Allowed Secured Claim in Class C shall be paid by the Trustee with interest at the statutory rate applicable to such claims (7% per Rev. Rul. 22-23), after payment of Administrative and Professional Claims.  The IRS shall retain any lien securing its claim until its secured claim is satisfied in full, at which time it shall file a release of its lien with the appropriate authorities.

3.5     Class D (SBA Secured Claim).  Class D consists of the Secured Claim of the SBA for its EIDL Loan.  Debtor shall pay the Class D claim directly pursuant to its terms (apart from any default provision with respect to insolvency or bankruptcy filing, which shall be waived and void).  The holder of any Class D claim shall retain any lien securing its claim until satisfied in full.

3.6     Class E (Condado 5 Secured Claim).  Class E consists of the Secured Claim of Condado 5 LLC. The Secured Claim of Condado 5, LLC, shall be bifurcated into 3 components and treated as follows:

> E-1  The claim is secured by a prepetition receivable from Suiza Dairy, Inc., in the amount of $3000.  Upon the Effective Date of the Plan, if not paid sooner, Suiza Dairy shall pay $3000 to Condado 5 from the receivables of the Debtor that it is holding.  If the funds are paid to the Debtor or into escrow prior to that, then the payment shall be made from that source.  Condado shall retain its lien on the prepetition receivable to the extent thereof, until paid.

> E-2.  The claim is otherwise secured as to the Debtor by Debtor's ORIL milk quota of 58,700 quarts/2 weeks.  The secured claim as to the Milk Quota shall be

valued at $5/quart/2 weeks, $293,500. Condado 5 shall be paid by the Debtor directly 8.5% interest only on the $293,500 for 6 months ($2078.96/month) from the Effective Date, and then $293,500 amortized at 8.5% p.a. by the Debtor directly in equal monthly installments of $4224.09 over 8 years (96 months) from 6 months after the Effective Date, and shall retain its lien until paid as provided in this Paragraph E-2. Should Suiza Dairy Inc. and Condado 5 agree, these payments may be made in weekly installments directly from Debtor's receivables due from Suiza Dairy.

E-3 The balance of the claim of Condado 5 is unsecured under 11 USC 506 and shall be treated for all purposes as a general unsecured claim.

As its claim is not secured by post-petition receivables or otherwise by the proceeds of post-petition milk sales, upon confirmation Condado 5 will release its claim to a lien on such proceeds and Suiza Dairy shall turn them over to the Debtor.

3.7 Class F (Unsecured Claims). General unsecured claims (including the unsecured portion of the claim of Condado 5, class E-3), shall be paid pro rata by the Trustee from funds on hand, after payment in full of Administrative and Professional Claims, and Class A-C claims.

## ARTICLE IV - EXECUTION OF PLAN

The Debtor shall pay to the Trustee $2500 per month for 12 months from the Effective Date, increasing to $3000 per month for the next 12 months, and $3500 per month for the next 12 months, for a total of $108,000 over 36 months commencing on the Effective Date. In addition, the Debtor shall evaluate potential avoidance actions under Chapter 5 of the Bankruptcy Code and shall bring those deemed appropriate, in consultation and cooperation with the Trustee, and shall pay the net proceeds thereof to the Trustee as additional funding under this Plan.

The Debtor shall fund this Plan from income from its dairy farming operation. The Debtor shall retain the Assets of the estate, and shall therewith operate the business and pay ordinary business expenses, paying the creditors the amounts set forth in this plan.

Consistent with the provisions of this Plan and subject to any releases provided for herein, the Debtor reserves the right to begin or continue any adversary proceeding permitted under the Code and Rules to collect any debts, or to pursue claims in any court of competent jurisdiction. Except as expressly provided for in this Plan, nothing in this Plan shall be deemed to constitute a waiver of any claim that the Debtor may assert against any other party, including the holder of any claim provided for in this Plan, and the allowance of any claim against the Debtor or the estate shall not bar any claim by the Debtor against the holder of such claim.

### ARTICLE V - RETENTION OF JURISDICTION

Following the Confirmation Date, the Court shall retain jurisdiction over the Debtor, its operations, and its Assets for the following purposes until the Court enters an Order closing this case:

    A.    To rule on the allowance or classification of claims and to hear any objections thereto.
    B.    To hear and determine all adversary proceedings and contested matters;
    C.    To allow and approve or disapprove any administrative expenses or Professional Claims not previously allowed;
    D.    To determine and resolve questions concerning the existence of defaults under the Plan;
    E.    To modify the Plan pursuant to § 1229 of the Code;
    F.    To correct any defect, to cure any omission, to reconcile any inconsistency in the Plan or Order of Confirmation as may be necessary to carry out the purposes and intent of the Plan; and
    G.    To issue any Order necessary to carry out the Plan.

### ARTICLE VI - EXECUTORY CONTRACTS AND LEASES

A. Except as provided herein, any pre-petition Executory Contracts and Leases in effect as of the Effective Date and not specifically rejected will be deemed assumed as of the Effective Date. Any Claims arising from the rejection of Contracts and Leases must be filed on or before the Rejection Claim Bar Date. The Rejection Claim Bar Date is 30 days after the Effective Date, or, if later, 30 days after entry of any Final Order rejecting the Executory Contract or Lease. Absent the filing of a proof of claim on or before the Rejection Claim Bar Date, all Rejection Claims shall be forever barred from assertion and shall not be enforceable against the Debtor, the Estate, Assets, or properties. All Rejection Claims shall be General Unsecured Claims.

**B. The Debtor maintains that except as provided herein, there are no cure amounts necessary with respect to the assumption of any Executory Contract or/and Lease assumed hereunder, and that there are no pre- or post-petition defaults on any such contract or lease. To the extent that any party to any such Executory Contract or/and Lease maintains that there is an amount due to cure any pre- or post-petition default, it must file a timely objection to this plan asserting the amounts claimed to be due. Absent such an objection, all leases and contracts shall be deemed current as of the confirmation date.**

**C. Debtor hereby assumes and assigns its lease with the Puerto Rico Land Authority to JM Dairy, Inc. JM Dairy Inc. shall be solely responsible for the prompt cure of the arrears due thereunder (as reflected in Claim #2, plus any post-petition arrears).**

   **D.**  **Any contracts or agreements with Condado 5 LLC, or with Suiza Dairy Inc., related to assignment of milk proceeds, to the extent deemed executory, are hereby rejected. This does NOT reject Debtor's contract for sale of milk with Suiza, which is assumed.**

'

## ARTICLE VII - MODIFICATION OF PLAN

  The Debtor may submit modifications to the Plan at any time prior to Confirmation pursuant to § 1223 of the Code, and thereafter in accordance with § 1229.

## ARTICLE VIII - MISCELLANEOUS

  Neither the Trustee nor any creditor may take any collection action against Debtor or property of the estate or of the Debtor so long as Debtor is not in Material Default in performing its obligations to such Trustee or Creditor under the Plan.

Dated: January 10, 2023.

                Respectfully submitted,

                /s/ Daniel M. Press
                Daniel M. Press, #204704
                CHUNG & PRESS, P.C.
                6718 Whittier Ave., Suite 200
                McLean, VA 22101
                (703) 734-3800
                dpress@chung-press.com

## CERTIFICATE OF SERVICE

    I hereby certify that on January 10, 2023, I electronically filed the foregoing with the Clerk of the Court using the Next Gen CM/ECF system, which will send notification of such filing to all Next Gen CM/ECF participants in this case, including the Chapter 12 Trustee and the U.S. Trustee for Region 21, and caused the foregoing Plan to be served on all other creditors and parties in interest by first class mail, postage prepaid, as set forth on the attached Matrix.

                                                /s/ Daniel M. Press
                                                Daniel M. Press, #204704

```
Label Matrix for local noticing         LAS MARTAS INC                          SUIZA DAIRY, INC.
0104-3                                   HC 05 BOX 91635                         Godreau & Gonzalez Law
Case 22-02380-ESL12                      ARECIBO, PR 00612-9517                  PO Box 9024176
District of Puerto Rico                                                          San Juan, PR 00902-4176
Old San Juan
Tue Jan 10 15:11:27 AST 2023

US SMALL BUSINESS ADMINISTRATION         US Bankruptcy Court District of P.R.    ADM Alliance Nutrition of PR
273 PONCE DE LEON AVE SUITE 510          Jose V Toledo Fed Bldg & US Courthouse  PO Box 908
PLAZA 273                                300 Recinto Sur Street, Room 109        Hatillo, PR 00659-0908
SAN JUAN, PR 00917-1930                  San Juan, PR 00901-1964

Autoridad de Tierras de Puerto Rico      Condado 5 LLC                           DOL
PO Box 9745                              PO Box 190085                           TAX DIVISION
San Juan, PR 00908-0745                  San Juan, PR 00919-0085                 PO BOX 191020
                                                                                 San Juan, PR 00919-1020

Dpto de Hacienda                         ELA DEPT OF TREASURY                    ELA Dept of Agriculture
PO Box 9024140                           Bankruptcy Div #424 B                   Box 10163
San Juan, PR 00902-4140                  PO BOX 9024140                          San Juan, PR 00908-1163
                                         San Juan, PR 00902-4140

ELA Land Authority                       FEP Inc                                 FERRALUOLI LLC
PO Box 9745                              Box 10163                               Luis G Parrilla Hernandez Esq
San Juan, PR 00908-0745                  San Juan, PR 00908-1163                 PO Box 195168
                                                                                 San Juan, PR 00919-5168

Fondo Fomento Industria Lechera          IRS                                     L.A. Morales & Asociados PSC
198 Calle Chardon                        Centralized Insolvency Operation        Urb Villa Blanca
San Juan, PR 00918-1744                  PO Box 7346                             76 Aquamarina
                                         Philadelphia, PA 19101-7346             Caguas, PR 00725-1908

(p)LUMA ENERGY                           Luma                                    Nutrimix Feed Co Inc.
REVENUE PROTECTION                       PO Box 362983                           PO Box 11433
PO BOX 364267                            San Juan, PR 00936-2983                 San Juan, PR 00922-1433
SAN JUAN PR 00936-4267

ORIL                                     Patricia Galindez                       Puerto Rico Department of Labor
Puerto Rico Dept of Agriculture          PO Box 2453                             Collection Unit - 12th Floor
PO Box 10163                             Moca, PR 00676-2453                     PO Box 195540
San Juan, PR 00908-1163                                                          San Juan PR 00919-5540

SBA                                      SBA GENERAL COUNSEL                     SBA PR District Office
Disaster Assist Proc & Dist Ctr          409 3RD STREET SW                       273 P de Leon Ave
14925 Kingport Rd                        WASHINGTON, DC 20416-0005               Plaza 273 Ste 510
Fort Worth, TX 76155-2243                                                        San Juan, PR 00917

SIF                                      Suiza Dairy Corp.                       US Attorney
PO Box 365028                            940 Av. Jos de Diego                    Torre Chard n, Suite 1201
SAN JUAN, PR 00936-5028                  San Juan, PR 00921                      350 Carlos Chard n Street
                                                                                 San Juan, PR 00918-2124
```

```
DANIEL MARK PRESS                      JOSE RAMON CARRION MORALES              MONSITA LECAROZ ARRIBAS
Chung & Press, P.C.                    PO BOX 9023884                          OFFICE OF THE US TRUSTEE (UST)
6718 Whittier Ave. Ste. 200            SAN JUAN, PR 00902-3884                 OCHOA BUILDING
McLean, VA 22101-4531                                                          500 TANCA STREET  SUITE 301
                                                                               SAN JUAN, PR 00901
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
LUMA                                   (d)PREPA (Luma)
REVENUE PROTECTION                     PO BOX 364267
PO BOX 364267                          San Juan, PR 00936
SAN JUAN, PR 00936
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)CONDADO 5 LLC                       End of Label Matrix
                                       Mailable recipients   32
                                       Bypassed recipients    1
                                       Total                 33
```