UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

----------------------------------------------------------------X
In re:                                              :    Chapter 12
                                                    :
LAS MARTAS, INC.                                    :    Case No.  22-02380 (ESL)
                                                    :
          Debtor.                                   :
                                                    :
----------------------------------------------------------------X

**<u>DEBTOR'S RESPONSE TO MOTION TO STAY PENDING APPEAL</u>**

TO THE HONORABLE COURT:

   COMES NOW the Debtor, Las Martas, Inc., through the undersigned counsel, and respectfully states in response to the Motion to Stay Pending Appeal:

   1.   This Court has now *twice* ruled that Condado 5 has no lien on the post-petition proceeds of its milk sales – once in this case (Doc. #102), and once in the prior case.  *In re Vaquería Las Martas, Inc*., 617 BR 429, 441 (Bankr. D.P.R. 2020).   The Court so found on two separate grounds: first, milk is not a product of a milk quota, but of cows, on which Condado 5 does not have a lien; and second, because Condado 5's security agreement does not include products or proceeds of *anything*.[1]   As such, this is not a close issue where Condado 5 has any significant likelihood of success on appeal.

   2.   Condado 5 recognizes that "The Court must consider "(1) whether the applicant has made a strong showing of success on the merits.   …  'The sine qua non [of the stay pending appeal

---

[1] Condado continues to assert that "The lien afforded in the Security Agreement extends over the interests, rents and proceeds arising from the milk quotas and the continuing production of milk under the quotas every 14 days," citing to the security agreement at Exhibit 7 to its proof of claim, and its financing statement.  *It says no such thing*, as the Court recognized.  Repeating a lie does not make it true.

standard] is whether the [movants] are likely to succeed on the merits.'" Motion at ¶ 26-27, quoting *Elias v. Sumski (In re Elias)*, 182 Fed. Appx. 3, 4 (1st Cir. 2006), citing *Weaver v. Henderson*, 984 F.2d 11, 12 (1st Cir. 1993). Condado 5 cannot show this. It then goes on to say that "the movant must only establish that the appeal raises serious and difficult questions of law in an area where the law is somewhat unclear," citing District Court level case law. While this understates what is required by the law of the First Circuit, it is a standard that also cannot be met. Condado 5 has to resort to blatantly false statements as to what its own loan documents say (see *supra* n.1) in order to even begin to make its case. If it does not have a lien on products or proceeds, it doesn't matter whether the milk is a product or proceed of a cow or a quota, and there can be no "serious and difficult question of law" as to whether "products" or "proceeds" are referenced in the security agreement.

3. There is also no "serious and difficult question of law" as to whether milk is produced by cows or by quotas.

4. As for irreparable harm, the *Debtor* is the one suffering irreparable harm by the continued sequestration of its receivables. As is apparent from the Monthly Operating Reports, the Debtor is operating on a shoestring budget because most of its income is being diverted into the Court's registry, while the Court already held that Condado has no lien on it.

5. If Condado was serious about its "irreparable harm," it would move quickly with its appeal, but instead it has already asked for an additional month to file its brief. Its repeated delays of this case are a blatant and obvious attempt to force the Debtor's business to fail due to lack of funds. *That* is irreparable harm. Delay in being repaid is not.

6. The balance of the equities lies with paying a hardworking farmer the proceeds of its labor so that it can remain in business. That is also where the public interest lies.

-- 2

7. As such, Condado 5 meets none of the factors required for a stay pending appeal, and its motion must therefore be denied.

WHEREFORE, Debtor respectfully requests that Condado 5's Motion to Stay Pending Appeal be denied..

Dated: March 23, 2023.

Respectfully submitted,

/s/ Daniel M. Press
Daniel M. Press, #204704
CHUNG & PRESS, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101
(703) 734-3800
dpress@chung-press.com

CERTIFICATE OF SERVICE

      I hereby certify that on March 23, 2023, I electronically filed the foregoing with the Clerk of the Court using the Next Gen CM/ECF system, which will send notification of such filing to all Next Gen CM/ECF participants in this case, including counsel for Condado 5, the Chapter 12 Trustee, and the U.S. Trustee for Region 21.

      /s/ Daniel M. Press
      Daniel M. Press, #204704