IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

LAS MARTAS, INC.

    Debtor

CASE NO. 22-02380 (ESL)

CHAPTER 12

MINUTES OF STATUS CONFERENCE HELD ON JUNE 9, 2025,
AND ORDER

On March 31, 2025, the court entered an *Order and Notice* (dkt. #191) scheduling a status conference upon the *Order* and *Judgment* entered by the United States Bankruptcy Appellate Panel for the First Circuit (dkt. #190) vacating this court's *Opinion and Order* dismissing this case (dkt. #148).

PARTIES PRESENT

Daniel M. Press, Esq., Counsel for the Debtor

José R. Carrión, Esq., Chapter 12 Trustee (the "Trustee")

Alexandra Rodríguez, Esq., Counsel for the Trustee

Tomás Blanco, Esq., Counsel for Condado 5, LLC ("Condado")

DISCUSSION

The court initiated the hearing advancing to the parties that there are three basic questions that the parties should address: *Ubi Siamo*, that is, where the case stands at the present time; *Quo Vadis*, in what direction the Debtor intends to go; and, *Quo Modo*, how the Debtor intends to reach its goal. The court noted that the instant case is separate but related to the Chapter 11 case of Juan Manuel Barreto Ginorio ("Mr. Barreto"), Bankr. Case No. 23-03681, which was dismissed by this court and subsequently appealed. The court further noted that the United States District Court for the District of Puerto Rico entered an *Order* on March 31, 2025, in which the Debtor's *Appeal* was granted in part, denied in part, and the case remanded to this court (Bankr. Case No. 23-03681, dkt. #131). However, a footnote in the *Order* states that an opinion and order setting forth the grounds for remanding the case will follow, and that judgement will then be

-1-

entered (id., p. 1, n. 1). As of this date, the corresponding order and judgement have not been entered. See, e.g., Civil No. 24-1148 (ADC). This related case is important as Mr. Barreto is Debtor's president, the co-guarantor of the Condado loan, and owns the real property that guarantees the Condado loan and where Debtor conducts its business.

Counsel for the Debtor stated that the Debtor will commence filing monthly reports of operations and file an amended Chapter 12 Plan. A determination as to the distribution of the consigned funds and who will be retaining the proceeds of the sale of milk are critical to the outcome of the case and proceeding towards confirmation. Further, determining the Debtor's disposable income is critical to establishing the feasibility of any proposed plan.

Counsel for Condado stated that filing a motion to dismiss on bad faith grounds was being considered. He also agreed that based on current status of decisions in the case, the only collateral held by Condado in this case was the milk quota, and that the real property serving as collateral was owned by Debtor's president, Mr. Barreto. The court made it clear that the Debtor was entitled to the consigned funds as the same were the result of milk sales.

The Trustee stated that, as relevant here, there is a final judgment finding that Condado's lien does not extend to cows or milk proceeds; there is no stay of such order; Condado did not filed a bond pending a final determination; and, Condado received payments on account of milk sales following the dismissal of this case. The Trustee stated that funds from milk production belong to the Debtor and Condado must disclose the full amount it has received therefrom. The Trustee also stated that distribution of the consigned funds to the Debtor is critical to plan feasibility.

ORDER

After considering the statements made by the parties and upon the consensus of all parties, the court orders as follows:

1. Condado shall immediately cease collecting the Debtor's proceeds from the sale of milk.

2. Condado shall submit to the Debtor and the Trustee a detail of all funds received from milk proceeds of the Debtor since the filing of the petition within thirty (30) days.

3. The Debtor shall file a summary of its monthly operations since the dismissal of the case through May 2025 within thirty (30) days. Monthly reports of operations shall be filed thereafter in the ordinary course.

4. The Debtor and Condado shall file a Joint Report on the distribution of the consigned funds within thirty (30) days.

5. The Debtor shall file an amended Chapter 12 plan within ninety (90) days from the filing of the Joint Report.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 10th day of June 2024.

*Enrique S. Lamoutte*
United States Bankruptcy Judge