**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 22-bk-02380 (ESL) |
| LAS MARTAS, INC. | CHAPTER 12 |
| Debtor. | |

**MOTION FOR ENTRY OF ORDER TO STAY ANY PENDING MATTER CURRENTLY ON APPEAL UNDER THE DIVESTITURE RULE**
(Related ECF No. 196)

TO THE HONORABLE COURT:

COMES NOW Condado 5, LLC ("Condado") through the undersigned counsel, and respectfully states and prays as follows:

Factual and Procedural Background

1. On August 16, 2022, the Debtor filed the instant **third** Chapter 12 bankruptcy petition (ECF No. 1).

2. On August 17, 2022, Condado filed a *Motion to Prohibit Use of Cash Collateral and for Entry of Order Authorizing Condado to Seek and Collect Proceeds* (the "*Motion to Prohibit Use of Cash Collateral*") (ECF No. 9).

3. On August 29, 2022, the Debtor filed a *Response to Motion to Prohibit Use of Cash Collateral and for Entry of Order Authorizing Condado 5, LLC, to Seek and Collect Proceeds* (the "*Response*") (ECF No. 15), and on September 6, 2022, Condado filed a *Reply* thereto (ECF No. 25).

4. On September 1, 2022, Suiza Dairy, Inc. ("Suiza Dairy") filed *Complaint* (Adv. Proc. 22-00062, ECF No. 1) alleging that there is a competing interest between the Debtor and Condado over the funds generated from the Debtor's sale of raw milk to Suiza. See *Complaint*, ECF No. 1, pp. 6-11, ¶¶ 1-21.

5. On September 16, 2022, the Court held a hearing to consider the *Motion to Prohibit Use of Cash Collateral*, the Debtor's *Opposition* and Condado's *Reply*. At the end of the hearing, the Court ordered the Chapter 12 Trustee (the "Trustee") to file his position to the *Motion to*

*Prohibit Use of Cash Collateral*. <u>See</u> *Minutes of Proceeding*, (ECF No. 34, p. 7).

6. On September 23, 2022, the Trustee filed his *Position and Memorandum of Law in Support Thereof* to the *Motion to Prohibit Use of Cash Collateral* (the "*Trustee's Position*", ECF No. 35), and on October 14, 2022, Condado filed a *Response* thereto (ECF No. 46).

7. On February 15, 2023, the Court issued an *Opinion and Order* (ECF No. 102) that states as follows:

> The record clearly shows that in the Debtor's first bankruptcy case the critical factor was the repayment terms of the secured loan with Banco Popular de Puerto Rico, Condado's predecessor in interest. The travel of the first case shows the numerous joint stipulations filed by and between the Debtor and Banco Popular de Puerto Rico over the use of cash collateral, which were ultimately incorporated into the plan confirmed in August 2012 and the postconfirmation amended plan dated August 3, 2016, confirmed in September 2016. However, the debtor's first case, 11-05237, filed under the name of Vaquería Las Martas, Inc., was consolidated in July 2011, with case number 11-05236 filed by Juan Manuel Barreto Ginorio, and case number 11-05239 filed by JM Dairy, Inc., all chapter 12 cases with docket entries made in case 11-05236 for being the first filed case of the three. The confirmed plan was a consolidated plan of all three debtors. The secured debt with Banco Popular de Puerto Rico, now Condado, was guaranteed by collateral of each of the three consolidated Chapter 12 debtors. Thus, the facts are different from the instant case, wherein only Las Martas, Inc. (Vaquería Las Martas, Inc.) is the only debtor, and the collateral is only the milk quota. This difference is of critical importance as the court is conscious that court approved stipulations must be observed.
>
> The court has thoroughly considered the position and argument of the debtor, Condado and the Chapter 13 trustee. The court agrees with the position and legal basis espoused by the Chapter 13 trustee. Since the same has been detailed above, a repetition is not necessary and is incorporated as the court's own, in the following conclusions: considering the facts leading to the stipulations and the confirmed plans in the first case and that the court's decision in the second case is the later, the court finds that the doctrine of res judicata is not applicable; Condado's perfected pre-petition security agreement over debtor's milk quota is limited to the milk quota, it does not extend to its proceeds or products; Condado's collateral is limited to the milk quota but does not include proceeds, products, or profits of the milk quota; and, Condado's perfected pre-petition security agreement over debtor's account receivables does not extend to post-petition account receivables as the same became ineffective by the effect of § 552(a).
> […]
> In view of the foregoing, the court denies Condado's motion for prohibition to use cash collateral resulting from the post-petition sale of milk.

*Opinion and Order*, ECF No. 102, pp. 15-16, lines 9-11.

8. That same day, February 15, 2023, Condado filed a *Notice of Appeal* from such *Opinion and Order* (ECF No. 103). Such appeal is pending with the U.S. District Court for the District of Puerto Rico in the case styled Condado 5 LLC v. Las Martas, Inc. *et al.*, Civil Case No. 23-01074 (RAM) (the "Appeal" or "Condado's Appeal").

9. On September 1, 2022, Condado filed a *Motion to Dismiss* the instant third bankruptcy case under Section 1208(c) of the Bankruptcy Code (the "*Motion to Dismiss*", ECF No. 22). On October 3, 2022, the Debtor filed a *Response to Motion to Dismiss* (the "*Opposition*", ECF No. 37).

10. On June 15, 2023, the Bankruptcy Court held an evidentiary hearing to consider Condado's *Motion to Dismiss* and Debtor's *Opposition* and took the matter under advisement. See *Minutes of Hearing Held on June 15, 2023*, ECF No. 143.

11. On September 29, 2023, the Bankruptcy Court entered an *Opinion and Order* dismissing the instant case (ECF No. 148).

12. Following the dismissal of the case, on September 29, 2023, Condado filed a *Motion to Withdraw Consigned Funds* (ECF No. 149).

13. On October 12, 2023, the Debtor filed a *Motion for Reconsideration* of the *Opinion and Order Dismissing Case* (ECF No. 153), which Condado timely opposed (ECF No. 160). On October 30, 2023, the Bankruptcy Court entered an *Order Denying Reconsideration* (ECF No. 160).

14. On October 13, 2023, the Debtor filed a *Response to Motion to Withdraw Consigned Funds and Cross Motion to Disburse Funds to Debtor* (the "*Opposition to Motion to Withdraw Consigned Funds*", ECF No. 154).

15. On November 6, 2023, Condado filed a *Reply to Opposition to Motion to Withdraw Consigned Funds* (ECF No. 167).

16. On November 9, 2023, the Debtor appealed the *Order Denying Reconsideration*

electing to have the instant appeal heard by the BAP (ECF No. 168).

17. On March 5, 2025, the BAP entered an *Opinion and Order* vacating the *Opinion and Order Dismissing Case* "[b]ecause § 1208(c)(9) is phrased in the conjunctive and the court's order expressly granted Condado's motion to dismiss based on that provision, we conclude here. Our determination of this narrow issue does not reach the court's assessment of the second prong of § 1208(c)(9) or any other basis for dismissal."

18. On June 9, 2025, this Court held a Status Conference wherein the Court ordered as follows:

> 1. Condado shall immediately cease collecting the Debtor's proceeds from the sale of milk.
> 2. Condado shall submit to the Debtor and the Trustee a detail of all funds received from milk proceeds of the Debtor since the filing of the petition within thirty (30) days.
> 3. The Debtor shall file a summary of its monthly operations since the dismissal of the case through May 2025 within thirty (30) days. Monthly reports of operations shall be filed thereafter in the ordinary course.
> 4. The Debtor and Condado shall file a Joint Report on the distribution of the consigned funds within thirty (30) days.
> 5. The Debtor shall file an amended Chapter 12 plan within ninety (90) days from the filing of the Joint Report.

*Minutes of Proceeding*, ECF No. 196, pp. 2-3.

19. However, given the pendency of Condado's Appeal, any adjudication or distribution of the consigned funds at this juncture would directly interfere with the jurisdiction of the Appellate Court by effectively deciding matters on the very issue on appeal. Accordingly, Condado requests that the Court refrain from requiring any distribution or further action regarding the consigned funds until Condado's Appeal is ultimately resolved.

### Applicable Law and Discussion

20. Once a notice of appeal is filed, the trial court is divested of jurisdiction over the aspects of the case that are involved in the appeal. This rule, known as the "divestiture rule", serves to protect the appellate court's jurisdiction and avoid the confusion of two courts addressing the same issue simultaneously. See Mission Prod. Holdings, Inc. v. Schleicher & Stebbins Hotels, L.L.C. (In re Old Cold, LLC), 602 B.R. 798, 822 (B.A.P. 1st Cir. 2019) aff'd 976

F.3d 107, 116–17 (1st Cir. 2020) (the filing of an appeal "divests the lower court of jurisdiction over those matters on appeal").

21. As stated by the Supreme Court, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the [lower] court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982); also see Colón-Torres v. Negrón-Fernández, 997 F.3d 63, 74 (1st Cir. 2021) ("the filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal").

22. The "divestiture rule" is designed to promote judicial economy and prevent the confusion that would result from two courts addressing the same issue simultaneously. See 20 James Wm. Moore, Moore's Federal Practice: Civil ¶ 303.32[1] (3d ed. 2009); Neary v. Padilla (In re Padilla), 222 F.3d 1184, 1190 (9th Cir. 2000).

23. The "divestiture rule" applies to an appeal from a bankruptcy court order. See In re G-I Holdings, Inc., 568 B.R. 731, 763 (Bankr. D.N.J. 2017); In re Whispering Pines, 369 B.R. 752, 759 (B.A.P. 1st Cir. 2007) (holding that the bankruptcy court lacked jurisdiction to enter an order affecting the subject of a pending appeal).

24. Accordingly, a bankruptcy court may not adjudicate or enforce an order in a way that modifies the matters on appeal or impairs the appellate court's ability to grant effective relief. If an action by the lower court would entrench or distribute rights that are under appellate review, the divestiture rule prohibits it. See Bialac v. Harsh Inv. Co. (In re Bialac), 694 F.2d 625 (9th Cir. 1982); Hyman v. Iowa State Bank (In re Health Care Prods.), 169 B.R. 753, 755 (M.D. Fla. 1994) (filing notice of appeal from appealable order divests lower court of jurisdiction over issues related to the appeal; bankruptcy court lacked jurisdiction to strike affidavit following grant of summary judgment on turnover complaint and opponent's filing of notice of appeal); In re Neuman, 67 B.R. 99 (S.D.N.Y. 1986) (no jurisdiction to modify appealed order); In re Maurice, 179 B.R. 881 (Bankr. N.D. Ill.) (bankruptcy court lacks authority to provide guidance or modify order pending appeal),

aff'd 69 F.3d 830 (7th Cir. 1995); In re Commodore Corp., 87 B.R. 62 (Bankr. N.D. Ind. 1987) (no jurisdiction to "do anything that impacts on any issues or matters on appeal"). The proper course in such circumstances is to maintain the status quo until the appellate tribunal has resolved the issue.

25. This Honorable Court has held that "a notice of appeal divests the lower court of jurisdiction over matters on appeal pursuant to the 'divestiture rule'". Instituto Medico del Norte Inc. v. Condado 7, LLC *et* al., Case No. 21-ap-00046(ESL), ECF No. 235. "[O]nce an appeal is pending, *it is imperative that a lower court not exercise jurisdiction over those issues which, although not themselves expressly on appeal, nevertheless so impact the appeal so as to interfere with or effectively circumvent the appeal process*." Id. (italics added), citing In re Old Cold, LLC, 602 at 822.

26. In In re Betteroads Asphalt, LLC, 610 B.R. 28 (Bankr. D.P.R. 2019), this Court summarized the *divestiture rule* as follows:

> The divestiture rule is applicable to an appeal from a bankruptcy court order. In re G-I Holdings, Inc., 568 B.R. 731, 763 (Bankr. D.N.J. 2017) (citation omitted); see also In re Whispering Pines, 369 B.R. at 759 (concluding that bankruptcy court did not have jurisdiction to enter order granting relief from stay while appeal of order confirming plan, which provided for the sale of the subject property, was pending). 'once an appeal is pending, it is imperative that a lower court not exercise jurisdiction over those issues which, although not themselves expressly on appeal, nevertheless so impact the appeal so as to interfere with or effectively circumvent the appeal process.'" In re G-I Holdings, Inc., 568 B.R. at 763 (quoting In re Whispering Pines, 369 B.R. at 759). Thus, the test for determining if a pending appeal divests a lower court of jurisdiction is **whether the subject matter presented in the appeal is so "closely related" to the issues raised in the motion that the entry of the order "impermissibly interfere[s]" with the appellant's rights in its appeal.** In re Whispering Pines, 369 B.R. at 759.

Id. at 35 (boldface added).

27. **Importantly, this Honorable Court has previously applied the "divestiture rule" against this same Debtor's requests in his Second Bankruptcy Case**. On that occasion, the Court "denied the [Debtor's] motion [at Dkt. 210] in open court concluding that the equity powers of section 105 of the Bankruptcy Code *cannot override the divestiture rule as the issue on appeal is closely related to the debtor's request that the court enforces its decision*

*irrespective of the appeal as the motion for stay pending appeal was denied*". In re Vaquería Las Martas, Inc., *Minutes of Hearing Denying Confirmation Held on 1/26/21*, Bankr. Case No. 18-07304, ECF No. 211, p. 2 (italics added). Coincidentally, the issues on appeal there (which triggered the application of the "divestiture rule") were the same issues on in Condado's current Appeal here (to wit, whether Condado has a post-petition lien over the Debtor's milk proceeds). We move for the same application of the divestiture rule on this occasion.

28. The distribution of the consigned milk proceeds and whether Condado has a lien thereover) is precisely the subject of Condado's Appeal with the District Court. Condado's Appeal squarely challenges this Court's determination that Condado's lien does not extend to the Debtor's milk proceeds, and thus effectively contests who is entitled to the consigned funds. Because that issue lies now with the jurisdiction of the District Court, this Court is divested of jurisdiction to alter the disposition of any related issue during the Appeal's pendency.

29. Any order by this Court releasing the consigned funds or deciding how they should be distributed would usurp the role of the appellate court and could render the appeal futile. Under the divestiture rule, once an appeal is lodged, the lower court is divested of jurisdiction over the matters under appeal. See In re Old Cold, LLC, 602 B.R. at 822. Here, the question of entitlement to the milk proceeds is precisely such a matter.

30. Allowing distribution of the funds to the Debtor now would "interfere with or effectively circumvent the appeal process." Whispering Pines, 369 B.R. at 759. For instance, if this Court were to disburse these consigned monies to the Debtor, the District Court's potential ability to award those funds to Condado (should Condado prevail on the Appeal) would be undermined or lost.

31. The appellate court's jurisdiction to decide the issue would be impermissibly encroached upon by a premature distribution, and any decision in Condado's favor could be rendered hollow if the funds have already been paid out and spent. This is the very scenario the "divestiture rule" guards against.

32. Here, distributing the contested funds to the Debtor (or anyone) would go beyond mere maintenance of the *status quo* and would in fact resolve the contested issue in advance of appellate review. Such action is inconsistent with the jurisdictional limitations imposed by the pending appeal.

33. Furthermore, given the appellate divestiture of jurisdiction over the consigned funds, it follows that any proceedings predicated on the distribution of those funds should likewise be paused. The Court's June 10, 2025 Order (ECF No. 196) compels the parties to file a Joint Report on the distribution of the consigned funds within 30 days, and for the Debtor to file an amended Chapter 12 plan within 90 days thereafter. Condado respectfully submits that these deadlines should be stayed and held in abeyance pending the outcome of the Appeal.

34. Requiring a report on distribution of the very funds under appellate review is premature and potentially prejudicial. Any "joint" report would presumably force Condado either to concede to the Debtor's position (undermining its appellate arguments) or to reiterate its objection to Debtor's entitlement (an issue the District Court is already considering). This exercise would not only be futile under the circumstances, but it risks dragging this Court into the merits of an issue beyond its current jurisdiction.

35. Staying these requirements will conserve judicial and party resources and prevent confusion, it will not prejudice the Debtor or the estate. To the contrary, it will ensure that all parties proceed with certainty once the appellate court provides a ruling.

36. The requested stay is narrowly tailored to the matters involved in the appeal (the consigned funds). This is not a request to halt the entire bankruptcy case or other unrelated proceedings; it targets only those actions that would effectively allocate the disputed funds or assume an outcome on the pending appeal.

## Prayer for Relief

WHEREFORE, Condado respectfully moves the Court to apply the divestiture rule, stay the distribution of the consigned funds and/or any matter predicated and/or related to the issues on Condado's Appeal, and grant any further equitable or legal relief.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 11th day of June 2025.

### Objection Notice - PR LBR 9013-1(c)(3)

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico.  If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.

### Certificate of Service

We hereby certify that on this same date, we electronically filed the foregoing with the Clerk of the Court using the Next Gen CM/ECF system which will send notification of such filing to all Next Gen CM/ECF participants in this case, including the Debtor's counsel, the Chapter 12 Trustee, the U.S. Trustee for Region 21, and all parties that requested notice.  Motions and orders processed through CM/ECF are "presumed to be served on the same date of the electronic filing".  P.R. Elec. Power Auth. v. Vitol, Inc., 298 F.R.D. 23, 26 (D.P.R.2014).

**Ferraiuoli LLC**

Attorneys for Condado
American International Plaza
250 Muñoz Rivera Ave.
6th Floor
San Juan, PR 00918
PO Box 195168
San Juan, PR 00919-5168
Telephone: 787.766.7000
Facsimile: 787.766.7001

*/s/Gustavo A. Chico-Barris*
GUSTAVO A. CHICO-BARRIS
USDC-PR No. 224205
gchico@ferraiuoli.com

*/s/Tomás F. Blanco-Pérez*
TOMAS F. BLANCO-PEREZ
USDC-PR No. 304910
tblanco@ferraiuoli.com