**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>LAS MARTAS, INC.<br><br>Debtor. | CASE NO. 22-bk-02380 (ESL)<br><br>CHAPTER 12 |

**URGENT MOTION STAYING ANY REDIRECTION, WITHHOLDING OR DISTRIBUTION OF MILK SALE PROCEEDS DURING THE PENDENCY OF CONDADO'S APPEAL AND FOR CONSIGNMENT OF PROCEEDS PENDING RESOLUTION OF THE APPEAL**
(Related ECF Nos. 197 and 201)

TO THE HONORABLE COURT:

COMES NOW Condado 5, LLC ("Condado") through the undersigned counsel, and respectfully states and prays as follows:

Factual and Procedural Background

1. On August 16, 2022, the Debtor filed the instant **third** Chapter 12 bankruptcy petition (ECF No. 1).

2. On August 17, 2022, Condado filed a *Motion to Prohibit Use of Cash Collateral and for Entry of Order Authorizing Condado to Seek and Collect Proceeds* (the "*Motion to Prohibit Use of Cash Collateral*") (ECF No. 9).

3. On August 29, 2022, the Debtor filed a *Response to Motion to Prohibit Use of Cash Collateral and for Entry of Order Authorizing Condado 5, LLC, to Seek and Collect Proceeds* (the "*Response*") (ECF No. 15), and on September 6, 2022, Condado filed a *Reply* thereto (ECF No. 25).

4. On September 1, 2022, Suiza Dairy, Inc. ("Suiza Dairy") filed *Complaint* (Adv. Proc. 22-00062, ECF No. 1) alleging that there is a competing interest between the Debtor and Condado over the funds generated from the Debtor's sale of raw milk to Suiza. See *Complaint*, ECF No. 1, pp. 6-11, ¶¶ 1-21.

5. On September 16, 2022, the Court held a hearing to consider the *Motion to Prohibit Use of Cash Collateral*, the Debtor's *Opposition* and Condado's *Reply*. At the end of the hearing, the Court ordered the Chapter 12 Trustee (the "Trustee") to file his position to the *Motion to*

*Prohibit Use of Cash Collateral*. <u>See</u> *Minutes of Proceeding*, (ECF No. 34, p. 7).

6. On September 23, 2022, the Trustee filed his *Position and Memorandum of Law in Support Thereof* to the *Motion to Prohibit Use of Cash Collateral* (the "*Trustee's Position*", ECF No. 35), and on October 14, 2022, Condado filed a *Response* thereto (ECF No. 46).

7. On February 15, 2023, the Court issued an *Opinion and Order* (ECF No. 102) that states as follows:

> The record clearly shows that in the Debtor's first bankruptcy case the critical factor was the repayment terms of the secured loan with Banco Popular de Puerto Rico, Condado's predecessor in interest. The travel of the first case shows the numerous joint stipulations filed by and between the Debtor and Banco Popular de Puerto Rico over the use of cash collateral, which were ultimately incorporated into the plan confirmed in August 2012 and the postconfirmation amended plan dated August 3, 2016, confirmed in September 2016. However, the debtor's first case, 11-05237, filed under the name of Vaquería Las Martas, Inc., was consolidated in July 2011, with case number 11-05236 filed by Juan Manuel Barreto Ginorio, and case number 11-05239 filed by JM Dairy, Inc., all chapter 12 cases with docket entries made in case 11-05236 for being the first filed case of the three. The confirmed plan was a consolidated plan of all three debtors. The secured debt with Banco Popular de Puerto Rico, now Condado, was guaranteed by collateral of each of the three consolidated Chapter 12 debtors. Thus, the facts are different from the instant case, wherein only Las Martas, Inc. (Vaquería Las Martas, Inc.) is the only debtor, and the collateral is only the milk quota. This difference is of critical importance as the court is conscious that court approved stipulations must be observed.
>
> The court has thoroughly considered the position and argument of the debtor, Condado and the Chapter 13 trustee. The court agrees with the position and legal basis espoused by the Chapter 13 trustee. Since the same has been detailed above, a repetition is not necessary and is incorporated as the court's own, in the following conclusions: considering the facts leading to the stipulations and the confirmed plans in the first case and that the court's decision in the second case is the later, the court finds that the doctrine of res judicata is not applicable; Condado's perfected pre-petition security agreement over debtor's milk quota is limited to the milk quota, it does not extend to its proceeds or products; Condado's collateral is limited to the milk quota but does not include proceeds, products, or profits of the milk quota; and, Condado's perfected pre-petition security agreement over debtor's account receivables does not extend to post-petition account receivables as the same became ineffective by the effect of § 552(a).
> [...]
> In view of the foregoing, the court denies Condado's motion for prohibition to use cash collateral resulting from the post-petition sale of milk.

*Opinion and Order*, ECF No. 102, pp. 15-16, lines 9-11.

8. That same day, February 15, 2023, Condado filed a *Notice of Appeal* (ECF No. 103) from such *Opinion and Order*. The appeal is currently pending with the U.S. District Court

for the District of Puerto Rico in the case styled Condado 5 LLC v. Las Martas, Inc. et al., Civil Case No. 23-01074 (RAM) (the "Appeal" or "Condado's Appeal").

9. On September 29, 2023, the Bankruptcy Court entered an *Opinion and Order* dismissing the instant case (ECF No. 148), which the Debtor appealed to the BAP on 11/9/23 (ECF No. 168).

10. Following the dismissal of the case, on September 29, 2023, Condado filed a *Motion to Withdraw Consigned Funds* (ECF No. 149).

11. On October 13, 2023, the Debtor filed a *Response to Motion to Withdraw Consigned Funds and Cross Motion to Disburse Funds to Debtor* (the "*Opposition to Motion to Withdraw Consigned Funds*", ECF No. 154).

12. On November 6, 2023, Condado filed a *Reply to Opposition to Motion to Withdraw Consigned Funds* (ECF No. 167).

13. On April 5, 2024, the Court entered an *Order* "declin[ing] to exercise jurisdiction over the pending matters until the same are decided by the appellate courts" (ECF No. 188).

14. On March 5, 2025, the BAP entered an *Opinion and Order* (ECF No. 190) reversing vacating the *Opinion and Order Dismissing Case* "[b]ecause § 1208(c)(9) is phrased in the conjunctive and the court's order expressly granted Condado's motion to dismiss based on that provision, we conclude here. Our determination of this narrow issue does not reach the court's assessment of the second prong of § 1208(c)(9) or any other basis for dismissal."

15. On June 9, 2025, this Court held a Status Conference wherein the Court ordered as follows:

> 1. Condado shall immediately cease collecting the Debtor's proceeds from the sale of milk.
> 2. Condado shall submit to the Debtor and the Trustee a detail of all funds received from milk proceeds of the Debtor since the filing of the petition within thirty (30) days.
> 3. The Debtor shall file a summary of its monthly operations since the dismissal of the case through May 2025 within thirty (30) days. Monthly reports of operations shall be filed thereafter in the ordinary course.
> 4. The Debtor and Condado shall file a Joint Report on the distribution of the consigned funds within thirty (30) days.
> 5. The Debtor shall file an amended Chapter 12 plan within ninety (90) days

from the filing of the Joint Report.

*Minutes of Proceeding*, ECF No. 196, pp. 2-3.

16. On June 11, 2025, given the pendency of Condado's Appeal, Condado filed a *Motion for Entry of Order to Stay Any Pending Matter Currently on Appeal Under the Divestiture Rule* (the "<u>Motion to Stay</u>", ECF No. 197) because any adjudication or distribution of the consigned funds would directly interfere with the jurisdiction of the Appellate Court (i.e., the District Court) by effectively deciding matters on the very issue on appeal.

17. On June 24, 2025, Vaquería Tres Monjitas, Inc.'s counsel ("<u>Tres Monjitas</u>" or "<u>VTM</u>") filed a Notice of Appearance wherein he informs that he "immediately contacted Vaquería Tres Monjitas, Inc., […] to implement the Order of this Honorable Court *by no[t] issuing nor delivering any check from the proceeds of the purchase of raw milk to Condado 5 LLC*" (the "<u>Notice of Appearance</u>" ECF No. 201) (italics added). This instruction strikes at the very subject matter of Condado's *Motion to Stay* and *Appeal* and, if carried out, would impermissibly and adversely interfere with Condado's appellate rights.

<u>Applicable Law and Discussion</u>

18. To avoid repetition, we hereby incorporate and adopt by reference our *Motion to Stay* as if fully transcribed herein.

19. We also move the Court to follow its previous ruling in its *Order* dated April 5, 2024, "decline[] to exercise jurisdiction over the pending matters until the same are decided by the appellate courts" (ECF No. 188). Indeed, this Court has recognized that, when an appeal is pending, it is "imperative that a lower court not exercise jurisdiction over those issues which… so impact the appeal so as to interfere with or effectively circumvent the appeal process". <u>Instituto Medico del Norte Inc. v. Condado 7, LLC *et* al.</u>, Case No. 21-ap-00046(ESL), ECF No. 235. Because Tres Monjita's withholding falls squarely within that prohibition, it must be enjoined.

20. The divestiture rule's purpose is to preserve appellate integrity and prevent two courts from deciding the same matter. It confers exclusive jurisdiction on the appellate court to avoid the confusion and inefficiency of two courts addressing the same issue. See <u>Whispering</u>

<u>Pines Estates, Inc. v. Flash Island, Inc. (In re Whispering Pines Estates, Inc.)</u>, 369 B.R. 752, 757 (B.A.P. 1st Cir. 2007).

21. When application of an order or issue on appeal would alter the rights at stake, we submit the proper course is to maintain the *status quo* until the appellate tribunal has resolved the issue. Here, the only way to maintain the status quo is to prevent Tres Monjitas from distributing the contested proceeds to either the Debtor or Condado while the Appeal is pending. This is the same course of action taken by Tres Monjita's predecessor, Suiza Dairy, who consigned these funds with this Honorable Court every month. <u>See</u> ECF Nos. 54 and 55.

22. Accordingly, Condado requests that Tres Monjitas be ordered to hold all milk proceeds in escrow (with the Court) pending resolution of the pending *Appeal*. Consignment of the funds to the Court registry will ensure that no party enjoys the disputed proceeds prematurely and that the Appellate Court can review the matter without irreparable effects.

23. Courts routinely grant emergency relief when third parties threaten to frustrate an appeal. Here, Tres Monjita's instruction not to pay Condado, based solely on an alleged minute entry, comes after the *Appeal* was filed and before any hearing on Condado's *Motion to Stay* (ECF No. 197) could be held.

24. The balance of equities tilt in favor of maintaining the status quo. Without urgent relief from this Court, Condado will irretrievably lose the very funds at issue. This harm cannot be undone: once the milk sale proceeds are diverted, the *Appeal* (even if won) may offer Condado nothing more than an empty right. By contrast, consigning the proceeds with the Court preserves Condado's rights without prejudice to any party.

25. Given the clear law, Condado requests the entry of an order for Tres Monjitas to consign all current and future raw-milk sale proceeds with the Court and continue to do so until pending resolution of the *Appeal*.

<u>Prayer for Relief</u>

WHEREFORE, Condado respectfully requests that the Court enter an order: (1) staying any redirection, withholding or distribution by Vaquería Tres Monjitas, Inc. of milk sale proceeds to

the Debtor during the pendency of Condado's *Appeal*; (2) requiring VTM to immediately deposit (consign) all milk sale proceeds currently withheld or redirected into the registry of the Bankruptcy Court; (3) ordering VTM to continue depositing any further milk sale proceeds with the Court until further order; and (4) granting such other relief as is just and proper under the circumstances.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 24th day of June 2025.

Compliance with PR LBR 9013-1(a): Urgent Motions

Condado certifies that they have carefully examined the matter and concluded that there is a true need for an urgent remedy; they have not created the urgency through any lack of due diligence; and they have made a bona fide effort to resolve the matter without a hearing.

Certificate of Service

We hereby certify that on this same date, we electronically filed the foregoing with the Clerk of the Court using the Next Gen CM/ECF system which will send notification of such filing to all Next Gen CM/ECF participants in this case, including the Debtor's counsel, the Chapter 12 Trustee, the U.S. Trustee for Region 21, and all parties that requested notice. Motions and orders processed through CM/ECF are "presumed to be served on the same date of the electronic filing". P.R. Elec. Power Auth. v. Vitol, Inc., 298 F.R.D. 23, 26 (D.P.R.2014).

**Ferraiuoli LLC**

Attorneys for Condado
American International Plaza
250 Muñoz Rivera Ave.
6th Floor
San Juan, PR 00918
PO Box 195168
San Juan, PR 00919-5168
Telephone: 787.766.7000
Facsimile: 787.766.7001

*/s/Gustavo A. Chico-Barris*
GUSTAVO A. CHICO-BARRIS
USDC-PR No. 224205
gchico@ferraiuoli.com

*/s/Tomás F. Blanco-Pérez*
TOMAS F. BLANCO-PEREZ
USDC-PR No. 304910
tblanco@ferraiuoli.com