**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF PUERTO RICO**

```
------------------------------------------------------------X
In re:                          :      Chapter 12
                                :
LAS MARTAS, INC.                :      Case No. 22-02380 (ESL)
                                :
           Debtor.              :
                                :
------------------------------------------------------------X
```

## DEBTOR'S RESPONSE IN OPPOSITION TO "MOTION FOR ENTRY OF ORDER TO STAY ANY PENDING MATTER CURRENTLY ON APPEAL UNDER THE DIVESTITURE RULE"

TO THE HONORABLE COURT:

COMES NOW the Debtor, Las Martas, Inc., through the undersigned counsel, and respectfully states in response to the Motion for Entry of Order to Stay Any Pending Matter Currently on Appeal Under the Divestiture Rule:

1.   This Court has now *twice* ruled that Condado 5 has no lien on the post-petition proceeds of its milk sales – once in this case (Doc. #102), and once in the prior case.   *In re Vaquería Las Martas, Inc*., 617 BR 429, 441 (Bankr. D.P.R. 2020).   The Court so found on two separate grounds: first, milk is not a product of a milk quota, but of cows, on which Condado 5 does not have a lien; and second, because Condado 5's security agreement does not include products or proceeds of *anything*.

2.   Condado appealed that ruling on February 15, 2023, over two years ago.  As was discussed at the June 9, 2025, hearing, Condado failed to seek a stay pending appeal.

3.   Condado's Motion now seeks such a stay, although it fails to even cite Rule 8007, or to refer to the standards for such a stay.

4.   As this Court held in *In re Otero Rivera*, 532 BR 425, 426-27 (Bankr. D.P.R. 2015),

"A motion for stay pending appeal is governed by Fed. R. Bankr. P. 8007. The allowance of a motion for stay pending appeal is discretionary." *In re MJS Las Croabas Props*., 2015 Bankr.LEXIS 1159 at *4, 2015 WL 1651085 at *2 (Bankr.D.P.R.2015). Courts consider the traditional four-part standard applicable to preliminary injunctions. *See Acevedo-García v. Vera-Monroig*, 296 F.3d 13, 16 (1st Cir.2002). The court must consider "(1) whether the applicant has made a strong showing of success on the merits; (2) whether the applicant will be irreparably harmed absent injunctive relief; (3) whether issuance of the stay will injure other parties; and (4) where the public interest lies." *Id*. at 16, fn. 3, citing *Hilton v. Braunskill*, 481 U.S. 770, 776-777, 427*427 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987). "A motion for stay pending appeal is an extraordinary remedy and requires a substantial showing on the part of the movant. In order to grant the motion for stay pending appeal all four prongs must be satisfied. Failure to meet the four prongs dooms the motion." *In re MEDSCI Diagnostics, Inc*., 2011 WL 280866 at *3, 2011 Bankr.LEXIS 283 at *8 (Bankr.D.P.R. 2011) (citations omitted). "Failure to satisfy even one of those requirements justifies denial of the stay." *Gail v. New Eng. Gas Co*., 2008 U.S. Dist. LEXIS 102678 at *38, 2008 WL 5245331 at *9 (D.R.I.2008), citing *In re Power Recovery Sys. Inc*., 950 F.2d 798, 804 n. 31 (1st Cir.1991). *Also see In re Turner*, 207 B.R. 373, 374 (2nd Cir. BAP 1997); *In re Bijan-Sara Corp*., 203 B.R. 358, 360 (2nd Cir. BAP 1996). These factors are weighed according to the unique circumstances of each case to ensure a just result. *See Palazzetti Imp./ Exp., Inc*., 2002 U.S. Dist. LEXIS 6558 at *7, 2002 WL 562654 at *2 (S.D.N.Y.2001). In conducting this analysis, the U.S. Supreme Court has stated that the first two factors are the "most critical". *See Nken v. Holder*, 556 U.S. 418, 129 S.Ct. 1749, 1761, 173 L.Ed.2d 550 (2009). Of those two factors, "`[t]he sine qua non [of the stay pending appeal standard] is whether the [movants] are likely to succeed on the merits.'" *Acevedo-García v. Vera-Monroig*, 296 F.3d at 16, quoting *Weaver v. Henderson*, 984 F.2d 11, 12 (1st Cir.1993). Also see *Elias v. Sumski (In re Elias)*, 182 Fed.Appx. 3, 4 (1st Cir.2006) ("the sine qua non of the stay pending appeal standard is whether the movants are likely to succeed on the merits"). Although the degree of likelihood of success is not determinative, it must be balanced with the hardships caused to the parties if the injunction is not granted. If the movant's showing of probable success on the merits is uncertain, he/she/it may be entitled to a preliminary injunction if he/she/it demonstrates a strong probability that he/she/it will be injured if the court fails to act. See Wright, Miller & Kane, 11A FEDERAL PRACTICE AND PROCEDURE § 2948.3 (2nd ed.2014). To establish irreparable harm, the movant does not need to show that the injunctive relief will be fatal to the business, only that its legal remedies are inadequate. *See Ross-Simons of Warwick, Inc. v. Baccarat, Inc*., 102 F.3d 12, 15 (1st Cir.1996).

5.   Condado makes no effort to show any likelihood of success on the merits.   That is fatal to its motion.  It does talk about harm to itself, but it fails to address the continuing harm to

other parties (the Debtor and its other creditors) occasioned by continuing to hold virtually all of

the proceeds of its dairy farm operation, precluding it from properly and effectively operating its

business.  Nor is the public interest (in allowing a productive dairy farm to continue to operate)

even mentioned.   In sum, its motion to stay is totally devoid of any reference to the standards

properly applied to such a motion.

6.   As for the divestiture rule,

The First Circuit has been forthright in its interpretation of the divestiture doctrine; to that end, it has stated that "the filing of a notice of appeal does not divest the district court [i.e., trial court] of all authority." *United States v. Carpenter*, 941 F.3d 1, 6 (1st Cir. 2019); *see, also*, 16A C. Wright, A. Miller, E. Cooper & C. Struve, FEDERAL PRACTICE AND PROCEDURE, § 3949.1 (5th ed. 2019) ("[t]he restriction on district court action encompasses only the matters that are comprehended within the appeal.")(emphasis ours); *CGC Holding Co., LLC v. Hutchens*, 780 F. App'x 604, 606 (10th Cir. 2019); *United States v. Madrid*, 633 F.3d 1222, 1227 (10th Cir. 2011). Therefore, to apply the divestiture doctrine, the Court must determine "whether the subject matter presented in the appeal is so `closely related' to the issues raised in the motion that the entry of the order `impermissibly interfere[s]' with the appellant's rights in its appeal." *In re Old Cold, LLC*, 602 B.R. 798, 823 (B.A.P. 1st Cir. 2019).

* * *

Courts have "cautioned against a `broad rule that a bankruptcy court may not consider any request which either directly or indirectly touches upon the issues involved in a pending appeal and may not do anything which has any impact on the order on appeal.'" *In re G-I Holdings, Inc*., 568 B.R. 731, 763 (Bankr. D.N.J. 2017); see, also, *In re Scopac*, 624 F.3d 274, 280 (5th Cir. 2010). Said reasoning is premised on the fact that "[t]he application of a broad rule that a bankruptcy court may not consider any request filed while an appeal is pending has the potential to severely hamper a bankruptcy court's ability to administer its cases in a timely manner." *In re Whispering Pines Estates, Inc*., 369 B.R. 752, 758 (B.A.P. 1st Cir. 2007).

*Betteroads Asphalt, LLC v. Firstbank Puerto Rico*,
http://scholar.google.com/scholar_case?case=9294371569977902492 (D.P.R. 2020).

7.  Significantly here, as Judge Domingues held in *Betteroads,*

Furthermore, when applying the divestiture doctrine, the Courts have recognized a distinction "between acts undertaken to enforce the judgment and acts which expand upon or alter it; the former being permissible and the latter prohibited." *In re Prudential*

*Lines, Inc*., 170 B.R. 222, 243 (S.D.N.Y. 1994) (citing *N.L.R.B. v. Cincinnati Bronze, Inc*., 829 F.2d 585, 588 (6th Cir. 1987)); *see, also, In re Sabine Oil & Gas Corp.,* [548 B.R. 674, 679 (Bankr. S.D.N.Y. 2016)] at 679 ("[t]he application of the distinction in the case law between acts of enforcement and acts of alteration `is most germane in the context of a Chapter 11 bankruptcy case which involves the court's issuance of innumerable orders involving a myriad of issues, one or more of which may be on appeal at any given moment.' *Prudential Lines*, 170 B.R. at 244.").

*See also* this court's ruling affirmed by the above, *In re Betteroads Asphalt, LLC*, 610 BR 28, 37-38 (Bankr. D.P.R. 2019). Here, distributing the escrowed funds (and stopping the continued seizure of milk proceeds) is to *enforce* the Court's judgment, not to expand upon or alter it. Condado has no lien on the funds, so enforcing that means paying the funds over to the Debtor.

8.   Unlike a Rule 8007 stay, the purpose of the divestiture rule is not to protect the parties' positions, but to prevent the interference with appellate jurisdiction, i.e., mooting the appeal.

> Mission argues that the stripping of assets from the debtor's estate sought by the stay relief motion deprived Mission of the same assets to which it would have looked in satisfaction of the claim it was pursuing on appeal. In Mission's view, this purported relatedness between S & S's claim for stay relief and Mission's claim for breach of the agreement caused the lower court to lose jurisdiction to make that determination. Mission relies primarily on *Whispering Pines Ests., Inc. v. Flash Island, Inc*. (*In re Whispering Pines Ests., Inc*.), where the BAP held that the bankruptcy court was divested of jurisdiction to grant stay relief because the foreclosure of the property at issue in the stay relief motion "directly implicated the matter under the appeal," namely, the appropriateness of a "[p]lan providing for the sale of the Property." 369 B.R. 752, 759-60 (B.A.P. 1st Cir. 2007).

> As we have just discussed, though, if S & S had no right to the assets, we could order a disgorgement in this case. And the Supreme Court recognized that the disbursement of the cash had no impact on its ability to decide Mission's appeal as long as there was "any chance of money changing hands." *Mission Prod. Holdings*, 139 S. Ct. at 1660. In *Whispering Pines*, possible confusion could have occurred with a competing equitable order requiring the disposal of a specific piece of property through a different mechanism than the appeal specifically provided for, thus interfering with the rights determined in the appeal. 369 B.R. at 759. We discern no similar possibility of confusion here, where the appeal concerned only the merits, rather than the priority of Mission's claim against the debtor. The bankruptcy court's determination that any claim by Mission would be junior to S & S's claim as a secured creditor therefore did not take away any benefit that the Supreme Court appeal might purport to grant Mission. Simply put, contrary to Mission's assertion that the stay relief order would "impermissibly interfere with the rights on appeal," we find no such interference.

*In Re: Old Cold, LLC*, 976 F. 3d 107, 116-17 (1st Cir. 2020).    Here, there is no such risk.  The

funds could be ordered to be disgorged and the ongoing milk proceeds could be re-diverted to

Condado if it prevails on appeal.  There is certainly a "chance of money changing hands" is

Condado prevails.  Therefore, the doctrine is inapplicable.

WHEREFORE, Debtor respectfully requests that Condado 5's Motion to Stay be denied.[1]

---

[1] While the stay should be denied for those reasons, it is also noteworthy that Condado's motion
"requests that the Court refrain from requiring any distribution or further action regarding the
consigned funds until Condado's Appeal is ultimately resolved." Motion, ¶ 19.  Yet the Court
did not order any distribution of the escrow.  With regard to the escrowed funds, the Court
merely ordered (Dkt. #196):

> 2. Condado shall submit to the Debtor and the Trustee a detail of all funds
> received from milk proceeds of the Debtor since the filing of the petition within thirty
> (30) days.
> 3. The Debtor shall file a summary of its monthly operations since the
> dismissal of the case through May 2025 within thirty (30) days. Monthly reports of
> operations shall be filed thereafter in the ordinary course.
> 4. The Debtor and Condado shall file a Joint Report on the distribution of the
> consigned funds within thirty (30) days.
> 5. The Debtor shall file an amended Chapter 12 plan within ninety (90) days
> from the filing of the Joint Report.

This should not be stayed in any event.  The Court can, should, and did order the parties to
provide information so that the case can proceed in an expeditious manner: how much was
received since the filing of the petition; reports on the Debtor's operations; the parties' respective
positions on distribution of the consigned funds; and a Plan.  Nothing prevents Condado from
restating its position that it should receive the funds because of its purported lien, that the
distribution should wait until the appeal is resolved, or any other position that it may have,
although it should be directed to state its position as to the funds in the event the matter on
appeal is affirmed.   Once it has that information, the Court can consider any arguments for a
stay as to distribution, as well as the merits of how the funds should be distributed, so that there
is not further delay.  Moreover, if the Court does find that the divestiture rule precludes ordering
distribution of the funds, allowing for the exchange of information as has been ordered would
facilitate the Court's issuance of an indicative ruling under Rule 8008, which, again, would
expedite rather than delay matters.

Dated: June 25, 2025.

Respectfully submitted,

/s/ Daniel M. Press
Daniel M. Press, #204704
CHUNG & PRESS, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101
(703) 734-3800
dpress@chung-press.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2025, I electronically filed the foregoing with the Clerk of the Court using the Next Gen CM/ECF system, which will send notification of such filing to all Next Gen CM/ECF participants in this case, including counsel for Condado 5, the Chapter 12 Trustee, and the U.S. Trustee for Region 21.

/s/ Daniel M. Press
Daniel M. Press, #204704