### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 22-02380 (ESL) |
| LAS MARTAS, INC. | CHAPTER 12 |
| Debtor. | |

### **MOTION TO DISMISS**

TO THE HONORABLE COURT:

COMES NOW Condado 5, LLC ("Condado") through the undersigned counsel, and respectfully states and prays as follows:

Preliminary Statement

Our bankruptcy system is tasked with balancing a debtor's legitimate pursuit of financial renaissance with the choreography of repetitive insolvency proceedings. As we stand before this Court once again in the Debtor's third bankruptcy petition (along with the bankruptcies filed by the Debtor's related corporation and its principal, Juan M. Barreto Ginorio), we are compelled by the *déjà vu* echoes of past and invoke Section 1112(b) of the Bankruptcy Code ---a provision designed to safeguard the integrity of the bankruptcy process and ensure that its purpose is not exploited for strategic gains.

The Debtor's Loans and Obligations with Condado matured back January 12, 2015. Because the loans and repayment obligations *matured without pay about a decade ago*, they have been past due, liquid and payable in their totality since then. See Bautista Cayman Asset Co. v. Estate of Maldonado-Morales, 2017 U.S. Dist. LEXIS 129880, at *6, 2017 WL 3534994 (D.P.R. 2017) (granting summary judgment upon breach with repayment obligations in a loan matured loan, concluding that they were "past due and payable"); FDIC v. Grupo Novel, Inc., 2013 U.S. Dist. LEXIS 130031, at *5, 2013 WL 4806867 (D.P.R. 2013) (when a loan "matures without pay without payment of principal and accrued interest … the amounts owed are due, liquid, and payable.").

As discussed below, the Debtor, in cahoots with its principal-guarantor (Barreto), ex-wife-guarantor and related corporation (JM Dairy, wholly owned and controlled by Mr. Barreto) have orchestrated a scheme to frustrate, thwart and delay the pending Foreclosure Case and collections efforts by Condado through the incessant filing of bankruptcies and continuous requests to stay the proceedings for year**s** (plural).

Condado hereby moves for the dismissal of the instant case. These actions are made in bad faith, do not comport with the legitimate purpose of bankruptcies and essentially constitute a two-party dispute.

Factual and Procedural Background

1. On or around January 12, 2005, Banco Popular de Puerto Rico ("BPPR"), predecessor in interest of Condado, extended to the Debtor a credit facility in the amount of $1,850,000.00 (the "Loan"). See *Loan Agreement* (Proof of Claim No. 1, Part 4, pp. 1-23).

2. The Debtor's principal, Mr. Juan Manuel Barreto Ginorio ("Barreto"), his former spouse, Maria Elena Hernandez Ruiz, and JM Dairy, Inc. ("JM Dairy") all serve as guarantors to the Loan. See *Loan Agreement*, Proof of Claim No. 1, Part 4, p. 1 and *Amended Note*, Proof of Claim No. 1, Part 5, p. 9.

3. The Loan was to be repaid in a term of five (5) years, but BPPR agreed to extend it for ten (10) more years, which ultimately *matured* and has been **past due and payable since January 12, 2015**, to wit, over ten (10) years ago. See *Amended Note*, Proof of Claim No. 1, Part 5, p. 22.

4. On June 21, 2011, the Debtor filed its first Chapter 12 petition (Bankr. Case No. 11-05237-ESL), Barreto filed his own bankruptcy case (Bankr. Case No. 11-05236-ESL) and JM Dairy also filed its own bankruptcy (Bankr. Case No. 11-05239-ESL). These bankruptcy cases were substantively consolidated with Bankr. Case No. 11-05236-ESL filed by Barreto (*Order Granting Consolidation*, Bankr. Case No. 11-05239, ECF No. 22). These consolidated cases, however, were dismissed on January 16, 2018, for material default with the terms of the confirmed

plan on August 30, 2018. See Bankr. Case No. 11-05236-ESL12, ECF Nos. 386, 387 (dismissed upon Chapter 12 Trustee's request pursuant to 11 U.S.C. § 1208(c)(1),(6) for unreasonable delay prejudicial to creditors and material default with respect to the terms of a confirmed plan).

5. Only a few months later, on December 14, 2018, the Debtor filed a second Chapter 12 petition (Case No. 18-07304-ESL12, ECF No. 1). After more than two years in bankruptcy, however, on April 22, 2021, the Debtor's second bankruptcy case was dismissed through an *Opinion and Order* pursuant 11 U.S.C. § 1208(c)(1) for *unreasonable delay prejudicial to creditors* (including Condado), and *failure to timely file a confirmable plan*. See *Opinion and Order*, Bankr. Case No 18-07304-ESL12, ECF No. 251, 2021 Bankr. LEXIS 1075, 2021 WL 8200008 (Bankr. D.P.R. Apr. 22, 2021). The *Opinion and Order* was appealed to Bankruptcy Appellate Panel for the First Circuit (BAP 1st Cir. No. 22-0017), which *affirmed* the dismissal through an *Opinion and Order* issued on April 21, 2022. See Vaqueria Las Martas, Inc. v. Condado 5, LLC (In re Vaqueria Las Martas, Inc.), 638 B.R. 482 (B.A.P. 1st Cir. 2022).

6. On April 18, 2019, JM Dairy also filed a second bankruptcy petition, this time under Chapter 11 (Bankr. Case No. 19-02168, ECF No. 1), which was ultimately dismissed on June 28, 2021 (Bankr. Case No. 19-02168, ECF No. 97) upon Condado's request (Bankr. Case No. 19-02168, ECF No. 82).

7. Meanwhile, on May 28, 2021, Condado filed a *Foreclosure Complaint* with the PR Court of First Instance, Superior Court of Arecibo (the "PR Court of First Instance"), Case No. AR2021CV00693 (the "Foreclosure Case") against the Debtor, the Debtor's principal and co-guarantor (Mr. Barreto), his former spouse and co-guarantor (Ms. Maria Elena Hernandez Ruiz) and JM Dairy (as further co-guarantor of the Loan). See Proof of Claim No. 1, Part 3, pp. 1-18, and Part 9, pp. 1-10.

8. Since the filing of the Foreclosure Case, the Debtor, its sole shareholder (Mr. Juan M. Barreto Ginorio), his former spouse (Ms. Maria Elena Hernandez Ruiz) and his other corporation (JM Dairy) have joined efforts to thwart, stall and/or delay Condado's legitimate

collection efforts in the Foreclosure Case (either by bad faith litigation tactics or by incessant the bankruptcy filings and expressly moving for the staying of the Foreclosure Case).  Below is a summary of their pleadings and filings[1] (some of their tactics resulted in the imposition of sanctions):

| Title of Document | Filing Party | Date | SUMAC No. | Requested Remedy | Exhibit No. |
|---|---|---|---|---|---|
| *Motion Requesting Extension of Time to File Answer to Complaint* | Juan Manuel Barreto Ginorio | 07/13/2021 | 9 | Barreto Ginorio requested *30 days* to hire the counsel and answer the complaint against him. | I |
| *Motion by Party's Own Right* | Maria Elena Hernandez Ruiz | 07/28/2021 | 11 | Hernandez Ruiz requested *an additional term -not specified in the motion- to answer the complaint* and requested the appointment of legal counsel through Servicios Legales. | II |
| *Motion Assuming Legal Representation and Requesting Extension to Answer Complaint* | Juan Manuel Barreto Ginorio, through counsel | 08/09/2021 | 14 | Counsel requested *30 more days* to file an answer to the complaint. | III |
| *Motion Assuming Legal Representation and Requesting Extension to Answer Complaint* | Las Martas, Inc., through counsel | 08/25/2021 | 22 | Requesting *45 more days* to answer the complaint. | IV |
| *Motion to Dismiss* | Maria Elena Hernandez Ruiz, through counsel | 09/09/2021 | 31 | Requesting the dismissal of the complaint against her because as she divorced Barreto Ginorio in 2006 and in the Divorce Decree, Barreto Ginorio consented he was responsible for all debts arising from the conjugal legal partnership *despite the fact that she is a signing party and co-guarantor to the Loan* | VI |

---

[1] For the sake of judicial economy, Condado seeks leave to submit all these documents in Spanish and, if an appeal should be taken, Condado will submit translations.

| Title of Document | Filing Party | Date | SUMAC No. | Requested Remedy | Exhibit No. |
|---|---|---|---|---|---|
| | | | | (Proof of Claim No. 1, Parts 6 and 7). | |
| *Motion Assuming Legal Representation and Requesting Extension to Answer Complaint* | JM Dairy, Inc., through counsel[2] | 10/04/2021 | 38 | *Requesting 45 more days* to answer the complaint. | VII |
| *Motion to Stay Proceedings Against Las Martas, Inc.* | Las Martas, Inc. | 10/05/2021 | 43 | Requesting the case be stayed pending the outcome of Appeal No. 21-0017. | VIII |
| *Motion* | Maria Elena Hernandez Ruiz, through counsel | 03/07/2022 | 70 | Requesting an Order for Condado to submit all evidence related to the loan, and original copy of the file without alterations, each and every amendment, evidence, and documents related to the loan *even though she is a signing party to the Loan and all documents were attached to the Complaint.* | IX |
| *Informative Motion Requesting Case be Referred to Mediation* | Juan Manuel Barreto Ginorio, through counsel | 03/14/2022 | 79 | Designating the collateral as his principal residence and requesting mandatory mediation. | X |
| *Informative Motion Requesting an Extension to Respond to Plaintiff's Request for Continuance Regards to the Motion for Summary Judgment* | Juan Manuel Barreto Ginorio, through counsel | 03/23/2022 | 88 | Requesting *30 more days* to file a response to Condado's *Motion for Summary Judgment*. | XI |
| *Informative Motion in Response to Order Regarding Request to Activate Terms to Respond to Plaintiff's Request for Summary Judgment* | Juan Manuel Barreto Ginorio, through counsel | 04/13/2022 | 98 | Requesting that Condado's *Motion for Summary Judgment* be denied because he submitted an untimely discovery request to Condado, which forced Condado to object. | XII |

---

[2] JM Dairy filed an Answer to Complaint on November 9, 2021 (SUMAC No. 54). The Answer to Complaint was accepted by the PR State Court on November 16, 2021 (SUMAC No. 56).

| Title of Document | Filing Party | Date | SUMAC No. | Requested Remedy | Exhibit No. |
|---|---|---|---|---|---|
| *Informative Motion Requesting Clarification to Plaintiff to Answer Request for Summary Judgment* | Juan Manuel Barreto Ginorio, through counsel | 07/22/2022 | 116 | Requesting (i) updated payoff as Barreto has continued making payments to the loan and payments in 2022 exceed 12,000.00; and (ii) after updated payoff was received, requested *10 more days* to respond to the *Motion for Summary Judgment*. | XIII |
| *Urgent Motion Requesting Stay of Proceedings* | Las Martas, Inc., through counsel | 08/24/2022 | 129 | Requesting to stay the case due to bankruptcy filing by Las Martas, Inc., Case No. 22-02380. | XIV |
| *Informative Motion and Request to Stay Proceedings Due to Bankruptcy Filing* | Juan Manuel Barreto Ginorio, through counsel | 11/09/2023 | 154 | Requesting to stay proceedings as Barreto Ginorio filed for bankruptcy, Case No. 23-03681. | XV |
| *Request to Stay Proceedings and for Entry of Default* | Maria Elena Hernandez Ruiz, through counsel | 11/10/2023 | 159 | Requesting to stay the foreclosure proceedings as Las Martas and Barreto are in bankruptcy *even though there is no co-debtor stay* (ECF Nos. 11 and 27). | XVI |
| *Motion Joining Request to Stay Proceedings and for Entry of Default* | JM Dairy, Inc. | 11/27/2023 | 170 | Joined request to stay the proceedings by Las Martas and Barreto *even though there is no co-debtor stay* (ECF Nos. 11 and 27). Further, JM Dairy requested a 10-day extension to file a response to the Counterclaim. | XVII |
| *Motion for Reconsideration* | Las Martas, Inc., through counsel | 05/17/2024 | 187 | Counsel that sanctions imposed by the Court be vacated. | XVIII |
| *Informative Motion* | Juan Manuel Barreto Ginorio, through | 10/01/2024 | 198 | Three years into the Foreclosure Case, he requested that the case be referred to mediation as the | XIX |

| Title of Document | Filing Party | Date | SUMAC No. | Requested Remedy | Exhibit No. |
|---|---|---|---|---|---|
| | counsel | | | property object to the complaint is Barreto's only principal residence. | |
| *Informative Motion Regarding Outcome of Foreclosure Case through Mediation via Videoconference* | Centro de Mediación de Conflictos | 12/13/2024 | 202 | Motion sets forth that no agreement was reached during mediation. | **XX** |

9. Below are a few rulings issued by the PR Court of First Instance in the Foreclosure Case:

| Title of Ruling | Date | SUMAC No. Ruling | Resolving SUMAC No. | Granted Remedy | Exhibit No. |
|---|---|---|---|---|---|
| *Notification and Order* | 08/03/2021 | 12 | 11 | The Court granted 30 days for Hernandez Ruiz to file an answer to the Complaint and instructed her to seek/schedule a legal consultation at Servicios Legales. | **XXI** |
| *Notification and Order* | 08/10/2021 | 15 | 14 | Barrero Ginorio's legal representation was accepted and the Court granted him 30 days to file an answer to the Complaint. | **XXIII** |
| *Notification and Order* | 08/26/2024 | 25 | 22 | Las Martas' legal representation was accepted and the Court granted it 30 days to file an answer to the Complaint. | **XXIV** |
| *Notification and Order* | 10/05/2021 | 41 | 38 | JM Dairy's legal representation was accepted and the Court granted it 30 days to file an answer to the Complaint. | **XXVI** |
| *Notification and Order* | 10/19/2021 | 48 | 43, 44 | The Court denied the Motion to Stay Pending Appeal. | **XXVII** |
| *Notification and Order* | 10/22/2021 | 50 | 49 | The Court afforded Barreto Ginorio a final 10-day term to file an answer to the complaint under penalty of being found in | **XXVIII** |

| Title of Ruling | Date | SUMAC No. Ruling | Resolving SUMAC No. | Granted Remedy | Exhibit No. |
|---|---|---|---|---|---|
| | | | | default. | |
| *Minute of Initial Hearing* | 02/10/2022 | 67 | N/A | The Court ruled the following:<br><br>- Granted 20 days to counsel for Barreto, JM Dairy and Las Martas to Answer the Counterclaim.<br>- Granted 20 days to counsel for Barreto to inform if he will seek mediation as afforded by the law.<br>- The request for summary judgment by Condado is set aside and a limited discovery will be allowed prior to answering the request for summary judgment. The court offered 20 days from the day after the hearing.<br>- Granted 35 days for Barreto to file any pleading regarding mediation or *credito litigioso*.<br>- The request for dismissal is set aside and counsel for Hernandez is afforded 30 days to inform efforts with the bank.<br><br>A status hearing was scheduled for July 5, 2022, at 9:00am via videoconference. | **XXIX** |
| *Notification and Order* | 03/11/2022 | 73 | 70 | The Court ordered the party to initiate discovery to inquire or requests documents he is interested in from Condado. | **XXX** |
| *Notification and Order* | 03/14/2022 | 83 | 79 | The Court afforded Plaintiff and Codefendants 20 days to respond to Barreto's Motion requesting case | **XXXI** |

| Title of Ruling | Date | SUMAC No. Ruling | Resolving SUMAC No. | Granted Remedy | Exhibit No. |
|---|---|---|---|---|---|
| | | | | be transferred to mediation. | |
| *Notification and Order* | 03/30/2022 | 93 | 88 | The Court afforded the co-defendant a final term of 15 days to file its response to the Motion for Summary Judgment. | XXXII |
| *Notification and Order* | 04/18/2022 | 99 | 98 | The Court suspended terms of motion for summary judgment until discovery disputes are resolved on or before May 31, 2022. | XXXIII |
| *Notification and Order* | 07/22/2022 | 117 | 116 | The Court ordered Condado to provide payoff of debt as of present. The Court afforded Barreto Ginorio *10 more days*, as a last extension to file his position as to the *Motion for Summary Judgment*. | XXXIV |
| *Partial Judgment* | 08/31/2022 | 135 | 129 | The case was stayed as to co-defendant Las Martas | XXXV |
| *Partial Judgment* | 11/09/2023 | 158 | 154 | The case was stayed as to co-defendant Barreto Ginorio | XXXVI |
| *Notification and Order* | 11/14/2023 | 163 | 159 | The Court ordered the parties to reply within 15 days. | XXXVII |
| *Notification and Order* | 12/04/2023 | 173 | 170 | The Court noted the Motion. | XXXVIII |
| *Resolution* | 04/18/2024 | 181 | 159, 170 | Denying the requests of Hernandez Ruiz and JM Dairy to stay the case. | XXXIX |
| *Order* | 05/15/2024 | 184 | N/A | Order imposing sanctions to Las Martas in the amount of $50.00. | XXXX |
| *Resolution* | 05/20/2024 | 188 | 187 | The Court granted the Motion for Reconsideration and sanctions were set aside. | XXXXI |

| Title of Ruling | Date | SUMAC No. Ruling | Resolving SUMAC No. | Granted Remedy | Exhibit No. |
|---|---|---|---|---|---|
| *Order Referring Case to Mediation in Foreclosure Cases* | 10/08/2024 | 201 | 198 | The Court scheduled a mediation for October 21, 2024, at 8:45am. | **XXXXII** |
| *Notification and Order* | 01/14/2025 | 203 | 202 | The Court noted the Informative Motion stating the parties did not reach an agreement in mediation. The Court scheduled a pre-trial hearing for April 8, 2025, at 9:00a.m. | **XXXXIII** |

10. On August 16, 2022, the Debtor filed the instant **third** Chapter 12 bankruptcy petition (ECF No. 1).

11. On September 1, 2022, Condado filed a *Motion to Dismiss* the third bankruptcy case under Section 1208(c) of the Bankruptcy Code (the "*Motion to Dismiss*", ECF No. 22). On October 3, 2022, the Debtor filed a *Response to Motion to Dismiss* (the "*Opposition*", ECF No. 37).

12. On June 15, 2023, the Bankruptcy Court held an evidentiary hearing to consider Condado's *Motion to Dismiss* and Debtor's *Opposition* and took the matter under advisement. See *Minutes of Hearing Held on June 15, 2023*, ECF No. 143.

13. On September 29, 2023, the Bankruptcy Court entered an *Opinion and Order* dismissing the instant case (ECF No. 148). The Court found that the Debtor's proposed amended plan of reorganization was not feasible and therefore did not comply with Section 1225(a)(6) of the Bankruptcy Code concluding as follows:

> the Debtor's financial situation has only worsened since the first bankruptcy petition and second bankruptcy petition, not only because there has been a decrease in the assets and an increase in liabilities, **but most importantly because there are on-going foreclosure proceedings against the farmland which the Debtor utilizes to run its dairy farm operation. If the foreclosure proceedings are successful, there will be no farming operation.** The Court finds that there has been no substantial change in circumstances from the previous case aside from increasing debts and decreasing collateral and the probability that the farmland will be foreclosed by Condado. **Moreover, there is no evidence in the historical financial performance of the Debtor in which this court may**

**rely on to determine that there is any reasonable likelihood that this Debtor may be rehabilitated.** The estate has continued to diminish for the past four (4) years and nine (9) months and there is no hope of rehabilitation. The Debtors have consistently demonstrated for the past eleven years (in bankruptcy) that they do not have a viable farming operation sufficient to pay expenses and fund a plan and the value of the estate continues to diminish with the passage of time (VLM personal assets) and its liabilities continue to increase. There is also a consistent lack of payment to creditors. **The Court concludes that in the instant case, the Debtor does not operate a sustainable milk producing operation which can generate enough monies to pay its operational expenses in addition to the plan payments that will need to commence upon the effective date of the plan. The court finds that the Debtor failed to meet its burden with respect to feasibility.** The Court is mindful that the Debtor's principal has been in the milk industry since 1988. However, the Debtor's financial condition has only worsened throughout the years. Condado's debt has been fully matured since January 12, 2015. **The Debtor may not continue to speculate with Condado's money.**

*Opinion and Order Dismissing Case*, Bankr. Case No. 22- 02380-ESL12, ECF No. 148, pp. 33-34, 2023 Bankr. LEXIS 2413, at *59, 2023 WL 6413170, at *17 (boldface and underline added).

14. On November 9, 2023, the Debtor filed a *Notice of Appeal* electing to have the instant appeal heard by the Bankruptcy Appellate Panel for the First Circuit (ECF No. 168).

15. On March 5, 2025, the Bankruptcy Appellate Panel entered an *Opinion and Order* (ECF No. 190) vacating the *Opinion and Order Dismissing Case* finding that "[b[ecause § 1208(c)(9) is phrased in the conjunctive and the court's order expressly granted Condado's motion to dismiss based on that provision, we conclude here. Our determination of this narrow issue does not reach the court's assessment of the second prong of § 1208(c)(9) or any other basis for dismissal."

16. We move for dismissal for bad faith.

<u>Applicable Law and Discussion</u>

(A) *Dismissal under Section 1208(c) of the Bankruptcy Code, generally.*

17. Section 1208(c) of the Bankruptcy Code generally provides that "[o]n request of a party in interest, and after notice and a hearing, the court may dismiss a case under this chapter for cause." 11 U.S.C. § 1208.

18. "The determination of what constitutes cause for dismissal *is based on the circumstances of each particular case*, including the specific examples provided in section 1208(c)

to protect the interests of creditors and parties in interest." In re Vaqueria Las Martas, Inc., No. 18-07304-ESL12, 2021 Bankr. LEXIS 1075, at *14, 2021 WL 8200008, at *5 (Bankr. D.P.R. Apr. 22, 2021) (italics added).

19. "Section 1208 provides a *non-exclusive* list of reasons a bankruptcy court may dismiss a case for cause." Haffey v. Crocker (In re Haffey), 576 B.R. 540, 550 (B.A.P. 6th Cir. 2017) (italics added). Also see In re Michels, 305 B.R. 868, 872 (B.A.P. 8th Cir. 2004) ("the list set forth at section 1208(c)(1)-(9) is non-exclusive"); In re Milky Way Organic Farm, LLC, 2017 Bankr. LEXIS 417, at *10 (Bankr. D. Vt. 2017) (Section 1208(c) "is an illustrative, non-exclusive list"); In re Betteroads Asphalt, LLC, 594 B.R. 516, 556 (Bankr. D.P.R. 2018) ("the term 'cause' as a **non-exhaustive** basis for dismissal … ha[s] been explicitly included in other sections of the Code such as 11 U.S.C. §§1112(b)(1); 921(c); 930(a); 707(a); **1208(c)**; and 1307(c)") (boldface added).

20. "The decision to dismiss a Chapter 12 petition is within the sound discretion of the bankruptcy court". Akers v. Micale, 609 B.R. 175, 184 (W.D. Va. 2019). Also see Vaqueria Las Martas, Inc. v. Condado 5, LLC (In re Vaqueria Las Martas, Inc.), 638 B.R. 482, 495 (B.A.P. 1st Cir. 2022) ("[t]he dismissal of a debtor's chapter 12 case is reviewed for abuse of discretion").

21. "Section 1208(c) provides only for the dismissal of the case", not conversion to Chapter 7. In re Vaqueria Las Martas, Inc., 2021 Bankr. LEXIS 1075, at *14, 2021 WL 8200008, at *5.

(B)   *There is cause to dismiss the instant case for bad faith and unusual delay, and the case constitutes a two-party dispute.*

22. Bad faith filing constitutes cause to dismiss under Section 1208(c) of the Bankruptcy Code. See In re Hyman, 82 B.R. 23 (Bankr. D.S.C. 1987); In re Galloway Farms, Inc., 82 B.R. 486 (Bankr. S.D. Iowa 1987).

23. Courts use the same criteria used in Chapter 13 cases to determine whether a debtor has filed a Chapter 12 petition in bad faith. See Hall v. United States, 566 U.S. 506, 516 (2012), citing 8 Collier on Bankruptcy ¶1200.01[5] ("because chapter 12 was modeled on chapter

13, and because so many of the provisions are identical, chapter 13 cases construing provisions corresponding to chapter 12 provisions may be relied on as authority in chapter 12 cases"); In re Walton, 116 B.R. 536, 540 (Bankr. N.D. Ohio 1990); In re Wickliffe, 106 B.R. 470, 473 (Bankr. W.D. Ky. 1989) (same); In re Edwards, 87 B.R. 671 (Bankr. W.D. Okla. 1988)) ("[s]ince Chapter 12 was modeled after, and is substantially identical in many respects, to Chapter 13, decisions under Chapter 13 may be looked to in order to predict attitudes of courts to related issues which may arise under Chapter 12.").

24. "Bankruptcy courts in the First Circuit apply *a totality of the circumstances test* to determine whether a debtor has filed a chapter [12] in good faith (or bad faith)." In re Taal, 520 B.R. 370, 375 (Bankr. D.N.H. 2014). Also see Cabral v. Shamban (In re Cabral), 285 B.R. 563, 573-574 (B.A.P. 1st Cir. 2002) (adopting the "totality of the circumstances test" to determine lack of good faith by affirming a bankruptcy court's decision based on the "totality of circumstances" test). "[T]he inquiry is inherently fact sensitive, done on a case-by-case basis, and may involve consideration of other factors or a more general balancing of equities." Sullivan v. Solimini (In re Sullivan), 326 B.R. 204, 212 (B.A.P. 1st Cir. 2005).

25. "Bankruptcy courts routinely allow for dismissal of proceedings when pre-petition bad faith conduct is present, as courts treat such conduct as 'for cause.'" In re Ramos, 2009 WL 2913445 at *1, 2009 Bankr. LEXIS 1086 at *4 (Bankr. S.D.N.Y. 2009).

26. Courts in our First Circuit typically consider the following factors to determine if a petition has been filed in bad faith:

> (1) debtor's accuracy in stating her debts and expenses, (2) debtor's honesty in the bankruptcy process, including whether she has attempted to mislead the court and whether she has made any misrepresentations, (3) whether the Bankruptcy Code is being unfairly manipulated, (4) the type of debt sought to be discharged, (5) whether the debt would be dischargeable in a Chapter 7, and (6) debtor's motivation and sincerity in seeking Chapter [12] relief.

In re Sullivan, 326 B.R. at 212.

27. Two additional factors have been highlighted in our First Circuit when examining the totality of the circumstances: **(1) a debtor's history of filings and dismissals, and (2)**

**whether a debtor only intended to defeat or circumvent state court litigation**. See In re Sullivan, 326 B.R. at 212. "[T]hese two factors would certainly be considered in determining whether a debtor is unfairly manipulating the Bankruptcy Code and in considering the debtor's motivation and sincerity in seeking Chapter [12] relief." Id. Also see In re Fleury, 294 B.R. 1, 5-6 (Bankr. D. Mass. 2011) ("A finding that the debtor lacked good faith does not require fraudulent intent by the debtor. Malfeasance, ill will towards the creditors, malice or actual fraud is not required to find a debtor lacked good faith.").

28. The filing of bankruptcy solely to thwart a creditor claim rather than making an honest effort to pay debts constitutes bad faith. See Gier v. Farmers State Bank (In re Gier), 986 F.2d 1326, 1330 (10th Cir.1993) (debtor motivated by desire not to pay rather than inability to pay); In re Virden, 279 B.R. at 410 (dismissal for bad faith when creditor's filing was motivated by a desire to avoid payment to a single creditor rather than by any inability to meet his liabilities); In re Mattson, 241 B.R. 629, 634 (Bankr. D. Minn. 1999) (dismissing case with prejudice, the court found that there was only one creditor of any substance, that the debtors did everything in their power to stall and avoid payment of the debt pre-petition, and that the Chapter 13 case was filed solely to avoid payment of this debt); In re Ramji, 166 B.R. 288, 290 (Bankr. S.D. Texas 1993) (dismissing the case upon a finding of bad faith when the debtor filed the petition solely to avoid payment to a single creditor).

29. Accordingly, courts find bad faith where a debtor has a history of prior filings, where there is no significant change in circumstances or legitimate bankruptcy purpose and, where the filing of the petition was solely to thwart a creditor's claim rather than making a honest effort to pay debts. See Gonzales–Ruiz v. Doral Fin. Corp. (In re Gonzales-Ruiz), 341 B.R. 371, 382 (B.A.P. 1st Cir. 2006); In re Sullivan, 326 B.R. at 204; In re Fleury, 294 B.R. at 12.

30. Bankruptcy courts also find bad faith where the "Debtor's reorganization essentially involves the resolution of a two-party dispute." In re Fonke, 310 B.R. 809, 817 (Bankr. S.D. Tex. 2004). Also see In re Klevorn, 181 B.R. at 11. In these cases, the debtor's bad faith was apparent

from a filing motivated by or targeted at one sole creditor. The Bankruptcy Appellate Panel for the First Circuit has also stated that dismissal is appropriate when "the bankruptcy forum is being used to resolve what is in essence a two-party dispute". In re Efron, 529 B.R. at 405. Also see In re Stevenson, 583 B.R. 573, 581 (B.A.P. 1st Cir. 2018) (record suggested that debtor's bankruptcy filing was motivated by or targeted at one single creditor and that it was part of a pattern of conduct aimed at thwarting that creditor's eviction efforts); In re Bared Espinosa, 2006 Bankr. LEXIS 3829, 2006 WL 3898379, at *4 (Bankr. D.P.R. Jan. 27, 2006) (dismissing the bankruptcy case where it was merely a "two-party dispute"); In re Spade, 258 B.R. 221 (Bankr. D. Colo. 2001) (dismissing involuntary chapter 7 petition where bankruptcy was filed in response to a two-party dispute between debtor and a single creditor).

31. Here, there is no dispute that Debtor has *a long history of prior bankruptcy filings since 2011* (both prior cases were dismissed), and there *is no significant change in circumstances or legitimate bankruptcy purpose*. This is the Debtor's third bankruptcy petition. The First Bankruptcy Petition filed on June 21, 2011 (Case No. 11-05237-ESL12, ECF No. 1), subsequently consolidated with Case No. 11-5236-ESL12 (ECF No. 20), was dismissed on January 16, 2018 pursuant to 11 U.S.C. § 1208(c)(6) for material default with respect to the terms of a confirmed plan, and pursuant 11 U.S.C. § 1208(c)(1) for unreasonable delay prejudicial to creditors (Case No. 11-5236-ESL12, ECF No. 387).

32. The Debtor's Second Bankruptcy Petition was filed on December 14, 2018 (Case No. 18-07304-ESL12, ECF No. 1) and was dismissed on April 22, 2021 pursuant 11 U.S.C. § 1208(c)(1) for unreasonable delay prejudicial to creditors, and Debtor's failure to file a timely confirmable plan under 11 U.S.C. § 1208(c)(3) (Case No. 18-07304-ESL12, ECF No. 251, 275). The *Opinion and Order* in Second Bankruptcy Petition affords a detailed recount of the Debtor's *dilatory tactics*. See In re Vaqueria Las Martas, Inc., 2021 Bankr. LEXIS 1075, 2021 WL 8200008.

33. Condado has had to appear and defend itself from continuing attacks, past and present, to no avail, and is currently working and incurring additional costs to foreclose on this

same loan that **has been past due and payable since <u>January 12, 2015</u>** (Proof of Claim No. 1, Part 5, p. 22), <u>that is, for over 10 years.</u> In other words,

34. The Debtor filed this case in bad faith with the sole purpose of circumventing the *Foreclosure Case* against the Debtor's principal and co-guarantor (Mr. Juan Manuel Barreto Ginorio), his former spouse and co-guarantor (Ms. Maria Elena Hernandez Ruiz) and JM Dairy, Inc. (as further co-guarantor of the Loan) in a Loan that matured **more than 10 years ago**.

35. We underscore that at the Hearing held on June 15, 2023, Mr. Barreto (Debtor's president and shareholder) testified *how he planned the foregoing scheme to stall the Foreclosure Case as follows*:

> Q. Now, Mr. Barreto, if Condado succeeds in its foreclosure case and it gets an order allowing them to foreclose on the farm property, what will you do?
>
> A. I haven't analyzed it yet. But I've spent my entire life working in this business since I was a child.
>
> Q. So will you file any proceedings to stop the foreclosure?
> ...
>
> A. Yes.
>
> Q. Do you know what kind of proceeding?
>
> A. I haven't analyzed it, it would be analyzed in the moment.
>
> Q. But would that possibly be a bankruptcy filing?
>
> MR. CHICO-BARRIS: I was going to object to the question, Your Honor, because it's leading.
>
> THE COURT: I'm going to overrule the objection. But do note that the answer may not be the best interest of the debtor.
>
> Q. Would that possibl[y] include a bankruptcy filing?
>
> A. Total?
>
> Q. No. Like, a Chapter 13, Chapter 12, Chapter 11?
>
> A. Yes.

*Transcript*, ECF No. 182, p. 29, lines 19-25, and p. 30, lines 1-13. He also testified during cross-examination as follows:

Q. Your counsel asked you earlier that if Condado succeeds in the foreclosure case filed with the Puerto Rico Court of First Instance, foreclosing that same property, that you would basically file for bankrupcy to stop that foreclosure, correct?

A. Yes.

Q. And the purpose of that would be to stop the execution of a foreclosure judgment, right?

A. Yes.

Q. Do you know how long this loan has been past due?

A. No.

*Transcript*, ECF No. 182, p. 39, lines 22-25, and p. 40, lines 1-7.

36.     The Debtor's bad faith is apparent from this <u>third</u> filing motivated by or targeted solely at Condado.  Its pattern of conduct is aimed at thwarting Condado's foreclosure and collection efforts on a loan that's been past due and payable *over 10 years ago*.  This is both <u>bad faith</u> and a <u>two-party dispute</u>.

37.     Therefore, cause exists to dismiss the instant case for unreasonable delay by the Debtor that is prejudicial to Condado and because the Debtor's reorganization essentially involves the resolution of a two-party dispute between the Debtor and Condado.

<u>Prayer for Relief</u>

WHEREFORE, Condado respectfully requests the Court to dismiss the instant case for cause under Section 1208(c) of the Bankruptcy Code and to grant any other relief it deems just and proper.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, on this 26th day of June 2025.

<u>Objection Language - PR LBR 9013-1(c)(1)</u>
Within thirty (30) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.

<u>Certificate of Service</u>

We hereby certify on this same date, we electronically filed the foregoing with the Clerk of the Court using the Next Gen CM/ECF system, which will send notification of such filing to all Next Gen CM/ECF participants in this case, including the Debtor's counsel, the Chapter 12 Trustee, the U.S. Trustee for Region 21, and all parties that requested notice. Motions and orders processed through CM/ECF are "presumed to be served on the same date of the electronic filing". <u>P.R. Elec. Power Auth. v. Vitol, Inc.</u>, 298 F.R.D. 23, 26 (D.P.R.2014). We further certify that in compliance with the Local Rules of this Court, a copy of this motion will be mailed via first class mail to the Debtor as follows: (i) Las Martas Inc, HC 05 Box 91635, Arecibo, PR 00612.

San Juan, PR
June 26, 2025

**Ferraiuoli** LLC
Attorneys for Condado
American International Plaza
250 Muñoz Rivera Avenue
6th Floor
San Juan, PR 00918
PO Box 195168
San Juan, PR 00919-5168
Phone: (787) 766-7000
Facsimile: (787) 766-7001

*/s/ Gustavo A. Chico-Barris*
GUSTAVO A. CHICO-BARRIS
USDC-PR No. 224205
gchico@ferraiuoli.com

*/s/Tomás F. Blanco-Pérez*
TOMAS F. BLANCO-PEREZ
USDC-PR No. 304910
tblanco@ferraiuoli.com