**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>LAS MARTAS, INC.<br>    Debtor.<br><br>CONDADO 5, LLC,<br>    Movant,<br><br>vs.<br><br>LAS MARTAS, INC.,<br>    Respondent,<br><br>and<br><br>MONSITA LECAROZ ARRIBAS, Assistant U.S Trustee, JOSE RAMON CARRION MORALES, Standing Chapter 12 Trustee,<br>    Parties in interest. | CASE NO. 22-02380 (ESL)<br><br>CHAPTER 12<br><br><br>RELIEF FROM STAY<br><br>11 U.S.C. § 362(d) |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

TO THE HONORABLE COURT:

    COMES NOW Condado 5, LLC ("Condado") through the undersigned counsel, and respectfully states and prays as follows:

Factual and Procedural Background

    1.    On or around January 12, 2005, Banco Popular de Puerto Rico ("BPPR"), predecessor in interest of Condado, extended to the Debtor a credit facility in the amount of $1,850,000.00 (the "Loan"). See *Loan Agreement* (**Exhibit XLI**, Proof of Claim No. 1, Part 4, pp. 1-23).

    2.    The Debtor's principal, Mr. Juan Manuel Barreto Ginorio ("Barreto"), his former spouse, Maria Elena Hernandez Ruiz, and JM Dairy, Inc. ("JM Dairy") all serve as guarantors to the Loan. See *Loan Agreement*, **Exhibit XLI**, Proof of Claim No. 1, Part 4, p. 1 and *Amended Note*, Proof of Claim No. 1, Part 5, p. 9.

    3.    The Loan was to be repaid in a term of five (5) years, but BPPR agreed to extend

it for ten (10) more years, which ultimately *matured* and has been **past due and payable since January 12, 2015**, to wit, over ten (10) years ago. See *Amended Note*, **Exhibit XLI**, Proof of Claim No. 1, Part 5, p. 22.

4. On June 21, 2011, the Debtor filed its first Chapter 12 petition (Bankr. Case No. 11-05237-ESL), Barreto filed his own bankruptcy case (Bankr. Case No. 11-05236-ESL) and JM Dairy also filed its own bankruptcy (Bankr. Case No. 11-05239-ESL). These bankruptcy cases were substantively consolidated with Bankr. Case No. 11-05236-ESL filed by Barreto (*Order Granting Consolidation*, Bankr. Case No. 11-05239, ECF No. 22). These consolidated cases, however, were dismissed on January 16, 2018, for material default with the terms of the confirmed plan on August 30, 2018. See Bankr. Case No. 11-05236-ESL12, ECF Nos. 386, 387 (dismissed upon Chapter 12 Trustee's request pursuant to 11 U.S.C. § 1208(c)(1),(6) for unreasonable delay prejudicial to creditors and material default with respect to the terms of a confirmed plan).

5. Only a few months later, on December 14, 2018, the Debtor filed a second Chapter 12 petition (Case No. 18-07304-ESL12, ECF No. 1). After more than two years in bankruptcy, however, on April 22, 2021, the Debtor's second bankruptcy case was dismissed through an *Opinion and Order* pursuant 11 U.S.C. § 1208(c)(1) for *unreasonable delay prejudicial to creditors* (including Condado), and *failure to timely file a confirmable plan*. See *Opinion and Order*, Bankr. Case No 18-07304-ESL12, ECF No. 251, 2021 Bankr. LEXIS 1075, 2021 WL 8200008 (Bankr. D.P.R. Apr. 22, 2021). The *Opinion and Order* was appealed to Bankruptcy Appellate Panel for the First Circuit (BAP 1st Cir. No. 22-0017), which *affirmed* the dismissal through an *Opinion and Order* issued on April 21, 2022. See Vaqueria Las Martas, Inc. v. Condado 5, LLC (In re Vaqueria Las Martas, Inc.), 638 B.R. 482 (B.A.P. 1st Cir. 2022).

6. On April 18, 2019, JM Dairy also filed a second bankruptcy petition, this time under Chapter 11 (Bankr. Case No. 19-02168, ECF No. 1), which was ultimately dismissed on June 28, 2021 (Bankr. Case No. 19-02168, ECF No. 97) upon Condado's request (Bankr. Case No. 19-02168, ECF No. 82).

7. Meanwhile, on May 28, 2021, Condado filed a *Foreclosure Complaint* with the PR Court of First Instance, Superior Court of Arecibo (the "PR Court of First Instance"), Case No. AR2021CV00693 (the "Foreclosure Case") against the Debtor, the Debtor's principal and co-guarantor (Mr. Barreto), his former spouse and co-guarantor (Ms. Maria Elena Hernandez Ruiz) and JM Dairy (as further co-guarantor of the Loan). See **Exhibit XLI**, Proof of Claim No. 1, Part 3, pp. 1-18, and Part 9, pp. 1-10.

8. Since the filing of the Foreclosure Case, the Debtor, its sole shareholder (Mr. Juan M. Barreto Ginorio), his former spouse (Ms. Maria Elena Hernandez Ruiz) and his other corporation (JM Dairy) have joined efforts to thwart, stall and/or delay Condado's legitimate collection efforts in the Foreclosure Case (either by bad faith litigation tactics or by incessant the bankruptcy filings and expressly moving for the staying of the Foreclosure Case). Below is a summary of their pleadings and filings[1] (some of their tactics resulted in the imposition of sanctions):

| Title of Document | Filing Party | Date | SUMAC No. | Requested Remedy | Exhibit No. |
|---|---|---|---|---|---|
| *Motion Requesting Extension of Time to File Answer to Complaint* | Juan Manuel Barreto Ginorio | 07/13/2021 | 9 | Barreto Ginorio requested *30 days* to hire the counsel and answer the complaint against him. | I |
| *Motion by Party's Own Right* | Maria Elena Hernandez Ruiz | 07/28/2021 | 11 | Hernandez Ruiz requested *an additional term -not specified in the motion- to answer the complaint* and requested the appointment of legal counsel through Servicios Legales. | II |
| *Motion Assuming Legal Representation and Requesting Extension to Answer Complaint* | Juan Manuel Barreto Ginorio, through counsel | 08/09/2021 | 14 | Counsel requested *30 more days* to file an answer to the complaint. | III |

---

[1] For the sake of judicial economy, Condado seeks leave to submit all these documents in Spanish and, if an appeal should be taken, Condado will submit translations.

| Title of Document | Filing Party | Date | SUMAC No. | Requested Remedy | Exhibit No. |
|---|---|---|---|---|---|
| *Motion Assuming Legal Representation and Requesting Extension to Answer Complaint* | Las Martas, Inc., through counsel | 08/25/2021 | 22 | Requesting *45 more days* to answer the complaint. | IV |
| *Motion to Dismiss* | Maria Elena Hernandez Ruiz, through counsel | 09/09/2021 | 31 | Requesting the dismissal of the complaint against her because as she divorced Barreto Ginorio in 2006 and in the Divorce Decree, Barreto Ginorio consented he was responsible for all debts arising from the conjugal legal partnership *despite the fact that she is a signing party and co-guarantor to the Loan (Proof of Claim No. 1, Parts 6 and 7).* | V |
| *Motion Assuming Legal Representation and Requesting Extension to Answer Complaint* | JM Dairy, Inc., through counsel[2] | 10/04/2021 | 38 | *Requesting 45 more days* to answer the complaint. | VI |
| *Motion to Stay Proceedings Against Las Martas, Inc.* | Las Martas, Inc. | 10/05/2021 | 43 | Requesting the case be stayed pending the outcome of Appeal No. 21-0017. | VII |
| *Motion* | Maria Elena Hernandez Ruiz, through counsel | 03/07/2022 | 70 | Requesting an Order for Condado to submit all evidence related to the loan, and original copy of the file without alterations, each and every amendment, evidence, and documents related to the loan *even though she is a signing party to the Loan and all documents were attached to the Complaint.* | VIII |
| *Informative Motion Requesting Case be* | Juan Manuel Barreto | 03/14/2022 | 79 | Designating the collateral as his | IX |

---

[2] JM Dairy filed an Answer to Complaint on November 9, 2021 (SUMAC No. 54). The Answer to Complaint was accepted by the PR State Court on November 16, 2021 (SUMAC No. 56).

| Title of Document | Filing Party | Date | SUMAC No. | Requested Remedy | Exhibit No. |
|---|---|---|---|---|---|
| *Referred to Mediation* | Ginorio, through counsel | | | principal residence and requesting mandatory mediation. | |
| *Informative Motion Requesting an Extension to Respond to Plaintiff's Request for Continuance Regards to the Motion for Summary Judgment* | Juan Manuel Barreto Ginorio, through counsel | 03/23/2022 | 88 | Requesting *30 more days* to file a response to Condado's *Motion for Summary Judgment*. | X |
| *Informative Motion in Response to Order Regarding Request to Activate Terms to Respond to Plaintiff's Request for Summary Judgment* | Juan Manuel Barreto Ginorio, through counsel | 04/13/2022 | 98 | Requesting that Condado's *Motion for Summary Judgment* be denied because he submitted an untimely discovery request to Condado, which forced Condado to object. | XI |
| *Informative Motion Requesting Clarification to Plaintiff to Answer Request for Summary Judgment* | Juan Manuel Barreto Ginorio, through counsel | 07/22/2022 | 116 | Requesting (i) updated payoff as Barreto has continued making payments to the loan and payments in 2022 exceed 12,000.00; and (ii) after updated payoff was received, requested *10 more days* to respond to the *Motion for Summary Judgment*. | XII |
| *Urgent Motion Requesting Stay of Proceedings* | Las Martas, Inc., through counsel | 08/24/2022 | 129 | Requesting to stay the case due to bankruptcy filing by Las Martas, Inc., Case No. 22-02380. | XIII |
| *Informative Motion and Request to Stay Proceedings Due to Bankruptcy Filing* | Juan Manuel Barreto Ginorio, through counsel | 11/09/2023 | 154 | Requesting to stay proceedings as Barreto Ginorio filed for bankruptcy, Case No. 23-03681. | XIV |
| *Request to Stay Proceedings and for Entry of Default* | Maria Elena Hernandez Ruiz, through counsel | 11/10/2023 | 159 | Requesting to stay the foreclosure proceedings as Las Martas and Barreto are in bankruptcy *even though* there is no co-debtor stay (ECF Nos. 11 and 27). | XV |

| Title of Document | Filing Party | Date | SUMAC No. | Requested Remedy | Exhibit No. |
|---|---|---|---|---|---|
| *Motion Joining Request to Stay Proceedings and for Entry of Default* | JM Dairy, Inc. | 11/27/2023 | 170 | Joined request to stay the proceedings by Las Martas and Barreto *even though there is no co-debtor stay* (ECF Nos. 11 and 27). Further, JM Dairy requested a 10-day extension to file a response to the Counterclaim. | XVI |
| *Motion for Reconsideration* | Las Martas, Inc., through counsel | 05/17/2024 | 187 | Counsel that sanctions imposed by the Court be vacated. | XVII |
| *Informative Motion* | Juan Manuel Barreto Ginorio, through counsel | 10/01/2024 | 198 | Three years into the Foreclosure Case, he requested that the case be referred to mediation as the property object to the complaint is Barreto's only principal residence. | XVIII |
| *Informative Motion Regarding Outcome of Foreclosure Case through Mediation via Videoconference* | Centro de Mediación de Conflictos | 12/13/2024 | 202 | Motion sets forth that no agreement was reached during mediation. | XIX |

9. Below are a few rulings issued by the PR Court of First Instance in the Foreclosure Case:

| Title of Ruling | Date | SUMAC No. Ruling | Resolving SUMAC No. | Granted Remedy | Exhibit No. |
|---|---|---|---|---|---|
| *Notification and Order* | 08/03/2021 | 12 | 11 | The Court granted 30 days for Hernandez Ruiz to file an answer to the Complaint and instructed her to seek/schedule a legal consultation at Servicios Legales. | XX |
| *Notification and Order* | 08/10/2021 | 15 | 14 | Barrero Ginorio's legal representation was accepted and the Court granted him 30 days to file an answer to the Complaint. | XXI |

| Title of Ruling | Date | SUMAC No. Ruling | Resolving SUMAC No. | Granted Remedy | Exhibit No. |
|---|---|---|---|---|---|
| *Notification and Order* | 08/26/2024 | 25 | 22 | Las Martas' legal representation was accepted and the Court granted it 30 days to file an answer to the Complaint. | **XXII** |
| *Notification and Order* | 10/05/2021 | 41 | 38 | JM Dairy's legal representation was accepted and the Court granted it 30 days to file an answer to the Complaint. | **XXIII** |
| *Notification and Order* | 10/19/2021 | 48 | 43, 44 | The Court denied the Motion to Stay Pending Appeal. | **XXIV** |
| *Notification and Order* | 10/22/2021 | 50 | 49 | The Court afforded Barreto Ginorio a final 10-day term to file an answer to the complaint under penalty of being found in default. | **XXV** |
| *Minute of Initial Hearing* | 02/10/2022 | 67 | N/A | The Court ruled the following:<br><br>• Granted 20 days to counsel for Barreto, JM Dairy and Las Martas to Answer the Counterclaim.<br>• Granted 20 days to counsel for Barreto to inform if he will seek mediation as afforded by the law.<br>• The request for summary judgment by Condado is set aside and a limited discovery will be allowed prior to answering the request for summary judgment. The court offered 20 days from the day after the hearing.<br>• Granted 35 days for Barreto to file any pleading regarding mediation or *credito litigioso*.<br>• The request for dismissal is set aside | **XXVI** |

| Title of Ruling | Date | SUMAC No. Ruling | Resolving SUMAC No. | Granted Remedy | Exhibit No. |
|---|---|---|---|---|---|
| | | | | and counsel for Hernandez is afforded 30 days to inform efforts with the bank. A status hearing was scheduled for July 5, 2022, at 9:00am via videoconference. | |
| *Notification and Order* | 03/11/2022 | 73 | 70 | The Court ordered the party to initiate discovery to inquire or requests documents he is interested in from Condado. | **XXVII** |
| *Notification and Order* | 03/14/2022 | 83 | 79 | The Court afforded Plaintiff and Codefendants 20 days to respond to Barreto's Motion requesting case be transferred to mediation. | **XXVIII** |
| *Notification and Order* | 03/30/2022 | 93 | 88 | The Court afforded the co-defendant a final term of 15 days to file its response to the Motion for Summary Judgment. | **XXIX** |
| *Notification and Order* | 04/18/2022 | 99 | 98 | The Court suspended terms of motion for summary judgment until discovery disputes are resolved on or before May 31, 2022. | **XXX** |
| *Notification and Order* | 07/22/2022 | 117 | 116 | The Court ordered Condado to provide payoff of debt as of present. The Court afforded Barreto Ginorio *10 more days*, as a last extension to file his position as to the *Motion for Summary Judgment*. | **XXXI** |
| *Partial Judgment* | 08/31/2022 | 135 | 129 | The case was stayed as to co-defendant Las Martas | **XXXII** |
| *Partial Judgment* | 11/09/2023 | 158 | 154 | The case was stayed as to co-defendant Barreto | **XXXIII** |

| Title of Ruling | Date | SUMAC No. Ruling | Resolving SUMAC No. | Granted Remedy | Exhibit No. |
|---|---|---|---|---|---|
| | | | | Ginorio | |
| *Notification and Order* | 11/14/2023 | 163 | 159 | The Court ordered the parties to reply within 15 days. | **XXXIV** |
| *Notification and Order* | 12/04/2023 | 173 | 170 | The Court noted the Motion. | **XXXV** |
| *Resolution* | 04/18/2024 | 181 | 159, 170 | Denying the requests of Hernandez Ruiz and JM Dairy to stay the case. | **XXXVI** |
| *Order* | 05/15/2024 | 184 | N/A | Order imposing sanctions to Las Martas in the amount of $50.00. | **XXXVII** |
| *Resolution* | 05/20/2024 | 188 | 187 | The Court granted the Motion for Reconsideration and sanctions were set aside. | **XXXVIII** |
| *Order Referring Case to Mediation in Foreclosure Cases* | 10/08/2024 | 201 | 198 | The Court scheduled a mediation for October 21, 2024, at 8:45am. | **XXXIX** |
| *Notification and Order* | 01/14/2025 | 203 | 202 | The Court noted the Informative Motion stating the parties did not reach an agreement in mediation. The Court scheduled a pre-trial hearing for April 8, 2025, at 9:00a.m. | **XL** |

10. On August 16, 2022, the Debtor filed the instant **third** Chapter 12 bankruptcy petition (ECF No. 1).

11. On September 1, 2022, Condado filed a *Motion to Dismiss* the third bankruptcy case under Section 1208(c) of the Bankruptcy Code (the "*Motion to Dismiss*", ECF No. 22). On October 3, 2022, the Debtor filed a *Response to Motion to Dismiss* (the "*Opposition*", ECF No. 37).

12. On June 15, 2023, the Bankruptcy Court held an evidentiary hearing to consider Condado's *Motion to Dismiss* and Debtor's *Opposition* and took the matter under advisement.

<u>See</u> *Minutes of Hearing Held on June 15, 2023*, ECF No. 143.

13. On September 29, 2023, the Bankruptcy Court entered an *Opinion and Order* dismissing the instant case (ECF No. 148). The Court found that the Debtor's proposed amended plan of reorganization was not feasible and therefore did not comply with Section 1225(a)(6) of the Bankruptcy Code concluding as follows:

> the Debtor's financial situation has only worsened since the first bankruptcy petition and second bankruptcy petition, not only because there has been a decrease in the assets and an increase in liabilities, **but most importantly because there are on-going foreclosure proceedings against the farmland which the Debtor utilizes to run its dairy farm operation. If the foreclosure proceedings are successful, there will be no farming operation.** The Court finds that there has been no substantial change in circumstances from the previous case aside from increasing debts and decreasing collateral and the probability that the farmland will be foreclosed by Condado. **Moreover, there is no evidence in the historical financial performance of the Debtor in which this court may rely on to determine that there is any reasonable likelihood that this Debtor may be rehabilitated.** The estate has continued to diminish for the past four (4) years and nine (9) months and there is no hope of rehabilitation. The Debtors have consistently demonstrated for the past eleven years (in bankruptcy) that they do not have a viable farming operation sufficient to pay expenses and fund a plan and the value of the estate continues to diminish with the passage of time (VLM personal assets) and its liabilities continue to increase. There is also a consistent lack of payment to creditors. **The Court concludes that in the instant case, the Debtor does not operate a sustainable milk producing operation which can generate enough monies to pay its operational expenses in addition to the plan payments that will need to commence upon the effective date of the plan. <u>The court finds that the Debtor failed to meet its burden with respect to feasibility.</u>** The Court is mindful that the Debtor's principal has been in the milk industry since 1988. However, the Debtor's financial condition has only worsened throughout the years. Condado's debt has been fully matured since January 12, 2015. <u>**The Debtor may not continue to speculate with Condado's money.**</u>

*Opinion and Order Dismissing Case*, Bankr. Case No. 22- 02380-ESL12, ECF No. 148, pp. 33-34, 2023 Bankr. LEXIS 2413, at *59, 2023 WL 6413170, at *17 (boldface and underline added).

14. On November 9, 2023, the Debtor filed a *Notice of Appeal* electing to have the instant appeal heard by the Bankruptcy Appellate Panel for the First Circuit (ECF No. 168).

15. On March 5, 2025, the Bankruptcy Appellate Panel entered an *Opinion and Order* (ECF No. 190) vacating the *Opinion and Order Dismissing Case* finding that "[b[ecause § 1208(c)(9) is phrased in the conjunctive and the court's order expressly granted Condado's motion to dismiss based on that provision, we conclude here. Our determination of this narrow

issue does not reach the court's assessment of the second prong of § 1208(c)(9) *or any other basis for dismissal*" (italics added).

16. On June 26, 2025, Condado filed its second *Motion to Dismiss* (the "*Second Motion to Dismiss*", ECF 207) for bad faith and unusual delay because the Debtor, in cahoots with its principal-guarantor (Barreto), ex-wife-guarantor and related corporation (JM Dairy, wholly owned and controlled by Mr. Barreto) have orchestrated a scheme to frustrate, thwart and delay the pending Foreclosure Case and collections efforts by Condado through the incessant filing of bankruptcies and continuous requests to stay the proceedings for year**s** (plural).

17. Condado seeks relief from the automatic stay on the same grounds.

<u>Applicable Law and Discussion</u>

**(A)** *The automatic stay, generally.*

18. Section 362 of the Bankruptcy Code governs the automatic stay in bankruptcy cases. Section 362(a) "provides for a broad stay of litigation, lien enforcement and other actions, judicial or otherwise, that are attempts to enforce or collect prepetition claims. It also stays a wide range of actions that would affect or interfere with property of the estate, property of the debtor or property in the custody of the estate." 3-362 <u>Collier on Bankruptcy</u> ¶ 362.01 (16th ed. 2024).

19. While the protections of the automatic stay under Section 362(a) are broad in scope, they are not unlimited:

> Section 362 … recognizes circumstances in which a party subject to the stay may be entitled to relief. It provides grounds for seeking relief from the stay and, in conjunction with Bankruptcy Rule 4001, provides a procedure for seeking such relief.

3-362 <u>Collier on Bankruptcy</u> ¶ 362.01 (16th ed. 2024).

20. Condado moves for relief from the automatic stay in accordance with Section 362(d)(4) of the Bankruptcy Code, Fed. R. Bankr. P. 4001 and PR LBR 4001-1.

**(B)** *Cause for relief from stay under Section 362(d)(4) of the Bankruptcy Code.*

21. Section 362(d)(4) of the Bankruptcy Code provides as follows:

On request of a party in interest and after notice and a hearing, the court shall grant

>   relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>   …
>   (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that <u>the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either</u>—
>   …
>   (B)    <u>multiple bankruptcy filings affecting such real property</u>.

11 U.S.C. § 362(d)(4) (underline added).

22.    Section 362(d)(4) affords relief from the automatic stay with respect to an act against real property if the Court finds that the filing of the bankruptcy petition was part of a scheme to "delay, hinder, or defraud creditors" that involves multiple bankruptcies affecting the real property. See Hon. Joan N. Feeney *et al.*, Bankruptcy Law Manual § 7:56 (5th ed. 2025).

23.    Notably, prior to 2010, Section 362(d)(4) required a secured creditor to demonstrate a scheme to delay, hinder **and** defraud creditors. "Accordingly, prior to 2010, relief under § 362(d)(4) required specific proof of a scheme which was intended to do all three." Hon. Joan N. Feeney *et al.*, Bankruptcy Law Manual § 7:56 (5th ed. 2018). But the Bankruptcy Technical Corrections Act of 2010, which became effective December 22, 2010, replaced the phrase "delay, hinder, **and** defraud creditors" with "delay, hinder, **or** defraud creditors". Pub. L. 111-327 § 2, 124 Stat. 3557 (2010) (boldface and underline added). Also see Hon. Joan N. Feeney *et al.*, Bankruptcy Law Manual § 7:56 (5th ed. 2018), fn. 1.

24.    Within our First Circuit, in In re Moniz, 2011 Bankr. LEXIS 2913, at **7-8, 2011 WL 3207373, at *3 (Bankr. D. Mass. 2011), the US Bankruptcy Court for the District of Massachusetts analyzed that under "Section 362(d)(4)(B) of the Bankruptcy Code, a court 'shall grant' relief from the automatic stay, insofar as the stay enjoins acts against real property by a creditor whose claim is secured by that property, 'if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved ... multiple bankruptcy filings affecting such property.'"

25.    The Bankruptcy Code does not define "multiple bankruptcy filings". But Black's

Law Dictionary defines "multiplicity of actions" as "the existence of two or more lawsuits litigating the same issue". Black's Law Dictionary (10th ed. 2014).

26. "Prior to 2010, some courts ruled that the mere proof that debtor was a serial filer did not establish the required intent for relief… **But repeat filings designed to frustrate creditors' rights against the real property have been held to be sufficient predicate acts**." Hon. Joan N. Feeney *et al.*, Bankruptcy Law Manual § 7:56 (5th ed. 2025) (footnotes and citations omitted, boldface added).

27. For relief under Section 362(d)(4), the creditor must "establish (1) that the Debtor engaged in a scheme; (2) to delay, hinder, or defraud creditors; (3) which involved multiple filings affecting the Property. Section 362(d)(4) is disjunctive, thus, the court need not inquire into fraud if it finds there was hindrance or delay to the Movant." In re Lewis, 2016 WL 2941432, at *2 (Bankr. D.R.I. 2016) (citations omitted).

28. "In addition, § 105(a) of the Bankruptcy Code authorizes a bankruptcy court to grant *in rem* relief in connection with granting relief from the stay under § 362(d) in circumstances where an ordinary stay relief order will not be effective to protect a secured lender's rights, as demonstrated by the prior history of the parties and the property." Rodriguez v. BPPR (In re Rodriguez), 516 B.R. 177, 179 n.2 (B.A.P. 1st Cir. 2014) (citations omitted).

29. Section 362(d)(4) is intended to stop the "abuse of the bankruptcy process through multiple filings with the sole purpose of frustrating the legitimate efforts of creditors to recover their collateral." In re Forrestal, 2015 WL 575044, at *2, 2015 Bankr. LEXIS 425, at *5 (Bankr. D.R.I. 2015) (citations omitted).

30. A court can "draw a permissible inference of a scheme to hinder, delay, and defraud based on the mere timing and filing of several bankruptcy cases." In re Magnale Farms, LLC, 2018 Bankr. LEXIS 1040 at *16, 2018 WL 1664849, at *6 (Bankr. N.D.N.Y. Apr. 3, 2018) (underline added). "In order to appropriately grant *in rem* relief, the record must clearly demonstrate *an abuse of the bankruptcy process* through *multiple filings with the sole purpose of*

*frustrating the legitimate efforts of creditors to recover their collateral*." In re Henderson, 395 B.R. 893, 901 n.15 (Bankr. D.S.C. 2008) (italics added).

31. "When utilized as intended by Congress, [§362(d)(4) is an effective tool for secured creditors to mitigate the damage caused by debtors who engage in conduct that hinders, delays or defrauds secured creditors in the exercise of their rights under applicable state law." In re Merlo, 646 B.R. 389, 394 (Bankr. E.D.N.Y. 2022).

32. In this case, this Court has already concluded that the Debtor has engaged in a scheme to delay or hinder Condado's legitimate efforts to foreclose on the Property through multiple bankruptcy filings affecting the Property. See *Opinion and Order Dismissing Case*, Bankr. Case No. 22- 02380-ESL12, ECF No. 148, pp. 33-34, 2023 Bankr. LEXIS 2413, at *59, 2023 WL 6413170, at *17

33. The Debtors have filed multiple bankruptcy petitions over, with each filing coinciding with imminent foreclosure actions by Condado. These filings demonstrate a clear pattern of multiple filings designed to disrupt Condado's foreclosure efforts, as each filing was timed to coincide with significant actions in the foreclosure process.

34. The Debtors' conduct demonstrates an intention to delay or hinder Condado's ability to enforce its rights. The timing of each bankruptcy filing, in direct response to foreclosure actions, supports an inference of a scheme to frustrate Condado's efforts to recover its collateral. As discussed, the multiple filings have stalled the foreclosure process, during which Condado has been unable to foreclose on the Property.

35. In consideration of the foregoing, relief from stay under Section 362(d)(4) is warranted.

(C) *There is also cause to grant relief from the automatic stay upon the Debtor's lack of good faith.*

36. "A Bankruptcy Court has the inherent power and duty [] to inquire into the good faith of a debtor seeking Chapter 11 relief." In re Harvey Probber, Inc., 44 B.R. 647, 652 (Bankr. D. Mass. 1984).

37. "[B]ad faith" is "'cause' … to lift the [automatic] stay". In re Jackson, 2024 Bankr. LEXIS 971, at *6, 2024 WL 1745132, at *2 (Bankr. D. Ariz. Apr. 23, 2024). Also see In re Project Orange Assocs., LLC, 432 B.R. 89, 112 (Bankr. S.D.N.Y. 2010) ("Bad faith may be sufficient 'cause' to lift the stay"); Alta Vista, LLC v. Juarez (In re Juarez), 533 B.R. 818, 822 (Bankr. D. Colo. 2015) ("the Court agrees with [creditor], where a court finds that a case has been filed in bad faith, such a finding would constitute cause for lifting the stay under § 362(d)(1)"); In re Chalek, 2025 Bankr. LEXIS 165, at *7 (Bankr. S.D.N.Y. Jan. 29, 2025) ("[b]ad faith in filing for bankruptcy constitutes 'cause' warranting [automatic] stay relief [under § 362(d)(1)]").

38. In our First Circuit, "[l]ack of good faith may constitute cause for the dismissal … **as well as cause to lift the stay under 362(d)(1).**" In re Quinones, 73 B.R. 333, 337 (Bankr. D.P.R. 1987) (boldface and underline added), citing In re Coastal Cable T.V. Inc., 709 F.2d 762 (1st Cir. 1983), and Furness v. Lilienfield, 35 B.R. 1006 (Bankr. D. Md. 1983).

39. In In re Reyes Ramos, 2006 Bankr. LEXIS 3817, 2006 WL 3898377 (Bankr. D.P.R. Jan. 13, 2006), the Court ruled that filing a bankruptcy petition in bad faith constitutes proper cause for relief from the automatic stay under Section 362(d)(1). In doing so, the Court examined the totality of circumstances including:

> **(1) when the petition is filed merely as a litigation tactic; (2) when the petition was filed solely to frustrate the legitimate efforts of other parties to enforce their rights;** (3) when the debtor lacks a valid reorganizational purpose; and (4) when the debtor's sole motive is to avoid a contract.

2006 Bankr. LEXIS 3817, at * 8, 2006 WL 3898377, at *3 (boldface added).

40. "Facts that would justify dismissal of a bankruptcy case also generally constitute cause for granting relief from the stay under § 362(d)(1)." In re Schaffer, 597 B.R. 777, 790 (Bankr. E.D. Pa. 2019). "In addition, the determination of a debtor's bad faith in filing a case may also constitute 'cause' to grant relief from the automatic stay". Id. at 791.

41. Here, there is no dispute that Debtor has *a long history of prior bankruptcy filings since 2011* (both prior cases were dismissed), and there *is no significant change in circumstances or legitimate bankruptcy purpose*. This is the Debtor's third bankruptcy petition. The First

Bankruptcy Petition filed on June 21, 2011 (Case No. 11-05237-ESL12, ECF No. 1), subsequently consolidated with Case No. 11-5236-ESL12 (ECF No. 20), was dismissed on January 16, 2018 pursuant to 11 U.S.C. § 1208(c)(6) for material default with respect to the terms of a confirmed plan, and pursuant 11 U.S.C. § 1208(c)(1) for unreasonable delay prejudicial to creditors (Case No. 11-5236-ESL12, ECF No. 387).

42.  The Debtor's Second Bankruptcy Petition was filed on December 14, 2018 (Case No. 18-07304-ESL12, ECF No. 1) and was dismissed on April 22, 2021 pursuant 11 U.S.C. § 1208(c)(1) for unreasonable delay prejudicial to creditors, and Debtor's failure to file a timely confirmable plan under 11 U.S.C. § 1208(c)(3) (Case No. 18-07304-ESL12, ECF No. 251, 275). The *Opinion and Order* in Second Bankruptcy Petition affords a detailed recount of the Debtor's *dilatory tactics*. See In re Vaqueria Las Martas, Inc., 2021 Bankr. LEXIS 1075, 2021 WL 8200008.

43.  Condado has had to appear and defend itself from continuing attacks, past and present, to no avail, and is currently working and incurring additional costs to foreclose on this same loan that **has been past due and payable since January 12, 2015** (**Exhibit XLI**, Proof of Claim No. 1, Part 5, p. 22), that is, for over 10 years.

44.  The Debtor filed this case in bad faith with the sole purpose of circumventing the *Foreclosure Case* against the Debtor's principal and co-guarantor (Mr. Juan Manuel Barreto Ginorio), his former spouse and co-guarantor (Ms. Maria Elena Hernandez Ruiz) and JM Dairy, Inc. (as further co-guarantor of the Loan) in a Loan that matured **more than 10 years ago**.

45.  We underscore that at the Hearing held on June 15, 2023, Mr. Barreto (Debtor's president and shareholder) testified *how he planned the foregoing scheme to stall the Foreclosure Case as follows*:

> Q. Now, Mr. Barreto, if Condado succeeds in its foreclosure case and it gets an order allowing them to foreclose on the farm property, what will you do?
>
> A. I haven't analyzed it yet. But I've spent my entire life working in this business since I was a child.
>
> Q. So will you file any proceedings to stop the foreclosure?
> ...

>A. Yes.
>
>Q. Do you know what kind of proceeding?
>
>A. I haven't analyzed it, it would be analyzed in the moment.
>
>Q. But would that possibly be a bankruptcy filing?
>
>MR. CHICO-BARRIS: I was going to object to the question, Your Honor, because it's leading.
>
>THE COURT: I'm going to overrule the objection. But do note that the answer may not be the best interest of the debtor.
>
>Q. Would that possibl[y] include a bankruptcy filing?
>
>A. Total?
>
>Q. No. Like, a Chapter 13, Chapter 12, Chapter 11?
>
>A. Yes.

*Transcript*, ECF No. 182, p. 29, lines 19-25, and p. 30, lines 1-13. He also testified during cross-examination as follows:

>Q. Your counsel asked you earlier that if Condado succeeds in the foreclosure case filed with the Puerto Rico Court of First Instance, foreclosing that same property, that you would basically file for bankruptcy to stop that foreclosure, correct?
>
>A. Yes.
>
>Q. And the purpose of that would be to stop the execution of a foreclosure judgment, right?
>
>A. Yes.
>
>Q. Do you know how long this loan has been past due?
>
>A. No.

*Transcript*, ECF No. 182, p. 39, lines 22-25, and p. 40, lines 1-7.

46.    The Debtor's bad faith is apparent from this <u>third</u> filing motivated by or targeted solely at Condado. Its pattern of conduct is aimed at thwarting Condado's foreclosure and collection efforts on a loan that's been past due and payable *over 10 years ago*.

47. Therefore, cause exists to grant relief from the automatic stay for Condado to continue and conclude the Foreclosure Case *in rem* for the Debtor's bad faith.

(D) *Request to waive the 14-day stay in Fed. R. Bankr. P. 4001(a)(3).*

48. Fed. R. Bankr. P. 4001(a)(3) provides as follows:

> An order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after the entry of the order, <u>unless the court orders otherwise</u>.

Fed. R. Bankr. P. 4001(a)(3) (underline added).

49. The grounds to grant relief from stay under Section 362(d)(4) also constitute cause to waive the 14-day stay in Fed. R. Bankr. P. 4001(a)(3). <u>See</u> <u>In re Lewis</u>, 2016 WL 2941432, at *3.

### Prayer for Relief

WHEREFORE, Condado respectfully moves the Court to: (a) grant relief from the automatic stay under any of the grounds discussed herein; (b) waive the 14-day stay under Fed. R. Bankr. P. 4001(a)(3); and (c) grant any further equitable or legal relief.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 2nd day of July 2025.

### Objection Notice - PR LBR 9013-1(c)(1)

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.

*[Space intentionally left blank. Signature page to follow.]*

<u>Certificate of Service</u>

We hereby certify that on this same date, we electronically filed the foregoing with the Clerk of the Court using the Next Gen CM/ECF system which will send notification of such filing to all Next Gen CM/ECF participants in this case, including the Debtor's counsel, the Chapter 12 Trustee, the U.S. Trustee for Region 21, and all parties that requested notice. We further certify, that in compliance with P.R. LBR 4001-1(c), a copy of this motion will be served upon the issuance of the *Summons* via regular mail pre-paid postage to the Debtor, the Debtor's counsel, the Chapter 12 Trustee, and the U.S. Trustee for Region 21.

San Juan, PR
July 2, 2025

**Ferraiuoli** LLC

Attorneys for Condado
American International Plaza
250 Muñoz Rivera Avenue
6th Floor
San Juan, PR 00918
PO Box 195168
San Juan, PR 00919-5168
Phone: (787) 766-7000
Facsimile: (787) 766-7001

*/s/ Gustavo A. Chico-Barris*
GUSTAVO A. CHICO-BARRIS
USDC-PR No. 224205
gchico@ferraiuoli.com

*/s/Tomás F. Blanco-Pérez*
TOMAS F. BLANCO-PEREZ
USDC-PR No. 304910
tblanco@ferraiuoli.com