AR2021CV00693 10/11/2023 12:31:12 pm Entrada Núm. 159 Página 1 de 6
Case:22-02380-ESL12 Doc#:211-15 Filed:07/02/25 Entered:07/02/25 17:20:01 Desc:
Exhibit XV - SUMAC 159 - Request to Stay Proceedings and for Entry of Default   Page 1 of 6

**EXHIBIT XV**

**ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE UTUADO**

| | |
|---|---|
| CONDADO 5 LLC<br>**Demandante**<br>v.<br><br>LAS MARTAS INC., JUAN MANUEL BARRERO GINORIO t/c/c JUAN M. BARRETO<br>GINORIO, MARIA ELENA HERNANDEZ RUIZ<br>t/c/c MARIA E. HERNANDEZ RUIZ Y LA<br>SOCIEDAD LEGAL DE GANANCIALES COMPUESTA ENTRE ELLOS Y LOS ESTADOS UNIDOS DE AMERICA<br>**Demandados** | CIVIL NUM.:AR2021CV00693<br>SALA 403<br><br>SOBRE: COBRO DE DINERO Y EJECUCION DE HIPOTECAS |

<u>**Solicitud de Paralización de los Procedimientos y Anotación de Rebeldía**</u>

AL HONORABLE TRIBUNAL:

Comparece la parte co-demandada MARIA HERNANDEZ RUIZ representada por el abogado que suscribe, y muy respetuosamente EXPONE:

1. Que, en el día de ayer 9 de noviembre de 2023, estaba supuesto a que se celebra una vista evidenciaría, la cual fue modificada y se llevó a cabo como una vista de estatus.
2. Que según lo alegado y una vez examinado el expediente electrónico del caso de epígrafe, así como la "Moción Informativa y en Solicitud de Paralización de los Procedimientos por Radicación de Quiebra" presentada por la parte codemandada, JUAN MANUEL BARRETO GINORIO, en la

1 | **P a g e**

AR2021CV00693 10/11/2023 12:31:12 pm Entrada Núm. 159 Página 2 de 6
Case:22-02380-ESL12 Doc#:211-15 Filed:07/02/25 Entered:07/02/25 17:20:01 Desc:
Exhibit XV - SUMAC 159 - Request to Stay Proceedings and for Entry of Default Page 2 of 6

que manifiesta haberse acogido a un procedimiento ante el Tribunal Federal de Quiebras (Caso Núm. 23-03681-11).

3. Este Tribunal y su Honorable Jueza emitieron una sentencia declarando la petición del Sr. JUAN MANUEL BARRETO GINORIO HA LUGAR, y en su consecuencia, dicta Sentencia Parcial decretando la paralización de los procedimientos en el presente caso únicamente en cuanto a la parte codemandada, JUAN MANUEL BARRETO GINORIO y reservándose expresamente jurisdicción para decretar su reapertura a solicitud de parte, en la eventualidad de que la petición de quiebra sea denegada en cualquier momento con posterioridad a la fecha de la presente Sentencia Parcial.

4. Con el debido respeto alegamos que nuestra representada tiene una demanda contra coparte contra todos los demás codemandados, incluidos; el Sr. JUAN MANUEL BARRETO GINORIO y las corporaciones LAS MARTAS INC. y JM DAIRY INC.

5. Al día de hoy, no se ha recibido contestación alguna por parte de las corporaciones codemandadas LAS MARTAS INC. y JM DAIRY INC, por lo que se solicita se anote la rebeldía en conformidad con las Reglas d Procedimiento Civil de PR.

6. Que el Sr. JUAN MANUEL BARRETO GINORIO mediante escrito titulado MOCION INFORMATIVA con fecha del 5 de mayo de 2022 (Entrada Núm. 101), está consciente de la controversia que existe entre el Demandante y la codemandada María E. Hernández Ruiz. Que, a su vez, el Sr. JUAN MANUEL BARRETO GINORIO manifiesta que se divorció de la codemandada Hernández Ruiz, y en dicho proceso se quedó con los inmuebles y las deudas de la Sociedad Legal de Gananciales y que asumió toda responsabilidad sobre las deudas del matrimonio, y que la codemandada María E. Hernández no tiene responsabilidad en dichas obligaciones, las cuales fueron negociadas por él y el Banco sin la presencia ni autorización de la codemandada María E. Hernández. Manifiesta el codemandado Barreto Ginorio que cualquier

AR2021CV00693 10/11/2023 12:31:12 pm Entrada Núm. 159 Página 3 de 6
Case:22-02380-ESL12 Doc#:211-15 Filed:07/02/25 Entered:07/02/25 17:20:01 Desc:
Exhibit XV - SUMAC 159 - Request to Stay Proceedings and for Entry of Default Page 3 of 6

responsabilidad, si alguna, que se le impute al final de este caso será asumida por él, y que reconoce que la codemandada María E. Hernández no tiene responsabilidad en las mismas.

7. Que lo antes mencionado en el inciso 6 de este escrito fue confirmado mediante alegación expresa de su representante legal en la vista celebrada durante el día de ayer 9 de noviembre de 2023 y de paso solicitó que se tomara como la contestación de la demanda contra coparte.

8. Reiteramos que este Tribunal y su Honorable Juez dicta Sentencia Parcial decretando la paralización de los procedimientos en el presente caso únicamente en cuanto a la parte codemandada, JUAN MANUEL BARRETO GINORIO.

9. En la vista del día de ayer alegamos que existe una demanda contra coparte contra los demás codemandados, de los cuales dos de ellos alegan haber presentado una petición de quiebra, lo que al momento privaría a mi representada de recibir el remedio solicitado en la demanda contra coparte esto por estar paralizados los procesos para estos.

10. Por otra parte, mi representada se vería perjudicada de enfrentar un proceso de cobro de dinero, por unas acciones que han sido llevada a cabo precisamente por las partes a las que se le han paralizado los procesos, entiéndase LAS MARTAS INC. y el Sr. JUAN MANUEL BARRETO GINORIO.

11. Es necesario aclarar que tanto LAS MARTAS INC. y el Sr. JUAN MANUEL BARRETO GINORIO, son parte indispensable en el presente proceso, por lo que entendemos la paralización total del proceso es lo que amerita el presente caso.

12. Como se sabe, los procedimientos de quiebras los regula, de forma exclusiva, el Congreso de Estados Unidos. Así, la legislación de quiebras federal constituye campo ocupado para los estados, los cuales no pueden legislar en

contravención a esta. Marrero Rosado v. Marrero Rosado, 178 DPR 476, 490 (2010). El Código de Quiebras, 11 USCA sec. 101 et seq., rige los procedimientos ante las Cortes de Quiebras federales, tribunales creados exclusivamente para estos fines. Íd

13. El Código de Quiebras, supra, ofrece ciertas protecciones a las personas que se acogen al proceso de quiebra. Una de estas es la paralización automática "del comienzo o la continuación de cualquier proceso judicial, administrativo o de otra índole que fue o pudo haber sido interpuesto contra el deudor, o para ejercitar cualquier acción cuyo derecho nació antes de que se iniciara la quiebra". Allied Management v. Oriental Bank, 2020 TSPR 52, 204 DPR __ (2020). (Citas omitidas). (Énfasis en el original). La paralización automática también protege al deudor de aquellas acciones judiciales o administrativas iniciadas contra este, que procuren la ejecución de una sentencia obtenida o la recuperación de reclamaciones hechas con anterioridad a la petición de quiebra, respectivamente. 11 USC sec, 362(a)(1); Allied Management v. Oriental Bank, supra.

14. Con la paralización automática se busca proveer un respiro al deudor y, además, proteger a los acreedores ante la posibilidad de que los activos del deudor desaparezcan de forma desorganizada ante acciones individuales contra este. Véase, Collier on Bankruptcy, Lawrence P. King (1996), 15th ed., Vol. 3, sec. 362.03.

15. Son exclusivamente las Cortes de Quiebras los tribunales con discreción para terminar, modificar o condicionar los efectos de la paralización automática por las causas enumeradas en el Código de Quiebras, supra, sec. 362. A modo de ejemplo, una Corte de Quiebras podría poner fin a la paralización para permitir la continuación del pleito en otro foro, "particularmente si involucra una

multiplicidad de partes, si está listo para juicio, o si es lo más prudente en atención al aspecto de economía judicial". Allied Management v. Oriental Bank, supra, citando a 3 Collier on Bankruptcy Sec. 362.07[3][a]. (Énfasis suplido). De igual forma, podrá ordenarlo si estima que el otro foro en cuestión es el más apropiado para dilucidar una controversia en específico. Íd.

16. Además, una Corte de Quiebras podrá modificar una paralización automática para fines de que se diluciden ciertos aspectos en otro foro, aunque a su vez, retenga la jurisdicción sobre otros aspectos en particular de la controversia. Esta discreción siempre responderá a las circunstancias particulares de cada caso. Marrero Rosado v. Marrero Rosado, supra, en las págs. 491-492. Véase además, John's Insulation v. L. Addison & Assocs., 156 F.3d 101, 110 (1er Cir. 1998).

17. Según surge de la Sección II(B), una vez se presenta una petición de quiebra, la paralización automática cobra efecto sobre cualquier procedimiento judicial. Esto impide la continuación del procedimiento en cuestión y priva a los tribunales estatales de jurisdicción. Esto es automático. A raíz de ello, únicamente las Cortes de Quiebras tienen la facultad para ordenar la continuación de un pleito en otro foro.

18. Ello implica, necesariamente, que cualquier procedimiento (u orden) que se realiza en contravención de esta paralización es nula y no surte efecto legal. Peerles Oil v. Hnos. Torres Pérez, 186 DPR 239, 250 (2012). Otra consecuencia de la falta de jurisdicción es que las partes no pueden conferírsela voluntariamente a un tribunal, como tampoco puede el propio tribunal arrogársela. Allied Management v. Oriental Bank, supra, citando a SLG Solá-Moreno v. Bengoa Becerra, 182 DPR 675, 682 (2011) y Pagán v. Alcalde Mun. de Cataño, 143 DPR 314, 326 (1997). La

AR2021CV00693 10/11/2023 12:31:12 pm Entrada Núm. 159 Página 6 de 6
Case:22-02380-ESL12 Doc#:211-15 Filed:07/02/25 Entered:07/02/25 17:20:01 Desc:
Exhibit XV - SUMAC 159 - Request to Stay Proceedings and for Entry of Default   Page 6 of 6

falta de jurisdicción se sabe, es un defecto que no puede subsanarse. Lozada Sánchez v. ELA, 184 DPR 898, 994 (2012).

POR TODO LO CUAL, se solicita muy respetuosamente de este Tribunal y su Honorable Juez tome conocimiento la presente moción, anote la rebeldía para las corporaciones LAS MARTAS INC. y JM DAIRY INC. por el incumplimiento en la respuesta a la demanda contra coparte y se ordene a paralizar los procedimientos en su totalidad hasta que se resuelvan los procesos presentados en el Tribunal de Quiebras con cualquier otro pronunciamiento que en derecho proceda.

**RESPETUOSAMENTE SOMETIDA**

En Arecibo, Puerto Rico, hoy 10 de noviembre de 2023.

F/Rafael R. Pinzón Santiago
RUA 22506
pinzon8888@gmail.com
Cond. Escorial Altos 404
42 Calle Modesta
San Juan, PR 00924
CEL.;787-527-6822