Case:22-02380-ESL12 Doc#:211-39 Filed:07/02/25 Entered:07/02/25 17:20:01 Desc:
Exhibit XXXIX - SUMAC 201 - Order Referring Case to Mediation Page 1 of 4

AR2021CV00693 08/10/2024 08:59:44 a.m. Página 1 de 2

EXHIBIT XXXIX

Estado Libre Asociado de Puerto Rico
**TRIBUNAL GENERAL DE JUSTICIA**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE ARECIBO**

| | |
|---|---|
| Condado 5 LLC<br>**PARTE DEMANDANTE**<br><br>vs.<br><br>Las Martas, Inc., Juan Manuel Barreto Ginorio y otros<br><br>**PARTE DEMANDADA** | **Civil Núm.:** AR2021CV00693<br><br>**Salón:** **403**<br><br>**Sobre:** **COBRO DE DINERO Y EJECUCIÓN DE HIPOTECA** |

**ORDEN DE REFERIDO AL CENTRO DE MEDIACIÓN DE CONFLICTOS EN CASOS DE EJECUCIÓN DE HIPOTECAS**

A tenor con lo dispuesto en la Ley Núm. 184-2012, según enmendada, y el *Reglamento de Métodos Alternos para la Solución de Conflictos,* según enmendado, se refiere el presente caso a un Centro de Mediación de Conflictos de la Rama Judicial. El proceso de mediación compulsoria que exige la Ley 184-2012, supra, se llevará a cabo de manera remota mediante videoconferencia.

**La mediación por videoconferencia será el 21 de octubre de 2024 a las 8:45** ☒ **AM** ☐ **PM.** <u>*Se ordena a ambas partes informar al Centro de Mediación de Conflictos el correo electrónico que se utilizará para enviar el enlace de la videoconferencia; a su vez el Centro de Mediación deberá conocer el nombre de la persona que estará representando al acreedor.*</u> **De existir alguna dificultad tecnológica para conectarse a la videoconferencia, se comunicarán con el Centro de Mediación inmediatamente al 787-878-7530 Ext. 2300.**

La participación en la sesión de mediación es obligatoria bajo pena de desacato. Las partes tendrán que someterse al proceso de manera remota, aunque no están obligadas a llegar a un acuerdo.

La parte demandante será responsable de comparecer al acto de mediación compulsoria mediante un representante autorizado conforme dispone la referida la Ley 184-2012, con el propósito de notificar al deudor hipotecario todas las alternativas disponibles en el mercado para evitar la ejecución de la hipoteca o la venta judicial en pública subasta, y poder llegar a un acuerdo satisfactorio a ambas partes para resolver su controversia (Ley 184 de 17 de agosto de 2012 (32 LPRA § 2881 Art. 2(a-b); Art. 3).

De haberse iniciado un procedimiento en '*Loss Mitigation'*, el representante autorizado deberá traer consigo el expediente del banco a las vistas en el Centro de Mediación de Conflictos. El acto de mediación compulsoria será en el salón del Tribunal y no podrá ser en las oficinas del acreedor hipotecario o de sus abogados, representantes legales o asesores y deberá ser presidida por el mediador seleccionado (Ley 184 de 17 de agosto de 2012 (32 LPRA § 2881 Art. 2 (b)).

De interesar beneficiarse de este proceso la parte demandada será responsable de entregar al demandante en las oficinas de "*Loss Mitigation*" (personalmente, por correo certificado, correo electrónico o fax), por lo menos 5 días antes de la cita en el Centro de Mediación de Conflictos, los siguientes documentos:

1. Carta explicando las razones por las cuales dejó de realizar los pagos, tales como, pero sin limitarse a: enfermedad, divorcio, pérdida de empleo, disminución en ingresos, etc. Además, deberá exponer las razones y si interesa retener o disponer de la propiedad.

Case:22-02380-ESL12 Doc#:211-39 Filed:07/02/25 Entered:07/02/25 17:20:01 Desc:
Exhibit XXXIX - SUMAC 201 Order Referring Case to Mediation Page 2 of 4

ORDEN REFERIDO CENTRO MEDIACIÓN DE CONFLICTOS

2. Evidencia de la razón para el atraso o falta de pago. Ejemplo, pero sin limitarse a: carta de despido, demanda o sentencia de divorcio, certificación médica de la enfermedad que provocaron los atrasos.

3. Informe de ingresos y gastos mensuales detallado, a la fecha en que realiza el Informe. El banco o institución financiera le puede proveer un formulario para este propósito, si así lo desea. El Informe no tiene que ser realizado por un contador o CPA.

4. Si la razón para el atraso es por motivo de divorcio, incluya copia de la sentencia de la que surja la fijación de pensión alimentaria, hogar seguro, y copia de la escritura de cesión, de aplicar el caso.

5. Talonarios de sueldo o cobro actualizados, es decir, últimos 30 días más cercanos a la fecha de entrega de los documentos.

6. Copia de los estados bancarios de los últimos tres meses más cercanos a la fecha de entrega de los documentos.

7. Planillas de Contribuciones de los últimos 2 años. Estas deben tener el sello de acuse de recibo del Departamento de Hacienda, o una copia certificada por dicha agencia. Si no ha radicado planilla, incluya la certificación del Departamento de Hacienda indicando que no se radicó planilla en el año que corresponde.

8. Estados financieros compilados (sólo para personas que tienen negocio propio). No tienen que ser certificados por un CPA. Deben comprender los últimos seis meses a partir de la fecha de esta orden.

9. Autorización para obtener informe de crédito. El banco o institución financiera le proveerá un formulario para este propósito.

10. Certificación del CRIM de que la propiedad goza de exoneración contributiva.

11. Certificación de ASUME sobre estado de cuenta o de que no tiene cuenta activa en dicha agencia.

12. Certificación de pago de cuotas de mantenimiento del condominio, "*walk up*", o urbanización con acceso contralado, más recientes y cercanos a la fecha de entrega de los documentos.

13. Facturas de los servicios de agua, luz, celular, más recientes y cercanos a la fecha de entrega de los documentos.

14. Si se trata de una Sucesión, entregar también una copia certificada de la Declaratoria de Herederos, Testamento, Planilla de Caudal Relicto, Instancia y/o Minuta de Presentación, Escritura de Repudiación (ésta última si aplica).

15. Si está acogido a un procedimiento de quiebra, deberá entregar autorización del Síndico de Quiebras.

16. Si tiene embargos de IRS deberá presentar evidencia de subordinación (plan de pago).

17. Entregar copia certificada del Poder General, Poder Especial o Poder Duradero si alguno de los demandados delega en otra persona su representación en lo relacionado a la propiedad gravada.

18. El demandado o su tutor legal informará al Tribunal si entre los responsables de la deuda hipotecaria existe una persona mentalmente incapacitada o posee alguna limitación física que le incapacite para tomar decisiones por sí mismo, o si es militar activo fuera de Puerto

ORDEN REFERIDO CENTRO MEDIACIÓN DE CONFLICTOS

Rico que no tiene en quien delegar su representación, y solicitará al Tribunal la designación de un Defensor Judicial.

Luego de haber completado la entrega de documentos la parte demandante tendrá 30 días para evaluar la documentación presentada y determinar si el demandado cualifica para alguna alternativa privada, estatal o federal, según sea el caso, de conformidad con el *Real Estate Settlement Procedures Act* (RESPA, por sus siglas en inglés), para evitar la ejecución de la propiedad o la venta judicial de la propiedad residencial gravada que constituya la vivienda principal del demandado. Además, deberá notificarlo por conducto de su representación legal al Tribunal para la acción correspondiente [12 CFR 1024. 4(g)]. El incumplimiento en la entrega de los documentos y la evaluación de estos pudiese resultar en que el Centro de Mediación de Conflictos devuelva el caso al Tribunal para que tome las determinaciones que procedan en derecho.

**De ser necesario extender el término para llevar a cabo el proceso de mediación después de señalada la vista inicial, podrá el Centro de Mediación de Conflictos extenderlo automáticamente sin necesidad de requerir la autorización previa del Tribunal.**

**REGRÍSTRESE Y NOTIFÍQUESE** a las partes, sus representantes legales y al Centro de Mediación de Conflictos.

En Arecibo, Puerto Rico, a **2 de octubre de 2024.**

*f/*Yelitza Trinidad Martin
JUEZA SUPERIOR

/ipm

3

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE Arecibo
SALA SUPERIOR DE Arecibo

| CONDADO 5 LLC | CASO NÚM. | AR2021CV00693 (SALÓN 403 - CIVIL) |
|---|---|---|
| VS | | |
| LAS MARTAS, INC. Y OTROS | SOBRE: | COBRO DE DINERO - ORDINARIO Y OTROS |

## NOTIFICACIÓN

A: CARLOS J RUIZ GONZALEZ
BUFETERUIZ.VARELA@GMAIL.COM

CENTRO DE MEDIACION DE CONFLICTOS
CMC-ARECIBO@PODERJUDICIAL.PR

EDUARDO MANUEL GONZÁLEZ LÓPEZ
EMGONZALEZ@FERRAIUOLI.COM

GUSTAVO A. CHICO BARRIS
GCHICO@FERRAIUOLI.COM

HIYEN GABRYEL ROSARIO RAMOS
HROSARIO@FERRAIUOLI.COM

LUIS G PARRILLA HERNANDEZ
LPARRILLA@FERRAIUOLI.COM

LUIS M. MORELL MORELL
LCDOMORELL@GMAIL.COM

RAFAEL RENÉ PINZÓN SANTIAGO
LCDO.PINZONSANTIAGO@GMAIL.COM

El (La) Secretario(a) que suscribe certifica y notifica a usted que con relacion al(a la) CASO EPÍGRAFE este Tribunal emitió una ORDEN el 02 de octubre de 2024.

Se aneja copia o incluye enlace:
Presione aquí para acceder al documento electrónico objeto de esta notificación.
[201]

SE LE ADVIERTE que al ser una parte o su representante legal en el caso sujeto a esta ORDEN, usted puede presentar un recurso de apelación, revisión o certiorari de conformidad con el procedimiento y en el término establecido por ley, regla o reglamento.

CERTIFICO que la determinación emitida por el Tribunal fue debidamente registrada y archivada hoy 08 de octubre de 2024, y que se envió copia de esta notificación a las personas antes indicadas, a sus direcciones registradas en el caso conforme a la normativa aplicable. En esta misma fecha fue archivada en autos copia de esta notificación.

En Arecibo, Puerto Rico, a 08 de octubre de 2024.

| VIVIAN Y. FRESSE GONZALEZ | Por: | f/PILAR H. MERCADO GONZALEZ |
|---|---|---|
| Nombre del (de la) Secretario(a) Regional | | Nombre y Firma del (de la) Secretario(a) Auxiliar del Tribunal |