UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

---------------------------------------------------------------X
In re:                                            :      Chapter 12
                                                  :
LAS MARTAS, INC.                                  :      Case No.  22-02380 (ESL)
                                                  :
        Debtor.                                   :
                                                  :
---------------------------------------------------------------X


**DEBTOR'S RESPONSE IN OPPOSITION TO "URGENT MOTION STAYING ANY REDIRECTION, WITHHOLDING OR DISTRIBUTION OF MILK SALE PROCEEDS DURING THE PENDENCY OF CONDADO'S APPEAL AND FOR CONSIGNMENT OF PROCEEDS PENDING RESOLUTION OF THE APPEAL"**

TO THE HONORABLE COURT:

   COMES NOW the Debtor, Las Martas, Inc., through the undersigned counsel, and respectfully states in response to the Urgent Motion Staying Any Redirection, Withholding or Distribution of Milk Sale Proceeds During the Pendency of Condado's Appeal and for Consignment of Proceeds Pending Resolution of the Appeal:

   1.   This Court has now *twice* ruled that Condado 5 has no lien on the post-petition proceeds of its milk sales – once in this case (Doc. #102), and once in the prior case.  *In re Vaquería Las Martas, Inc.*, 617 BR 429, 441 (Bankr. D.P.R. 2020).   The Court so found on two separate grounds: first, milk is not a product of a milk quota, but of cows, on which Condado 5 does not have a lien; and second, because Condado 5's security agreement does not include products or proceeds of *anything.*

   2.   While the Court on June 9 deferred its ultimate ruling on the escrowed money, it ordered, consistent with, and as in fact required by, its prior ruling that Condado shall " immediately

--                                                              1

cease collecting the Debtor's proceeds from the sale of milk."

3. Condado appealed that ruling on February 15, 2023, over two years ago. As was discussed at the June 9, 2025, hearing, Condado failed to seek a stay pending appeal.

4. Condado's Motion now seeks (in the form of an order further escrowing the milk proceeds) such a stay, although it fails to even cite Rule 8007, or to refer to the standards for such a stay. Debtor's prior brief, Docket #203, addresses that issue and Debtor incorporates that argument here.

5. Condado relies on the divestiture rule, which Debtor also addressed in the prior brief (#203), and that argument is incorporated here as well. The divestiture rule does not do what Condado asserts. It is a rule to protect appellate jurisdiction. It does not seek to protect the Appellant from the effects of the lower court's ruling – that is Rule 8007.[1] It seeks to prevent appeals from being mooted by events in the lower court. *In re Old Cold, LLC*, 976 F. 3d 107, 116-17 (1st Cir. 2020). Here, stopping the continued seizure of milk proceeds, as the Court did on June 9, is to *enforce* the Court's judgment, not to expand upon or alter it, and it most definitely does not moot the appeal. It bears repeating:

> Furthermore, when applying the divestiture doctrine, the Courts have recognized a **distinction "between acts undertaken to enforce the judgment and acts which expand upon or alter it; the former being permissible and the latter prohibited."** *In re Prudential Lines, Inc*., 170 B.R. 222, 243 (S.D.N.Y. 1994) (citing *N.L.R.B. v. Cincinnati Bronze, Inc*., 829 F.2d 585, 588 (6th Cir. 1987)); *see, also, In re Sabine Oil & Gas Corp.,* [548 B.R. 674, 679 (Bankr. S.D.N.Y. 2016)] at 679 ("[t]he application of the distinction in the case law between acts of enforcement and acts of alteration `is most germane in the context of a Chapter 11 bankruptcy case which involves the court's issuance of innumerable orders involving a myriad of issues, one or more of which may be on appeal at any given moment.' *Prudential Lines*, 170 B.R. at 244.").

---

[1] Condado's arguments about the risk of dissipation of the funds go not to the divestiture doctrine, but to a stay under Rule 8007, yet Condado continues to ignore the requirements of that rule. Rule 8007 has an irreparable harm and balance of harms component; the divestiture doctrine does not.

-- 2

*Betteroads Asphalt, LLC v. Firstbank Puerto Rico,*

http://scholar.google.com/scholar_case?case=9294371569977902492 (D.P.R. 2020). Allowing the Debtor to have its money from its milk sales, *on which there is no lien*, is to enforce the Court's order now on appeal. Requiring that the proceeds be escrowed is altering it, which is what the divestiture rule in fact prohibits. Therefore, the divestiture doctrine favor's Debtor's position that the seizure of Debtor's proceeds should end, not Condado's that they should be escrowed.

6. In its reply brief (Dkt. #210), Condado asserts "Here the act of distribution would resolve who gets the funds before the appellate court resolves the question of who is entitled to the funds. Far from being a mere 'enforcement' step, such distribution would 'expand upon or alter' the effect of the Court's prior order by prematurely cementing its outcome." Condado's argument would make every ruling that is appealed and unstayed simply an advisory ruling for the appellate court, not a final judgment. Unless reversed (or stayed under Rule 8007), the ruling *is* "cemented." It is final, as Condado acknowledged by appealing it. Who is entitled to the funds was resolved by *this* Court, and this Court's ruling is final and binding and not stayed. Condado asserts in its Reply that the Court "may not make new decisions or take actions that effectively decide the appealed issue in a different way." *Id.* at ¶ 29. In that, it is correct – but this is not deciding it in a different way. It is already decided in the way it was decided, and that leads inexorably to the conclusion that the Debtor is entitled to the milk proceeds.

WHEREFORE, Debtor respectfully requests that Condado 5's "Urgent Motion" be denied, and that Vaqueria Tres Monjitas be ordered to pay over Debtor's funds to the Debtor.

Dated: July 2, 2025.

Respectfully submitted,

/s/ Daniel M. Press
Daniel M. Press, #204704
CHUNG & PRESS, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101
(703) 734-3800
dpress@chung-press.com

CERTIFICATE OF SERVICE

     I hereby certify that on July 2, 2025, I electronically filed the foregoing with the Clerk of the Court using the Next Gen CM/ECF system, which will send notification of such filing to all Next Gen CM/ECF participants in this case, including counsel for Condado 5, the Chapter 12 Trustee, and the U.S. Trustee for Region 21.

/s/ Daniel M. Press
Daniel M. Press, #204704