**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 22-02380 (ESL) |
| LAS MARTAS, INC. | CHAPTER 12 |
| Debtor. | |

**REPLY TO DEBTOR'S *OPPOSITION TO CONDADO'S*
*"URGENT MOTION STAYING ANY REDIRECTION, WITHHOLDING OR DISTRIBUTION OF MILK
SALE PROCEEDS DURING THE PENDENCY OF CONDADO'S APPEAL AND FOR
CONSIGNMENT OF PROCEEDS PENDING RESOLUTION OF THE APPEAL"***
(Related ECF Nos. 202, 205, 213, 215 and 217)

TO THE HONORABLE COURT:

COMES NOW secured creditor Condado 5, LLC ("Condado") through its undersigned counsel, and respectfully states and prays as follows:

Relevant Procedural Background

1. On June 11, 2025, Condado filed a *Motion for Entry of Order to Stay Any Pending Matter on Appeal under the Divestiture Rule* (the "Motion to Stay", ECF No. 197) because any adjudication or distribution of the consigned funds would directly interfere with the jurisdiction of the Appellate Court (i.e., the District Court) by effectively deciding matters on the very issue on appeal.

2. On June 24, 2025, Condado filed an *Urgent Motion Staying Any Redirection, Withholding or Distribution of Milk Sale Proceeds During the Pendency of Condado's Appeal and for Consignment of Proceeds Pending Resolution of the Appeal* (the "Urgent Motion", ECF No. 202). To avoid repetition, we hereby incorporate the *Urgent Motion* as by reference as if fully transcribed herein. All defined terms therein will be equally used herein unless defined otherwise.

3. On June 25, 2025, the Court entered an *Order* for the Debtor and parties in interest to respond to the *Urgent Motion* on or before July 2, 2025 (ECF No. 205).

4. On July 2, 2025, the Debtor filed a *Response in Opposition to Urgent Motion Staying Any Redirection, Withholding or Distribution of Milk Sale Proceeds During the Pendency of Condado's Appeal and for Consignment of Proceeds Pending Resolution of the Appeal* (the "Opposition", ECF No. 213). No other party in interest filed a response.

5. On July 7, 2025, Condado moved for leave to reply to the Debtor's *Opposition* (ECF No. 215), which the Court granted the next day (ECF No. 217).

Legal Discussion

A.  *Condado is not seeking to alter the Court's prior lien ruling or enforce appellate relief prematurely.*

6. At the outset, Condado emphasizes that it does not seek to revisit or reverse the Court's prior *Opinion and Order* (ECF No. 102) determining that Condado's prepetition lien does not extend to the Debtor's post- petition milk sale proceeds. The *Urgent Motion* is not an attempt to implement a different outcome. nor does it seek to receive the milk proceeds at this juncture. Rather, Condado's only seeks to *preserve the status quo for appellate resolution* by the District Court, who currently holds appellate jurisdiction over that issue, by preventing an irreversible change in the status of the milk proceeds while the Appeal is pending under the divestiture rule.

7. This Court recognized the wisdom of preserving the *status quo* under the divestiture rule in the Debtor's <u>Second</u> Bankruptcy Case. This Honorable Court previously then applied the "divestiture rule" against the Debtor' same requests and arguments here (in its <u>Third</u> Bankruptcy Case). On that occasion, the Court "denied the [Debtor's] motion [at Dkt. 210] in open court concluding that the equity powers of section 105 of the Bankruptcy Code *cannot override the divestiture rule as the issue on appeal is closely related to the debtor's request that the court enforces its decision <u>irrespective of the appeal as the motion for stay pending appeal was denied</u>*". <u>In re Vaquería Las Martas, Inc.</u>, *Minutes of Hearing Denying Confirmation Held on 1/26/21*, Bankr. Case No. 18- 07304, ECF No. 211, p. 2 (italics and underline added). The issues on appeal then (which triggered the application of the "divestiture rule") *were the same issues on in Condado's current Appeal here* (to wit, whether Condado has a post-petition lien over the Debtor's milk proceeds). We move for the same application of the divestiture rule on this occasion. Same facts, same issues, same parties. We move for the same result.

8. Likewise, this Court already demonstrated adherence to the divestiture rule *earlier in this same case*. When the Debtor's case was previously on appeal, this Court entered an *Order* "*declin[ing] to exercise jurisdiction over the pending matters until the same are decided by the*

*appellate courts*" (ECF No. 188, p. 3, lines 5-7, citing In re Old Cold, LLC, 602 B.R. 798, 822 (B.A.P. 1st Cir. 2019) aff'd 976 F.3d 107 (1st Cir. 2020)) (italics added). Again, same case, same issue, same parties: the same result should ensue.

9. Plainly, as stated by this Court, when an appeal is pending, it is "*imperative that a lower court not exercise jurisdiction over those issues which… so impact the appeal as to interfere with or effectively circumvent the appeal process*". Instituto Médico del Norte Inc. v. Condado 7, LLC, Case No. 21-ap-00046, ECF No. 235 (Bankr. D.P.R. Apr. 5, 2024). The relief sought by Condado in its *Urgent Motion* and *Motion to Stay* falls squarely within that principle.

10. Crucially, nothing in Condado's *Urgent Motion* would provide Condado with affirmative relief or possession of the funds at this juncture. Condado is not asking for the milk proceeds to be turned over to it now, nor for any order declaring the lien valid notwithstanding this Court's prior ruling. Thus, the Debtor's suggestion that Condado is trying to "undo" the Court's prior decision or obtain a premature victory is wholly unfounded.

11. Condado merely asks the Court to refrain from allowing any distribution or re- routing of those contested proceeds in the interim while the Appeal remains under appellate jurisdiction.

B. *The requested relief preserves appellate jurisdiction and prevents Condado's Appeal from becoming moot.*

12. The relief Condado requests is narrowly tailored to prevent interference with the Appeal and to avoid rendering it moot or ineffectual. If the Debtor (or a third party such as VTM) were permitted to divert or dissipate the milk sale proceeds now, it would directly threaten the Appellate Court's ability to afford meaningful relief later.

13. The entire subject of the Appeal is whether those milk proceeds are encumbered by Condado's lien. If the proceeds are paid out to the Debtor or otherwise spent during the pendency of the Appeal, they would simply vanish, and any victory by Condado in the District Court would be futile. That is, an appellate ruling in Condado's favor could become impossible to effectuate, as the funds would no longer available.

14. Courts recognize that such circumstances present a classic form of irreparable harm: once the disputed asset is gone, the prevailing party on appeal may be left with no remedy at all. See

In re Whispering Pines, 369 B.R. 752, 759 (B.A.P. 1st Cir. 2007). It is precisely to avoid this sort of outcome that courts grant relief to preserve the *status quo* during appeals.

15. Here, preserving the *status quo* means ensuring that *no party obtains or uses the disputed milk proceeds until the Appeal is resolved*. Importantly, this protection of appellate jurisdiction benefits the integrity of the judicial process itself, not just Condado. By preventing actions that could moot the appeal, this Court ensures that the District Court (as an appellate court) can adjudicate the Appeal without interference.

16. To reiterate, the filing of a notice of appeal "is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the [lower] court of its control over those aspects of the case involved in the appeal". Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) (per curiam); see also Colón-Torres v. Negrón-Fernández, 997 F.3d 63, 74 (1st Cir. 2021) (same).

17. In practical terms, once Condado appealed the lien ruling, this Court's authority over the milk proceeds (the aspect of the case involved in the Appeal) became constrained. The Court should take all necessary steps to ensure that its own actions (or those of the parties under its jurisdiction) do not defeat the purpose of the Appeal. After all, "once an appeal is pending, it is imperative that a lower court" refrain from actions relating to issues that would "interfere with or effectively circumvent the appeal process." In re G-I Holdings, Inc., 568 B.R. 731, 763 (Bankr. D.N.J. 2017).

18. In sum, Condado's requested relief serves the fundamental purpose of the divestiture rule: preserving the integrity of the appellate process. It ensures that there is no action by the lower court (or by the parties to the case) that would frustrate the Appellate Court's exclusive jurisdiction over the appealed issues.

19. This is not a novel or abusive request, it is a measured application of a basic appellate principle to the facts at hand. When the "subject matter presented in the appeal" is so closely related to a matter before the lower court that allowing that matter to proceed would "impermissibly interfere[] with the appellant's rights in its appeal," the proper course is to halt or tailor the lower court's action to avoid that interference. In re Betteroads Asphalt, LLC, 610 B.R. 28, 35 (Bankr. D.P.R. 2019).

20. Here, the identity between the milk sale proceeds at issue and the lien dispute on appeal makes it clear that any distribution of those proceeds now would impermissibly interfere with Condado's appellate rights. Maintaining the *status quo* preserves appellate jurisdiction and prevents the Appeal from becoming moot.

C. The Divestiture Rule, not Fed R. Bankr. P. 8007, governs the Urgent Motion.

21. The Debtor contends that Condado's *Urgent Motion* is essentially a request for a stay pending appeal under Fed. R. Bankr. P. 8007 and must satisfy that rule's requirements. See *Opposition*, ECF No. 213, p. 2, ¶¶ 4-5. This is a mischaracterization. Condado's *Urgent Motion* is founded on the divestiture rule, a jurisdictional doctrine distinct from the stay mechanism in Fed. R. Bankr. 8007. Again, as stated by this Court, a lower court "cannot override the divestiture rule as the issue on appeal is closely related to the debtor's request that the court enforces its decision *irrespective of the appeal as the motion for stay pending appeal was denied*". In re Vaquería Las Martas, Inc., *Minutes of Hearing Denying Confirmation Held on 1/26/21*, Bankr. Case No. 18-07304, ECF No. 211, p. 2 (italics and underline added).

22. Under Rule 8007, the movant of a motion for stay pending appeal must show factors such as likelihood of success on the merits, irreparable harm, and so forth to obtain a stay of a judgment or order pending appeal. By contrast, the divestiture rule is not about discretionary equitable factors: *it is about the inherent limitations on a lower court's power once an appeal is taken on a matter*. See McCauley v. Halliburton Energy Servs., Inc., 413 F.3d 1158, 1160-62 (10th Cir. 2005) ("upon the filing of a non frivolous [] appeal, the [lower] court is divested of jurisdiction until the appeal is resolved on the merits"). Also see NCM Int'l, Inc. v. Cozzoli Mach. Co., 2007 U.S. Dist. LEXIS 108824 (D.P.R. Nov. 26, 2007) (Dominguez, D.J.) (granting a *Motion to Stay and Hold all Proceedings in Abeyance Pending Conclusion of Appeal* under this same principle).

23. Upon a proper filing of an appeal, the lower court is divested of control over those aspects of the case involved in the appeal. See Griggs, 459 U.S. at 58. The Debtor's *Opposition* overlooks that Condado's *Urgent Motion* expressly invokes this Court's duty under the divestiture rule not to proceed with matters that would interfere with the pending appeal. See *Urgent Motion*, ECF No. 202, pp. 4-5, ¶¶ 19-24.

24. That approach was consistent with First Circuit authority holding that a bankruptcy court is *not* divested of jurisdiction over all things upon an appeal, "*only the matters that are comprehended within the appeal*." Betterecycling Corp. v. Firstbank P.R. (In re Betteroads Asphalt, LLC), 2020 U.S. Dist. LEXIS 103586, at *15 (D.P.R. June 12, 2020) (italics added), citing CGC Holding Co., LLC v. Hutchens, 780 F. App'x 604, 606 (10th Cir. 2019); United States v. Madrid, 633 F.3d 1222, 1227 (10th Cir. 2011).

25. It would be illogical to force an appellant to prove "likelihood of success on appeal" (a Rule 8007 factor) just to prevent an appellee from taking actions that would directly infringe on an ongoing appeal. The right to appellate review should not depend on a predictive merits analysis at the stay stage, rather, the appellate court's province must be safeguarded regardless.

26. Courts have drawn "a distinction between acts undertaken to enforce the judgment and acts which expand upon or alter it; the former being permissible and the latter prohibited" during the pendency of an appeal. In re Betteroads Asphalt, LLC, 2020 U.S. Dist. LEXIS 103586, at *20; In re Prudential Lines, Inc., 170 B.R. 222, 243 (S.D.N.Y. 1994).

27. Enforcing or maintaining the *status quo* under the judgment (such as continuing ordinary operations or holding funds as directed) may proceed, but taking *new* action that alters the situation (such as distributing contested funds in a way that would moot the appeal) is not allowed.

28. The Debtor's reliance on Rule 8007 is therefore misplaced. Condado does not seek to bypass the stay-pending appeal standard. Rather, Condado is invoking the more fundamental jurisdictional limitation that binds this Court while an appeal is pending.

29. While the First Circuit has cautioned that "the filing of a notice of appeal does not divest the district court of *all* authority", United States v. Carpenter, 941 F.3d 1, 6 (1st Cir. 2019) (italics added), there is no doubt that if a lower court's action would disrupt the appellate process or remove an issue from appellate review, the court is divested of jurisdiction to take that action. See In re G-I Holdings, Inc., 568 B.R. at 764 (divestiture rule prevents lower courts from interfering with the appellate process by taking actions that tamper with the appealed order or decide contested issues identical to those on appeal); In re Sabine Oil & Gas Corp., 548 B.R. 674, 679 (Bankr. S.D.N.Y. 2016) (the

divestiture rule applies to bankruptcy court orders but allows the lower court to enforce or implement the appealed order *without disrupting the appellate process*).

30. Here, allowing the Debtor to permanently divert and vanish the milk proceeds (or allowing a third party such as VTM to withhold them without supervision) necessarily implicates the very issue under appellate review. It would give the Debtor an irrevocable win on the lien issue before the District Court decides the Appeal. In contrast, the relief Condado seeks is entirely consistent with this Court's proper role. By ordering that the proceeds be held in escrow or consigned (in the Court's registry) and not distributed (as it was being done prior to the dismissal of the case), this Court would simply preserve the integrity of the appellate process and jurisdiction. Holding the funds neither contradicts the Court's order on appeal, nor grants Condado what it was denied: it merely postpones any reallocation of rights until the appellate process concludes.

## Prayer for Relief

WHEREFORE, Condado respectfully moves the Court to grant the *Motion to Stay* (ECF No. 197) and the *Urgent Motion* (ECF No. 202), deny the Debtor's *Opposition* (ECF No. 213), and enter an order: (1) applying the divestiture rule, stay the distribution of the Consigned Funds and/or any matter predicated and/or related to the issues on Condado's Appeal; (2) requiring Vaquería Tres Monjitas, Inc. to immediately deposit/consign all milk sale proceeds currently withheld or redirected into the registry of the Bankruptcy Court; (3) ordering Vaquería Tres Monjitas, Inc. to continue depositing any further milk sale proceeds with the Court until further order; and (4) granting such other relief as is just and proper under the circumstances.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 10th day of July 2025.

## Certificate of Service

We hereby certify that on this same date, we electronically filed the foregoing with the Clerk of the Court using the Next Gen CM/ECF system which will send notification of such filing to all Next Gen CM/ECF participants in this case, including the Debtor's counsel, the Chapter 12 Trustee, the U.S. Trustee for Region 21, and all parties that requested notice.

**Ferraiuoli** LLC
Attorneys for Condado
American International Plaza
250 Muñoz Rivera Avenue
6th Floor
San Juan, PR 00918
PO Box 195168
San Juan, PR 00919-5168
Telephone: 787.766.7000
Facsimile: 787.766.7001

*/s/Gustavo A. Chico-Barris*
GUSTAVO A. CHICO-BARRIS
USDC-PR No. 224205
gchico@ferraiuoli.com

*/s/Tomás F. Blanco-Pérez*
TOMAS F. BLANCO-PEREZ
USDC-PR No. 304910
tblanco@ferraiuoli.com