## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF PUERTO RICO

```
-------------------------------------------------------X
In re:                                     :    Chapter 12
                                           :
LAS MARTAS, INC.                           :    Case No.  22-02380 (ESL)
                                           :
        Debtor.                            :
                                           :
-------------------------------------------------------X
```

### DEBTOR'S RESPONSE TO MOTION FOR RELIEF FROM STAY

TO THE HONORABLE COURT:

COMES NOW the Debtor, Las Martas, Inc., through the undersigned counsel, and respectfully states in response to the Motion for Relief from the Automatic Stay [Dkt. 211]:

1. It appears to this Debtor that this Motion for Relief was filed in the wrong case. To be clear, Condado's lien *in this case* attaches to (a) a small receivable as of the commencement of the case – Debtor is happy to allow Condado to have that; (b) and Debtor's ORIL milk quota. Debtor *in this case* owns no real estate. As such, the automatic stay in this case does not apply to any real estate. Clearly, then, neither this case nor the prior cases filed by this Debtor could have in any way impacted Condado's attempts to foreclose on someone else's property.

2. Condado asserts that this case is "part of a scheme to delay, hinder, or defraud creditors that involved … multiple bankruptcy filings affecting such real property." But this case did not affect *any* real property because this Debtor does not own any real property.

3. In fact, Condado asserts a clear falsehood in its motion. It says (¶ 32) "In this case, this Court has already concluded that the Debtor has engaged in a scheme to delay or hinder Condado's legitimate efforts to foreclose on the Property through multiple bankruptcy filings

affecting the Property. See Opinion and Order Dismissing Case, Bankr. Case No. 22- 02380-ESL12, ECF No. 148, pp. 33-34, 2023 Bankr. LEXIS 2413, at *59, 2023 WL 6413170, at *17"

There was no such finding or conclusion, nor could there have been, again, because this Debtor owns no real property.

4. Relief from stay to pursue foreclosure in this case is futile because there is nothing to foreclose on, and Condado does not appear to be seeking relief as to any other asset. As Debtor has stated from the beginning, Condado can have the small pre-petition receivable (although that is offset nearly 100 times by the milk proceeds Condado took while the case was dismissed, which due to the reversal need to be returned as having been taken in violation of the stay), and Debtor is willing to make adequate protection payments on the value of the ORIL milk quota (but again, as discussed at the June 9 hearing, that needs to be offset against the funds paid to Condado during the dismissal period). Those issues could be resolved if Condado had complied with the Order from the June 9 status conference to provide information about what it has been paid, but it has failed to comply with that Order.

5. Debtor notes its objection to the exhibits filed with the Motion, which are all in Spanish and are not translated as required by Local Rule 9070-1(c), and in most cases have nothing to do with this Debtor.

WHEREFORE, Debtor respectfully requests that the Motion for Relief from the Automatic Stay be denied.

Dated: July 16 2025.

Respectfully submitted,

/s/ Daniel M. Press
Daniel M. Press, #204704
CHUNG & PRESS, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101
(703) 734-3800
dpress@chung-press.com

CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2025, I electronically filed the foregoing with the Clerk of the Court using the Next Gen CM/ECF system, which will send notification of such filing to all Next Gen CM/ECF participants in this case, including counsel for Condado 5, the Chapter 12 Trustee, and the U.S. Trustee for Region 21.

/s/ Daniel M. Press
Daniel M. Press, #204704