IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re:<br><br>Las Martas, Inc.<br><br>Debtor | Case No.: 22-02380 ESL<br><br>Chapter 12 |

### Trustee's Position As To Motion For Entry Of Order To Stay Any Pending Matter Currently On Appeal Under The Divestiture Rule (Dkt. 197) And Urgent Motion Staying Any Redirection, Withholding Or Distribution Of Milk Sale Proceeds During The Pendency Of Condado's Appeal And For Consignment Of Proceedings Pending Resolution Of Appeal (Dkt 202)

TO THE HONORABLE COURT:

NOW COMES José R. Carrión, Chapter 12 Standing Trustee, and respectfully alleges and prays:

1. On June 9, 2025, this Honorable Court held a status conference regarding the present case. During the same it ordered the parties to perform these tasks:

    (a) For Condado 5, LLC ("Condado") to immediately cease collecting the Debtor's proceeds from the sale of milk;

    (b) For Condado to submit to Las Martas, Inc. (the "Debtor") and the Trustee a detail of all funds received from milk proceeds of the Debtor since the filing of the petition within thirty (30) days;

    (c) For the Debtor and Condado to file a Joint Report on the distribution of the consigned funds within thirty (30) days;

    (d) For Debtor to file a summary of its monthly operations since the dismissal of the case through May 2025 within thirty (30) days and regular monthly operating reports thereafter; and

    (e) For the Debtor to file an amended plan within 90 days.

2. Condado, on June 11, 2025, filed a *Motion for Entry of Order to Stay Any Pending Matter Currently on Appeal Under the Divestiture Rule* (Docket 197, the "Motion for Stay"). In the same, Condado requested under the Divestiture Rule[i] that this Honorable Court refrain from ordering any distribution of funds consigned with

Case:22-02380-ESL12 Doc#:229 Filed:07/18/25 Entered:07/18/25 10:47:03 Desc: Main
Document Page 2 of 5

TRUSTEE'S POSITION .... 2
--------------------------------------------------------------------------------------------------------------

the Court to the parties, as it may affect the appeal pending in the United States District Court for the District of Puerto Rico (the "District Court"), Case No. 23-01074. Specifically, Condado argued that, if the consigned funds were distributed to the Debtor, it could circumvent the appellate process and force Condado into prejudicial positions. It further stated that it could risk conflicting rulings between the Bankruptcy Court and the appeal in the District Court, resulting in the premature distribution of contested funds, undermining appellate jurisdiction.

3. On June 24, 2025, Vaqueria Tres Monjitas, Inc. as successor of Suiza Dairy ("Tres Monjitas") appeared for the first time in this case and informed that it would not be issuing or delivering any funds to Condado related to the milk sales from Debtor (Docket 201).

4. That same day, Condado filed an *Urgent Motion Staying any Redirection, Withholding or Distribution of Milk Sale Proceeds During the Pendency of Condado's Appeal and for Consignment of Proceeds Pending Resolution of the Appeal* (Docket 202, the "Urgent Motion for Stay"). In essence, it reiterates the request made in the Motion for Stay for the Court to apply the Divestiture Rule to preserve the *status quo* of this case. Furthermore, Condado asked for Tres Monjitas to be ordered to consign proceeds of milk with the Bankruptcy Court instead of delivering the same directly to the Debtor.

5. On June 25, 2025, Debtor filed its response to the Motion for Stay (Docket 203). In the same, Debtor argued that the Motion for Stay is basically a motion for stay pending appeal, even though it fails to address Fed. R. Bank. P. 8007 or show it met its requirements.[ii] Debtor further argued the Divestiture Rule is not applicable, since the order of the court is not expanding or altering the appealed judgment, but to enforcing it.

6. Moreover, Debtor stated that the Court's order for Condado to inform the amount of the funds received from milk proceeds and for Debtor to report its status of operations should not be stayed, as it is information that will help the Court analyze arguments regarding how distribution of funds should be made.

7. This Honorable Court, on June 25, 2025, ordered parties in interest to respond to the Urgent Motion for Stay on or before July 3, 2025 (Docket 205).

Case:22-02380-ESL12 Doc#:229 Filed:07/18/25 Entered:07/18/25 10:47:03 Desc: Main
Document Page 3 of 5

*TRUSTEE'S POSITION ....* 3
---------------------------------------------------------------------------------------------------------------

8. The next day, *Tres Monjitas* informed that it would retain the funds owed to Debtor until the Bankruptcy Court determines where they same should be deposited (Docket 206).

9. Debtor, on July 2, 2025, filed its response to the Urgent Motion for Stay reiterating its argument that Condado is asking for a stay pending appeal without complying with the requirements of Fed. R. Bank. P. 8007 and stating that the Divestiture Rule does not apply because the court's order does not expand or alter the appealed judgment, but to enforce it.

10. By error or inadvertence, the Trustee did not submit his position by the deadline. Considering this, the Trustee asked for leave to submit his position as to the Motion for Stay and the Urgent Motion for Stay.

11. The Trustee hereby joins Debtor's position in its responses to the Motion *for Stay and the Urgent Motion for Stay* and adopts them as his own.

12. Specifically, the Trustee agrees that, in the Motion for Stay and the Urgent Motion for Stay Condado is, belatedly, asking for a stay pending appeal without complying with the requirements of Fed. R. Bank. P. 8007. The Trustee joins Debtor in his argument that the Divestiture Rule is not applicable, inasmuch as the court's order does not expand the judgment being appealed but enforces the same. In the event that Debtor has access to the funds – which he needs for the feasibility of the plan — Condado will not be prejudiced or devoid of remedies if it prevails in the appeal, since it will (a) be receiving monthly payment under the Plan; and (b) may ask for the disgorgement of funds from Debtor later. However, the debtor is subject to irreparable damage to its business if the judgment is not enforced. Condado has not asked for a stay pending appeal, nor has it provided a bond to compensate the debtor if the judgment appealed is sustained. The continuance of the *status quo* prevents the Debtor's access to the funds for which it is entitled by an unstayed judgment, which are essential to its operation and may cause its failure before the appellate court sustains the appealed judgment. In essence, maintaining the *status quo* would actually affect or alter the effects of the judgment.

13. The stay requested by Condado of the order of June 9, 2025, but not the stay of the judgment appealed, is convenient and cheaper to Condado at the expense

of the Debtor and makes complying with Fed. R. Bank. P. 8007 meaningless. It is unquestionable that Debtor access to the proceeds of milk sales essential to its operation and the formulation of a feasible Chapter 12 plan.

14. The Trustee also joins Debtor in requesting for this Court to enforce its orders from the hearing held on June 9, 2025, specifically for Condado to inform how much money it has received from milk sale proceeds since the filing of the present bankruptcy. Ordering Condado to provide this information will not affect this case or its appeal, as it will only provide information, and will expedite further matters.

WHEREFORE for the reasons described above, the Trustee respectfully prays for this Honorable Court to deny the Motion to Stay and the Urgent Motion to Stay.

## Certificate of Service

The Chapter 12 Standing Trustee herewith hereby certify that on this same date, we electronically filed the foregoing with the Clerk of the Court using the Next Gen CM/ECF system which will send notification of such filing to all Next Gen CM/ECF participants in this case, including counsels for Debtor and Condado 5, LLC, the U.S. Trustee for Region 21, and all parties requesting notice.

In San Juan, Puerto Rico this **18th** day of July 2025.

> JOSE R. CARRION
> CHAPTER 12 STANDING TRUSTEE
> P.O. Box 9023884
> Old San Juan Station,
> San Juan, P.R. 00902-3884
> Tel (787) 977-3535
> FAX (787) 977-3550
>
> By: */s/ José R. Carrión*
> USDC No. 203712
>
> */s/ Alexandra Rodriguez Diaz*
> USDC No. 224311

TRUSTEE'S POSITION .... 5
--------------------------------------------------------------------------------------------------------

---

[i] The Bankruptcy Appellate Panel for the First Circuit BAP has described the Divestiture Rule as follows: Generally, a notice of appeal divests the lower court of jurisdiction over those matters on appeal. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982). "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Id. (citations omitted); see also Watson v. Boyajian (In re Watson), 403 F.3d 1, 6 (1st Cir. 2005) (citing Griggs). This principle, known as the "divestiture rule," is a judge-made doctrine designed to promote judicial economy and prevent the confusion that would result from two courts addressing the same issue. 20 James Wm. Moore, Moore's Federal Practice: Civil ¶ 303.32[1] (3d ed. 2009); see also Neary v. Padilla (In re Padilla), 222 F.3d 1184, 1190 (9th Cir. 2000) (citations omitted); In re Whispering Pines, 369 B.R. at 759 (citations omitted). "The divestiture of jurisdiction rule is, however, not a per se rule." United States v. Rodgers, 101 F.3d 247, 251 (2d Cir. 1996). "[I]ts application is guided by concerns of efficiency and is not automatic." Id. (citations omitted). "Whatever the superficial attractiveness of a per se rule that filing of a notice of appeal automatically divests the district court of jurisdiction as to matters covered by the notice, such a rule is subject to abuse, and [the court's] application of the divestiture rule must be faithful to the principle of judicial economy from which it springs." Id."In Re Old Cold, LLC 602 B.R. 798, 822 (1st Cir. BAP 2019)

[ii] The courts have determined that parties requesting a stay of the proceedings pending appeal under Fed. R. of Bank. P. 8007, the must show: (a) whether or not the applicant has made a strong showing of success on the merits; (b) whether the applicant will receive irreparable harm if remedy is not granted; and (c) if granting the stay will affect other parties; and (d) where the public interest lies. Condado has not addressed any of these matters. Acevedo-Garcia v. Vera-Monroig, 296 F. 3d 13 f. 3 (1st Cir. 2002)