United States Bankruptcy Court

District of Puerto Rico

In re:            Case No. 22-02380-ESL

LAS MARTAS INC            Chapter 12

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0104-3      User: admin      Page 1 of 2

Date Rcvd: Jul 24, 2025      Form ID: pdf002      Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol     Definition**

+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 26, 2025:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + LAS MARTAS INC, HC 05 BOX 91635, ARECIBO, PR 00612-9517 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Jul 26, 2025      Signature:    /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 24, 2025 at the address(es) listed below:

**Name      Email Address**

ALEXANDRA MILAGROS RODRIGUEZ DIAZ
     on behalf of Trustee JOSE RAMON CARRION MORALES arodriguez@ch13-pr.com

CARMEN PRISCILLA FIGUEROA
     on behalf of Creditor CRIM cpfbkcy@gmail.com cpfbkcy@gmail.com

DANIEL MARK PRESS
     on behalf of Cross Defendant CONDADO 5 LLC dpress@chung-press.com, pressdm@gmail.com;danpress@recap.email

GUSTAVO A CHICO-BARRIS
     on behalf of Creditor CONDADO 5 LLC gchico@ferraiuoli.com
     edocketslit@ferraiuoli.com;gchico@ecf.courtdrive.com;atorres@ferraiuoli.com

JOSE RAMON CARRION MORALES
     EBNMAIL@CH13-PR.COM

MAXIMILIANO TRUJILLO GONZALEZ
     on behalf of Interested Party Vaqueria Tres Monjitas Inc maxtruj@gmail.com trujillogonzalezmaximiliano@gmail.com

District/off: 0104-3 | User: admin | Page 2 of 2
Date Rcvd: Jul 24, 2025 | Form ID: pdf002 | Total Noticed: 1

MONSITA LECAROZ ARRIBAS
    ustpregion21.hr.ecf@usdoj.gov

PEDRO J LOPEZ BERGOLLO
    on behalf of Counter-Defendant US SMALL BUSINESS ADMINISTRATION pedro.lopez-bergollo@sba.gov

RAFAEL A GONZALEZ VALIENTE
    on behalf of Interested Party SUIZA DAIRY  INC. rgv@g-glawpr.com, zi@g-glawpr.com

SONIA COLON COLON
    on behalf of Creditor CONDADO 5 LLC scolon@ferraiuoli.com
    edocketslit@ferraiuoli.com;scolon@ecf.courtdrive.com;atorres@ferraiuoli.com

TOMAS F. BLANCO-PEREZ
    on behalf of Creditor CONDADO 5 LLC tblanco@ferraiuoli.com
    tblanco@ecf.courtdrive.com;atorres@ferraiuoli.com;edocketslit@ferraiuoli.com

TOTAL: 11

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

LAS MARTAS, INC.

    Debtor

CASE NO. 22-02380 (ESL)

CHAPTER 12

MINUTES OF HEARING HELD ON JULY 22, 2025

The instant case came before the court on July 22, 2025, for a hearing to consider the *Motion for Relief From the Automatic Stay* filed by Condado 5, LLC ("Condado") (dkt. #211), the Debtor's *Response to Motion for Relief From Stay* (dkt. #224), and Condado's *Reply* and Condado a *Reply to Response to the Motion to Stay* (dkt. #227).

PARTIES PRSENT

Gustavo A. Chico-Barris, Esq., Condado 5, LLC

Tomás F. Blanco-Pérez, Esq., Condado 5, LLC

Daniel M. Press, Esq., Debtor

José R. Carrión Morales, Esq., Chapter 12 Trustee

Luis M. Suárez Lozada, Esq., Counsel for Chapter 12 Trustee

DISCUSSION

Counsel for Condado and the Debtor argued their respective positions as stated in their respective pleadings. Counsel for the Chapter 12 Trustee argued in opposition to the request for relief from the automatic stay filed by Condado.

The court stated that after reading Condado's motion for relief from the automatic stay and Debtor's response, it appeared that the Debtor had no objection to allow Condado to pursue the foreclosure of property securing its liens based on the statement in paragraph one which stated the following:

> It appears to this Debtor that this Motion for Relief was filed in the wrong case. To be clear, Condado's lien *in this case* attaches to (a) a small receivable as of the

-1-

commencement of the case – Debtor is happy to allow Condado to have that; (b) and Debtor's ORIL milk quota. Debtor *in this case* owns no real estate. As such, the automatic stay in this case does not apply to any real estate. Clearly, then, neither this case nor the prior cases filed by this Debtor could have in any way impacted Condado's attempts to foreclose on someone else's property.

dkt. #224, p. 1, ¶ 1.

Counsel for the Debtor clarified that the consent was only as to the receivables as of the commencement of the case but not as to the milk quota because without the milk quota the Debtor cannot continue to operate. Counsel for the Debtor proffered that Condado had been given adequate protection as to the milk quota based on the funds disbursed to Condado from the sale of milk. Counsel for Condado responded by arguing the matter as to the milk quota had to be considered in tune with all the applicable facts surrounding this case and thoroughly explained in the motion for relief from the automatic stay.

The court stated that the parties had not placed it in a position to determine if the debtor had provided adequate protection to Condado on account of its lien over the milk quota. In order for the court to decide as to the adequacy of adequate protection the parties must proffer the basis for their respective positions. The Chapter 12 Trustee stated that in order for the Debtor to state its position it had to obtain from Condado a detail of the amounts that it had received since the date of filing the petition, as ordered by the court in the minute order of the status conference held on June 9, 2025 (dkt. #196).

The court noted that pending before the court was the motion to dismiss filed by Condado on June 26, 2025 (dkt. #207), which substantially alleges the same facts and grounds as the motion for relief from stay. The same stands unopposed but the response time lapses on July 28, 2025.

The court also stated that pending before the court are the *Motion to Stay Any Pending Matter Currently on Appeal Under the Divestiture Rule* filed by Condado ("*Motion to Stay*", dkt. #197); the *Response in Opposition to [the Motion to Stay]* filed by the Debtor (the "*Opposition to Stay*", dkt. #203); the *Reply to [Opposition to Stay]* filed by Condado (dkt. #210); the *Urgent Motion Staying Any Redirection, Withholding or Distribution of Milk Sale Proceeds*

*During the Pendency of Condado's Appeal and for Consignment of Proceeds Pending Resolution of the Appeal* filed by Condado ("*Urgent Motion*", dkt. #202); the *Response in Opposition to [Urgent Motion]* filed by the Debtor (the "*Opposition to Urgent Motion*", dkt. #213); the *Reply to [Opposition to Urgent Motion]* filed by Condado (dkt. #219); and, the Chapter 12 Trustee's *Position as to [the Motion to Stay] and [the Urgent Motion]* (dkt. #229). A decision on said motions may ultimately affect the outcome of Condado's motion for relief from stay.

The *Minutes of Status Conference Held on June 9, 2025 and Order* (dkt. #196) include the following order:

> 1. Condado shall immediately cease collecting the Debtor's proceeds from the sale of milk.
> 2. Condado shall submit to the Debtor and the Trustee a detail of all funds received from milk proceeds of the Debtor since the filing of the petition within thirty (30) days.
> 3. The Debtor shall file a summary of its monthly operations since the dismissal of the case through May 2025 within thirty (30) days. Monthly reports of operations shall be filed thereafter in the ordinary course.
> 4. The Debtor and Condado shall file a Joint Report on the distribution of the consigned funds within thirty (30) days.
> 5. The Debtor shall file an amended Chapter 12 plan within ninety (90) days from the filing of the Joint Report.

dkt. #196, pp. 2-4, lines 25-9.

As stated by the Chapter 12 Trustee, the parties' compliance with providing key relevant information is necessary to determine feasibility probabilities on any proposed Chapter 12 plan and whether the Debtor has provided Condado with adequate protection on its lien over the milk quota, the value of which also remains undetermined. Therefore, the court orders as follows:

> 1. Condado shall file with the court "a detail of all funds received from milk proceeds of the Debtor since the filing of the petition within" fourteen (14) days.
> 2. "The Debtor and Condado shall file a Joint Report on the distribution of the consigned funds within" fourteen (14) days.
> 3. The Debtor shall submit its proposition of adequate protection over the milk quota fourteen (14) days after compliance with the above two orders.

4. Condado shall file a reply within fourteen (14) days after the Debtor submits its proposition as to adequate protection.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 23rd day of July 2025.

*Enrique S. Lamoutte*
United States Bankruptcy Judge