IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 22-02380 (ESL) |
| LAS MARTAS, INC. | CHAPTER 12 |
| Debtor. | |

**JOINT REPORT ON THE DISTRIBUTION OF THE CONSIGNED FUNDS**

TO THE HONORABLE COURT:

COME NOW the Debtor, Las Martas, Inc., and secured creditor Condado 5, LLC, through the undersigned counsels, and respectfully report their positions on the Distribution of the Consigned funds as follows:

DEBTOR'S POSITION

1. The Court has ruled that Condado does not have a lien on the consigned funds, except for $3000 that was a receivable as of the petition date. Its lien extends only to that receivable and to the milk quota.

2. Debtor agrees that Condado should receive the $3000 from the consigned funds in satisfaction of its lien on the account receivable.

3. Condado has advised that it received $190,489.65 from milk proceeds of the Debtor while the case was dismissed, and from the Date of Judgment Vacating Dismissal Order through June 3, 2025, Condado received $17,286.28, for a total of $207,775.93.

4. It is believed that there is $164,898.46 in the registry of the Court (based on reports of Suiza depositing that amount). Debtor's position is that the remainder after the $3000 should be paid to the Debtor, as Condado has no interest in those funds.

5. Condado is entitled to adequate protection of its interest in the milk quota. It is

1

--

Debtor's position that the quota is worth $2/quart, or $117,400 for the 58,700 quarts of quota. Condado has valued it as high as $5/quart, or $293,500. Even using Condado's numbers and a 10% interest rate for purposes of adequate protection, that would be $29,350/year. This case was filed on August 16, 2022, so for 3 years of adequate protection payments, that would be $88,050. Since Condado has already received over $207,000, it has already been overpaid for adequate protection of its interest in the milk quota, no matter how one looks at it.[1]

6. Accordingly, Condado does not need any of the consigned funds towards adequate protection of its interest in the milk quota, so the remaining funds (after paying $3000 to Condado) should be disbursed to the Debtor.

## CONDADO'S POSITION

7. Condado respectfully asserts that the Bankruptcy Court is divested of jurisdiction to adjudicate or authorize any distribution of the consigned funds during the pendency of Condado's Appeal before the U.S. District Court, where the central issue on appeal is whether Condado holds a lien over the Debtor's post-petition milk proceeds.

8. The distribution of the consigned funds would directly interfere with the jurisdiction of the District Court by effectively resolving, through action or implication, the very matter under appellate review. Such action is barred under the well-established "divestiture rule," which prohibits a trial court from exercising jurisdiction over those aspects of a case that are involved in a pending appeal.

9. If the Bankruptcy Court were to distribute the consigned funds to the Debtor while

---

[1] Debtor is *not* agreeing that Condado is entitled to this much adequate protection, simply that whatever it is entitled to is less than what it has already received. Debtor maintains that Condado should have to disgorge much of what it has been paid, but that issue is not before the Court at this time.

the appeal remains pending, the District Court's ability to grant full relief to Condado (should it prevail) would be impaired or rendered meaningless. Disbursement would amount to an end-run around the appellate process, which we sustain is contrary to controlling precedent.

10. Condado is currently preparing an *Urgent Motion in Aid of Jurisdiction* to be filed with the District Court within the next day for an order to stay any distribution of the consigned funds. Until the District Court rules on it, any further action on the consigned funds would contravene the divestiture doctrine and should be deferred. Condado will inform the Court of the filing.

11. Accordingly, Condado objects to any disbursement of the consigned funds at this time and respectfully moves that the Bankruptcy Court to refrain from taking any further action that would disrupt the *status quo* while the appeal is pending to allow the District Court to rule on the matter. Condado hereby reserves (and does not waive or forfeit) all claims and defenses.

RESPECTFULLY SUBMITTED.

This 7th day of August 2025.

### Certificate of Service

We hereby certify on this same date, we electronically filed the foregoing with the Clerk of the Court using the Next Gen CM/ECF system, which will send notification of such filing to all Next Gen CM/ECF participants in this case, including counsel for Condado and the Debtor, the Chapter 12 Trustee, the U.S. Trustee for Region 21, and all parties that requested notice. Motions and orders processed through CM/ECF are "presumed to be served on the same date of the electronic filing". P.R. Elec. Power Auth. v. Vitol, Inc., 298 F.R.D. 23, 26 (D.P.R.2014).

/s/ Daniel M. Press
Daniel M. Press, #204704
CHUNG & PRESS, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101
(703) 734-3800
dpress@chung-press.com
Counsel for Debtor

Ferraiuoli LLC
Attorneys for Condado
American International Plaza
250 Muñoz Rivera Avenue
6th Floor
San Juan, PR 00918
PO Box 195168
San Juan, PR 00919-5168

3

Phone: (787) 766-7000
Facsimile: (787) 766-7001

*/s/ Gustavo A. Chico-Barris*
GUSTAVO A. CHICO-BARRIS
USDC-PR No. 224205
gchico@ferraiuoli.com

*/s/Tomás F. Blanco-Pérez*
TOMAS F. BLANCO-PEREZ
USDC-PR No. 304910
tblanco@ferraiuoli.com
