# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF PUERTO RICO

```
-------------------------------------------------------X
In re:                                         :        Chapter 12
                                               :
LAS MARTAS, INC.                               :        Case No.  22-02380 (ESL)
                                               :
         Debtor.                               :
                                               :
-------------------------------------------------------X
```

## DEBTOR'S RESPONSE TO MOTION TO DISMISS

NOW COMES Las Martas, Inc., Debtor (the "Debtor"), through the undersigned counsel, and responds as follows to the Motion to Dismiss filed by Condado 5, LLC.

In response to each of the numbered paragraphs, Debtor responds as follows:

1. Admitted.

2. Admitted.

3. Denied that the extension was 10 more years; otherwise admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.  However, **Debtor objects to the filing of (or reference to) exhibits in the Spanish language without English translations.**[1]

8. Denied.  Debtor did not act in bad faith, and nothing this Debtor did had the effect of staying or significantly impacting the foreclosure case, since there is no

---

[1] As previously noted, while the undersigned can read and speak some Spanish, I cannot read much of the documents at issue attached to Condado's Motion for Relief from Stay.  Debtor will suffer prejudice if its counsel cannot read the attachments to the motion.

--

1

co-debtor stay and the Debtor does not own the real estate at issue. **Debtor further objects to the filing of exhibits in the Spanish language without English translations.**

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. No response is required to Paragraph 16, but to the extent a response is required, it is admitted that Condado so moves, but denied that it is entitled to the relief requested.

17. Admitted that it so states in part.

18. Admitted that this Court so held.

19. Admitted.

20. Denied that this is an accurate statement of the law. Cause must first exist, in which event then and only then does the Court have discretion to dismiss. *See In re Costa Bonita Beach Resort Inc.*, 479 BR 14, 38 (Bankr. D. P.R. 2012) (cause must first be proven before court considers dismissal or conversion, under § 1112).

21. Admitted.

22. Denied that a bad faith filing constitutes cause. And in any event, that is not the case here. The First Circuit, in the case of *In re Capital Food Corp.*, 490 F.3d

21, 24 (1st Cir. 2007), expressly declined to decide whether section 1112(b) imposes a good faith filing requirement. Chapter 12 also has no good faith filing requirement, unlike Chapter 13 (Compare § 1325(a)(7) with § 1225(a) – "(7) the action of the debtor in filing the petition was in good faith" is not present in § 1225).

23. Admitted that some Courts do, but because of the differences between Chapter 12 and 13, that is not the case here because as explained in the preceding paragraph, Chapter 12 does not have a provision corresponding to § 1325(a)(7).

24. Admitted that this is the standard in Chapter 13; not Chapter 12 for the foregoing reasons.

25. Admitted that the cited non-binding case so states.

26. Admitted that the cited case so states with regard to Chapter 13.

27. Denied. *Sullivan* held that those are considerations in determining under the totality of the circumstances whether two of the enumerated factors are present.

28. Denied. Single creditor cases can be filed in good faith, but this is not a single creditor case. "A single debt of more than $500,000 can be just as oppressive as a thousand smaller ones and can make the need for bankruptcy relief just as real." *In re Tallman*, 397 BR 451 (Bankr. N.D. Ind. 2008). This case was filed to stop the diversion of Debtor's payments for its milk to Condado so that the money can be used to operate in order to fairly and equitably pay its debts, in full or in part. Movant tries to make it seem that a bankruptcy intended to discharge debts is somehow automatically in bad faith, which it is not.

29. Admitted that these are factors, but in this case only prior filings are present.

30. Denied. This filing was not directed at one sole creditor.

"Petitions in bankruptcy arising out of a two-party dispute do not per se constitute a bad-faith filing by the debtors." *In re Stolrow's, Inc.*, 84 B.R. 167, 171 (9th Cir. BAP 1988). Courts that find bad faith based on two-party disputes do so where "it is an apparent two-party dispute that can be resolved outside of the Bankruptcy Court's jurisdiction." *Oasis at Wild Horse Ranch, LLC v. Sholes (In re Oasis at Wild Horse Ranch, LLC)*, 2011 WL 4502102 at *10, 2011 Bankr.LEXIS 4314 at *29 (9th Cir. BAP Aug. 26, 2011) (emphasis added) (citing *N. Cent. Dev. Co. v. Landmark Capital Co. (In re Landmark Capital Co.)*, 27 B.R. 273, 279 (D.Ariz.1983)); and see *St. Paul Self Storage Ltd. P'ship,* 185 B.R. [580,] 583 [(9th Cir. BAP 1995)] (debtor's only significant asset was a claim against one creditor set to be tried in state court and bankruptcy court supervision of debtor's liquidation was not necessary to protect other creditors). Typical bad faith two-party dispute cases may involve delays on the eve of trial (litigation tactics), forum shopping, new-debtor syndrome (special purpose entities), repeat filers, and repeatedly delayed foreclosure sales. There are no such common indicators here.

*In re Sullivan*, 522 BR 604, 616 (9th Cir. BAP 2014).

31. Denied. There was a significant change in circumstances in terms of Debtor's production capacity, and its other debt. There is a legitimate bankruptcy purpose – to reorganize, by using the funds that had been taken solely by Condado to pay all legitimate creditors.

32. Admitted that the second case was dismissed. The orders speak for themselves, but in this case the Debtor had filed a confirmable plan and will do so again within the time periods set by the Court.

33. Denied. This case does not stop the foreclosure proceeding, as to which the state court denied summary judgment to Condado. And meanwhile, Condado has continued to take Debtor's funds, including during the prior case when it was not authorized to do so, and since the dismissal, and has acted to prevent Debtor from having its (unencumbered) funds, thus preventing Debtor from proceeding with a confirmable plan.

34. Denied. This case has nothing to do with the foreclosure case.

35. Denied. The fact that the individual would file a bankruptcy case to stop a foreclosure is neither improper nor is it evidence that the entity filed in bad faith.

36. Denied for the reasons already stated.

37. Denied. There is no unreasonable delay attributable to the Debtor. The only delay was due to the dismissal and subsequent reversal of that dismissal on appeal.

ARGUMENT

The Debtor has reviewed the Trustee's argument in the Trustee's Opposition to Motion to Dismiss (Docket #256) and joins in and adopts the position argued by the Trustee.

Condado asserts that there is bad faith, unreasonable delay, and a two-party dispute. None of those exist here, nor under the circumstances of this case do they constitute cause under § 1208.

Debtor is acting in good faith, seeking to pay its debts to the best of its ability. It filed not, as Condado alleged, to stop a foreclosure of property owned by a third party, but to stop diverting all funds to Condado, and to reorganize by paying Condado the value of its secured claim, and using the remaining funds to operate and to repay other creditors. At the time of filing, Debtor had a herd of cattle substantially larger than in the prior cases, and thus had the revenue to fund a plan (and Debtor notes that it was performing under a confirmed plan in the first case until two hurricanes struck Puerto Rico in 2017 and seriously disrupted its operations, as with much else on the island). While the size of the herd has diminished due to Condado's seizure of the milk proceeds while the prior dismissal was on appeal, Debtor will timely file a confirmable plan, so there will be no unreasonable delay attributable to the Debtor. Any delay in the prior case was due to the actions of Condado in continuing to take Debtor's funds without

a valid lien on them, as the Court in fact held.

As for being a two-party dispute, or a single creditor, Debtor's schedules and claims register belie that assertion. There are many substantial creditors, and they should all be treated fairly and equitably, as the Code provides.

WHEREFORE, Debtor respectfully requests that the Motion be denied.

Dated: August 18, 2025.

          Respectfully submitted,

          /s/ Daniel M. Press
          Daniel M. Press, #204704
          CHUNG & PRESS, P.C.
          6718 Whittier Ave., Suite 200
          McLean, VA 22101
          (703) 734-3800
          dpress@chung-press.com

CERTIFICATE OF SERVICE

      I hereby certify that on August 18, 2025, I electronically filed the foregoing with the Clerk of the Court using the Next Gen CM/ECF system, which will send notification of such filing to all Next Gen CM/ECF participants in this case, including the Movant's counsel, the Chapter 12 Trustee, and the U.S. Trustee for Region 21.

                                      /s/ Daniel M. Press
                                      Daniel M. Press, #204704