IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>LAS MARTAS, INC.<br><br>　　　　Debtor. | CASE NO. 22-bk-02380 (ESL)<br><br>CHAPTER 12 |

**MOTION FOR ENTRY OF ORDER DEEMING THE AUTOMATIC STAY TERMINATED**
(Related ECF No. 211)

TO THE HONORABLE COURT:

COMES NOW Condado 5, LLC ("Condado") through the undersigned counsel, and respectfully states and prays as follows:

Factual and Procedural Background

1.　　On July 2, 2025, Condado filed a *Motion for Relief from Stay* (ECF No. 211), to which the Debtor opposed on July 16, 2025 (ECF No. 224) which, to avoid repetition, is hereby incorporated by reference as if fully transcribed herein.

2.　　On July 22, 2025, the Bankruptcy Court held a hearing to consider the *Motion for Relief from Stay* wherein it ordered Condado to "file with the court 'a detail of all funds received from milk proceeds of the Debtor since the filing of the petition within' fourteen (14) days" and also ordered Condado and the Debtor to "'file a Joint Report on the distribution of the consigned funds within' fourteen (14) days." *Minutes of Proceeding*, ECF No. 233, p. 3. No final hearing was scheduled then, nor has one been scheduled as of today. Condado has not consented to the extension of any term in § 362(e).

Applicable Law and Discussion

3.　　Section 362(e)(1) of the bankruptcy Code provides that:

> Thirty days after a request under subsection (d) of this section for relief from the stay of any act against property of the estate under subsection (a) of this section, **such stay is terminated with respect to the party in interest making such request**, unless the court, after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section.

11 U.S.C. § 362(e)(1) (boldface added).

4. "Section 362(e) provide[s] *an expedited and strictly defined timetable to process motions to lift stay*." In re Nasco P.R., Inc., 117 B.R. 35, 37 (Bankr. D.P.R. 1990) (Lamoutte, B.J.) (italics added). As summarized:

> Section 362(e) and Bankruptcy Rule 4001(a)(2) provide for three (3) thirty 30 day periods governing the timing of hearings and rulings respecting the continuation of the automatic stay. In re Wedgewood Realty Group, Ltd., 878 F.2d 693, 697 (3rd Cir. 1989). The Court must hold a hearing within thirty (30) days from the filing of the motion to lift stay. Should the hearing be determined to be a preliminary hearing, and if the Court finds that respondents have a reasonable likelihood to prevail, then a final hearing must be held within thirty (30) days from the preliminary hearing. Under Bankruptcy Rule 4001(a)(2) the Court must enter its decision within thirty (30) days after commencement of the final hearing. **Failure to observe any of the above thirty (30) day periods results in the termination of the automatic stay**.

Id. (boldface added).

5. "The time periods specified in the Code are *quite brief and underscore the expedited nature of stay litigation*." In re Figueroa Lugo, No. 25-01546-MAG, 2025 Bankr. LEXIS 1469, at *14, 2025 LX 146859, 2025 WL 1711035 (Bankr. D.P.R. June 18, 2025), quoting 3 Collier on Bankruptcy ¶ 362.08 (16th ed. 2025) (italics added). "The careful drafting of section 362(e) leaves few grounds for delaying the litigation." Id.

6. "Barring the occurrence" of an order continuing the stay or a finding of likely success at a preliminary hearing, "there is no stay thirty days after an application for stay relief is filed. It simply expires -- is terminated -- by Congress' mandate contained in section 362(e)". Duran v. Americredit Fin. Servs. (In re Duran), 483 F.3d 653, 654 (10th Cir. 2007). Thus, where no continuance order issues, the stay expires automatically as a matter of law 30 days after the relief motion.

7. In Duran, a creditor filed a motion for relief from the automatic stay. Thirty days later, the bankruptcy court entered an order granting relief from the automatic stay. The creditor repossessed the debtor's truck nine days later. The debtor then filed a motion for contempt, claiming that the creditor's repossession of the truck fewer than ten days after the order granting relief from the automatic stay violated Fed. R. Bankr. P. 4001(a)(3). The Tenth Circuit affirmed the bankruptcy court's determination that the stay for motions for relief from stay under Rule

4001(a)(3) was not applicable because the automatic stay imposed by 11 U.S.C. § 362(a) terminated automatically under 11 U.S.C. § 362(e), where the court had not conducted a hearing within the applicable thirty-day period and had not otherwise conditioned the automatic stay or ordered that the automatic stay be continued. The court reasoned that "*the termination of the automatic stay under § 362(e) is a substantive right*" and that "because [28 U.S.C.] § 2075 provides that such 'rules shall not abridge, enlarge, or modify any substantive right,'" the extension provided in Rule 4001(a)(3) "properly cannot be read to stay the termination of an automatic stay beyond the thirty day stay duration mandated by § 362(e)." Duran, 483 F.3d at 657. Therefore, because the automatic stay terminated by operation of law as mandated by 11 U.S.C. § 362(e), the creditor's action in repossessing the truck before the expiration of the period proscribed under Rule 4001(a)(3) following entry of a stay relief order did not violate the automatic stay. Id.

8. Here, Condado filed its *Motion for Relief from Stay* on July 2, 2025 (ECF No. 211), and the hearing was held on July 22, 2025 (ECF No. 233). Even if that hearing was preliminary, which we deny, any final hearing on the *Motion for Relief from Stay* had to be held 30 days thereafter, that is, on or before August 22, 2025. See 11 U.S.C. § 362(e); In re Nasco P.R., Inc., *supra*, at 37. The docket of the case shows that the Court has not finally ruled on the *Motion for Relief from Stay* and/or entered any order continuing the stay, nor has it found that Debtor is likely to prevail at a final hearing. Absent that, Section 362(e)(1) demands the termination of the automatic stay *as a matter of law*.

9. Because neither statutorily required events (to wit, holding a final hearing 30 days after the preliminary hearing and/or an extension order and/or a finding of favorable likelihood) occurred within the 30-day period, we move for an order deeming the stay terminated by operation of Section 362(e)(1).

Prayer for Relief

WHEREFORE, Condado respectfully moves the Court to enter an order deeming the stay terminated pursuant to Section 362(e)(1) of the Bankruptcy Code, and to grant any further equitable or legal relief.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 25th day of August 2025.

<u>Objection Notice - PR LBR 9013-1(c)(3)</u>

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.

<u>Certificate of Service</u>

We hereby certify that on this same date, we electronically filed the foregoing with the Clerk of the Court using the Next Gen CM/ECF system which will send notification of such filing to all Next Gen CM/ECF participants in this case, including the Debtor's counsel, the Chapter 12 Trustee, the U.S. Trustee for Region 21, and all parties that requested notice. Motions and orders processed through CM/ECF are "presumed to be served on the same date of the electronic filing". <u>P.R. Elec. Power Auth. v. Vitol, Inc.</u>, 298 F.R.D. 23, 26 (D.P.R.2014).

**Ferraiuoli** LLC

Attorneys for Condado
American International Plaza
250 Muñoz Rivera Ave.
6th Floor
San Juan, PR 00918
PO Box 195168
San Juan, PR 00919-5168
Telephone: 787.766.7000
Facsimile: 787.766.7001

<u>/s/Gustavo A. Chico-Barris</u>
GUSTAVO A. CHICO-BARRIS
USDC-PR No. 224205
gchico@ferraiuoli.com

<u>/s/Tomás F. Blanco-Pérez</u>
TOMAS F. BLANCO-PEREZ
USDC-PR No. 304910
tblanco@ferraiuoli.com