UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

```
-------------------------------------------------------------X
In re:                                                       :   Chapter 12
                                                             :
LAS MARTAS, INC.                                             :   Case No.  22-02380 (ESL)
                                                             :
           Debtor.                                           :
                                                             :
-------------------------------------------------------------X
```

## DEBTOR'S RESPONSE TO MOTION FOR ENTRY OF ORDER DEEMING THE AUTOMATIC STAY TERMINATED

TO THE HONORABLE COURT:

COMES NOW the Debtor, Las Martas, Inc., through the undersigned counsel, and respectfully states in response to the MOTION FOR ENTRY OF ORDER DEEMING THE AUTOMATIC STAY TERMINATED [Dkt. 266]:

1. The Motion for Relief from Stay was filed on July 2, 2025. The Court held a hearing on July 22, and entered its minute order that same day (entered on 7/24, docket #233), resolving the motion. While the order does not expressly state that the stay is continued in effect, that is the obvious import of the order.

2. In any event, Condado asked for relief from the stay to pursue its foreclosure case against real property that is not property of this Debtor or of the estate. As noted, the automatic stay in this case does not apply to any real estate, such that relief from stay to pursue foreclosure in this case is futile because there is nothing to foreclose on, and Condado did not seek relief as to any other asset.

3. Since the only relief Condado requested was as to non-Debtor real property, which is not impacted by the stay, there is simply nothing to deem the stay terminated as to. Section

362(e)(1) provides "Thirty days after a request under subsection (d) of this section for relief from the stay *of any act against property of the estate* under subsection (a) of this section, such stay is terminated with respect to the party in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section."  Because the real estate at issue is not property of the estate, and Condado's motion did not mention any other property of the estate, it simply does not fall within this provision.  *See In Re Costa Bonita Beach Resort, Inc.,* No. 09-00699-ESL, https://scholar.google.com/scholar_case?case=10198494358611380269 (Bankr. Court, D. Puerto Rico 2010).

4. Further, Condado never objected to the Court's actions at the July 22 hearing or as set forth in its Minutes.

> We hold, … that where a "creditor's own actions were [are] clearly inconsistent with an intention on his [its] part to insist on his [its] rights under § 362(e) and Bankruptcy Rule 4001(a)(2), [it has] thereby impliedly waived those rights." Here, although bank's counsel did not verbally articulate the magic word "waiver," his conduct regarding continuances beyond the 90 day deadline, in which he never evidenced an intention to assert his rights under § 362(e), supports, and in fact requires our conclusion that the bank's argument regarding the Court's 'sua sponte' actions is not consistent with the facts, nor is it a fair characterization of what transpired, based upon our careful review of the record. We therefore conclude that, by its silence and apparent acquiescence in the various continuances (until immediately after the expiration of the 90 days), the bank has waived its right to raise any timeliness objection under § 362(e) and Rule 4001(a)(2).

*In re Bogosian*, 112 BR 2, 3-4 (Bankr. D. R.I. 1990) (citations omitted).

5. Finally, should the Court find that the stay was inadvertently terminated as to any property of the estate under § 362(e)(1), the Court should reimpose the stay as to such property of the estate.  "Pursuant to the broad grant of authority conferred upon bankruptcy courts under § 105, and based upon the entire record, we hereby reimpose the automatic stay in this bankruptcy

case. ('Briefly stated, had this court not decided this case on § 362(e) grounds, an identical conclusion would have been reached by this court under the provisions of § 105(a)' *Id*. at 961)." *Bogosian*, 112 BR at 4 (citations omitted). Particularly in light of the District Court's affirmance of the order regarding Condado's lien not attaching to milk sales proceeds, the stay as to actual property of the estate should continue in effect so that Debtor may now proceed with a readily confirmable plan to be filed pursuant to the schedule already adopted by the Court.

WHEREFORE, Debtor respectfully requests that the Motion for Entry of Order Deeming the Automatic Stay Terminated be denied.

Dated: September 8, 2025.

Respectfully submitted,

/s/ Daniel M. Press
Daniel M. Press, #204704
CHUNG & PRESS, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101
(703) 734-3800
dpress@chung-press.com

CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2025, I electronically filed the foregoing with the Clerk of the Court using the Next Gen CM/ECF system, which will send notification of such filing to all Next Gen CM/ECF participants in this case, including counsel for Condado 5, the Chapter 12 Trustee, and the U.S. Trustee for Region 21.

/s/ Daniel M. Press
Daniel M. Press, #204704