## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 22-02380 (ESL) |
| LAS MARTAS, INC. | CHAPTER 12 |
| Debtor. | |

### REPLY TO *RESPONSE TO MOTION FOR ENTRY OF ORDER DEEMING THE AUTOMATIC STAY TERMINATED*
(Related ECF Nos. 266 and 273)

TO THE HONORABLE COURT:

COMES NOW Condado 5, LLC ("Condado") through the undersigned counsel, and respectfully states and prays as follows:

Factual and Procedural Background

1. On July 2, 2025, Condado filed a *Motion for Relief from Stay* (ECF No. 211), to which the Debtor opposed on July 16, 2025 (ECF No. 224) which, to avoid repetition, is hereby incorporated by reference as if fully transcribed herein.

2. On July 22, 2025, the Bankruptcy Court held a hearing to consider the *Motion for Relief from Stay* wherein it ordered Condado to "file with the court 'a detail of all funds received from milk proceeds of the Debtor since the filing of the petition within' fourteen (14) days" and also ordered Condado and the Debtor to "'file a Joint Report on the distribution of the consigned funds within' fourteen (14) days." *Minutes of Proceeding*, ECF No. 233, p. 3. No final hearing was scheduled then, nor has one been scheduled as of today. Condado has not consented to the extension of any term in § 362(e).

3. On August 25, 2025, Condado filed a *Motion for Entry of Order Deeming the Automatic Stay Terminated* (ECF No. 266).

4. On September 8, 2025, the Debtor filed a *Response to Motion for Entry of Order Deeming the Automatic Stay Terminated* (the "*Response*", ECF No. 273).

5. Condado hereby submits its reply to the Debtor's *Response*.

Applicable Law and Discussion

A. *Condado Preserved the Statutory Deadlines.*

6. The Debtor first argues that Condado waived its rights under § 362(e)(1) through litigation conduct. The Debtor relies on In re Bogosian, 112 B.R. 2 (Bankr. D.R.I. 1990), for the proposition that a creditor can implicitly waive the 30-day/60-day stay termination deadline by remaining silent and acquiescing in delays. In Bogosian, the creditor's counsel allowed multiple continuances to push the stay hearing beyond the 90-day limit "without objection," only asserting § 362(e) rights *after* the deadline had passed. Id. at 3. Given those facts, the court found the creditor's conduct "clearly inconsistent" with an intent to insist on the § 362(e) timeline and deemed the right waived by "silence and apparent acquiescence" until after expiration. Id. at 3-4.

7. Here, by contrast, Condado has consistently asserted, not waived, its rights under § 362(e)(1). From the outset, Condado pressed for a timely determination of its stay relief motion and has not consented to any extension of the stay beyond the statutory period.

8. The motion for relief from stay was filed July 2, 2025, and the Court held a hearing on July 22 within the initial 30 days. Crucially, at that hearing the Court did not enter an order continuing the stay pending a final hearing, nor made a finding that the Debtor was likely to prevail, and Condado never agreed to any such continuance.

9. In fact, the minute order from July 22 "does not expressly state that the stay is continued in effect," as the Debtor itself admits (*Response*, ECF No. 273, p. 1, ¶ 1). Unlike the creditor in Bogosian, Condado raised no "silence and acquiescence" that could be construed as waiver, it actively sought to enforce the deadline. Once the § 362(e)(1) 30-day period passed with no continuance order, Condado promptly filed the *Motion for Entry of Order Deeming the Automatic Stay Terminated* (ECF No. 266) to preserve and invoke its statutory right to termination. This conduct is entirely consistent with insisting on the § 362(e)(1) protections, not relinquishing them.

10. Moreover, courts emphasize that § 362(e) deadlines are mandatory and strictly construed. Congress established "an expedited and strictly defined timetable to process motions to lift [the] stay" (In re Nasco P.R., Inc., 117 B.R. 35, 37 (Bankr. D.P.R. 1990) (Lamoutte, B.J.)), and the Code's "careful drafting…leaves few grounds for delaying the litigation". In re Figueroa Lugo, No. 25-01546-MAG, 2025 Bankr. LEXIS 1469, at *14, 2025 LX 146859, 2025 WL 1711035 (Bankr. D.P.R. June 18, 2025), quoting 3 Collier on Bankruptcy ¶ 362.08 (16th ed. 2025) (italics added). "The careful drafting of section 362(e) leaves few grounds for delaying the litigation." Id.

11. As the Tenth Circuit explained, § 362(e) confers a substantive right on stay-relief movants. absent the specified timely action by the court, "there is no stay thirty days after an application for stay relief is filed", the stay terminates "by Congress' mandate" as a matter of law. Duran v. Americredit Fin. Servs. (In re Duran), 483 F.3d 653, 654 (10th Cir. 2007). Given this strict framework, Condado cannot be found to have forfeited the benefit of automatic termination. Here, far from showing intentional relinquishment, the record reflects Condado's diligent efforts to obtain a timely ruling (or termination) within the statutory period.

12. In sum, the Debtor's waiver theory fails, Condado did not waive its § 362(e)(1) rights, and the automatic stay terminated on the schedule dictated by the Bankruptcy Code

**B.    The Milk Quota Is Estate Property Subject to § 362(e)(1).**

13. The Debtor next argues that Condado's motion sought relief only as to real property not owned by the Debtor (and thus not part of the estate). According to the Debtor, "there is simply nothing to deem the stay terminated as to," since § 362(e)(1) applies only to motions concerning "property of the estate". *Response*, ECF No. 273, p. 1-2, ¶¶ 2-3. This argument mischaracterizes the scope of Condado's stay relief request and the nature of Condado's collateral. In fact, Condado's motion clearly implicated property of the estate, namely, the Debtor's valuable milk production quota, and therefore § 362(e)(1)'s timetable squarely applies.

14. The Debtor's focus on the real estate collateral is a red herring. It may be true that certain farmland securing the debt is titled in a third party (and thus not estate property), but that

does not render the stay relief motion meaningless in this Chapter 12 case. The Debtor's milk quota is unquestionably part of the estate, and in fact was the core asset of this Debtor's business. Condado could not foreclose or otherwise realize its lien on the quota without stay relief.

15. Indeed, the record of this case confirms the quota's central role. The Bankruptcy Court and the parties treated the milk quota and its proceeds as critical issues. At the July 22 hearing, the Court ordered Condado to account for "all funds received from milk proceeds" and directed a report on distribution of consigned milk sale funds, underscoring that the stay motion involved estate assets like milk receivables and rights associated with the quota. *Minutes of Proceeding*, ECF No. 233, p. 3

16. The Debtor cannot evade the automatic stay's termination by artificially narrowing the scope of Condado's motion. At bottom, there is estate property to which termination applies, the milk quota (and any other estate assets covered by Condado's lien). Thus, the Court should deem the stay terminated as to that property by operation of § 362(e)(1).

C. *No Basis to Reimpose the Stay under § 105(a)*; *No Extraordinary Circumstances Shown*

17. Finally, the Debtor asks that even if the stay terminated, the Court should "reimpose" it under 11 U.S.C. § 105(a). *Response*, ECF No. 273, p. 2-3, ¶ 5. The Debtor invokes the bankruptcy court's general equitable powers, citing Bogosian's statement that a court may reimpose a stay pursuant to § 105 to reach the same result it would have if § 362(e) had not dictated termination. Id.

18. This request for an equitable do-over lacks merit under the circumstances here. The Bankruptcy Court's equitable powers such Section 105(a) have been progressively and significantly diminished since the 80's and 90's, particularly since Law v. Siegel, 571 U.S. 415 (2014). See Barreto v. Cooperativa de Ahorro y Credito de Aguadilla (In re Barreto), 2018 Bankr. LEXIS 3504, at *15, 2018 WL 5883911, at * 6 (Bankr. D.P.R. Nov. 7, 2018) ("[t]he court acknowledges that after the Supreme Court's opinion in Law v. Siegel, 571 U.S. 415 (2014), *its equitable powers have been significantly diminished*") (italics added). Section 105(a) of the

Bankruptcy Code "provides the bankruptcy court broad authority to exercise its equitable powers- where 'necessary' or 'appropriate'- *to facilitate the implementation of other Bankruptcy Code provisions* … [A]lthough § 105(a) does not itself create a private right of action[,] a court may invoke § 105(a) 'if the equitable remedy utilized is demonstrably necessary to preserve a right elsewhere provided in the Code." In re Nosek, 544 F.3d 34, 43-44 (1st Cir. 2008) (citations omitted, italics added). Note that § 105(a) cannot facilitate the implementation of § 362(a) because the latter is inapplicable to non-bankrupt guarantors. As a matter of statutory construction, that would be an overreach of this Court's jurisdiction.

19. Moreover, since at least 2002, our First Circuit cautioned that "section 105(a) does not provide bankruptcy courts with a roving writ, much less a free hand". Jamo v. Katahdin Fed. Credit Union (In re Jamo), 283 F.3d 392, 403 (1st Cir. 2002). Then, in 2016, our First Circuit, applying Siegel, once again cautioned that Section 105(a) does not afford bankruptcy courts with "a roving writ, much less a free hand" to provide equitable relief. In re Oak Knoll Associates, L.P., 835 F.3d 24, 34 (1st Cir. 2016). "Rather, this statute 'may be invoked only if, and to the extent that, the equitable remedy dispensed by the court is necessary *to preserve an identifiable right conferred elsewhere in the Bankruptcy Code*'". Id. (italics added). Plainly, "Section 105 of the Bankruptcy Code does not 'authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law, or constitute a roving commission to do equity'". In re Ortiz Colón, 2016 Bankr. LEXIS 2344, at *17, 2016 WL 3548821 (Bankr. D.P.R. 2016) (italics added). Also see Pittner v. Castle Peak 2011-1 Loan Tr. (In re Pittner), 2018 Bankr. LEXIS 407, at *21 (B.A.P. 1st Cir. 2018) ("courts should exercise their equitable powers under § 105(a) cautiously") (italics added).

20. Specifically, Courts have made clear that § 105 cannot be used to reimpose a stay which had terminated under section 362(e) because such use would amount to judicial legislation in contravention of the clear and unambiguous language of section 362(e). See, e.g., In re Marine Power & Equipment Co., 71 B.R. 925, 929-30 (W.D. Wash. 1987); In re Jones, 89 B.R. 1, 1

(Bankr.D.D.C. 1988); In re Wood, 33 B.R. 320, 322-23 (Bankr.D. Idaho 1983); see also In re Dominelli, 788 F.2d 584, 586 (9th Cir. 1986) (court cannot use general equitable powers of section 105(a) to authorize that which Congress has considered and rejected); In re Willbet Enterprises, Inc., 43 B.R. 90, 92-93 (Bankr.E.D. Pa. 1984) (same).

21. Congress set strict deadlines in § 362(e) to protect secured creditors, and it did not provide any explicit mechanism for a court to rescind an automatic termination. While bankruptcy courts do have authority under § 105(a) to issue injunctive relief in appropriate circumstances, that authority is not a blank check to nullify § 362(e)(1).

22. In the present case, the Debtor has not come close to making the required showing for a § 105(a) injunction. The Debtor has not filed a proper motion for injunctive relief, nor offered any evidence of irreparable harm or other equitable factors that would justify reimposing the stay. Instead, the Debtor merely cites the court's "broad…authority" and asserts that the stay "should continue" to allow it to proceed with a plan now that a lien issue is resolved. *Response*, ECF No. 273, p. 2-3, ¶ 5.

23. Accordingly, the Court should decline the Debtor's invitation to reimpose the stay under § 105. The equitable powers of the bankruptcy court cannot be used to rewrite the Bankruptcy Code. Unless the Debtor meets the strict requirements for a § 105 injunction (which it has not), the stay termination must stand. This outcome is consistent with the policy of § 362(e)(1) and the need for finality and certainty in stay relief proceedings.

## Prayer for Relief

WHEREFORE, Condado respectfully moves the Court to enter an order deeming the stay terminated pursuant to Section 362(e)(1) of the Bankruptcy Code, and to grant any further equitable or legal relief.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 14th day of October 2025.

<u>Certificate of Service</u>

We hereby certify that on this same date, we electronically filed the foregoing with the Clerk of the Court using the Next Gen CM/ECF system which will send notification of such filing to all Next Gen CM/ECF participants in this case, including the Debtor's counsel, the Chapter 12 Trustee, the U.S. Trustee for Region 21, and all parties that requested notice.  Motions and orders processed through CM/ECF are "presumed to be served on the same date of the electronic filing". <u>P.R. Elec. Power Auth. v. Vitol, Inc.</u>, 298 F.R.D. 23, 26 (D.P.R.2014).

San Juan, PR
October 14, 2025

**Ferraiuoli** LLC
Attorneys for Condado
American International Plaza
250 Muñoz Rivera Avenue
6th Floor
San Juan, PR 00918
PO Box 195168
San Juan, PR 00919-5168
Telephone: 787.766.7000
Facsimile: 787.766.7001

 <u>/s/Gustavo A. Chico-Barris</u>
GUSTAVO A. CHICO-BARRIS
USDC-PR No. 224205
gchico@ferraiuoli.com

 <u>/s/Tomás F. Blanco-Pérez</u>
TOMAS F. BLANCO-PEREZ
USDC-PR No. 304910
tblanco@ferraiuoli.com