**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 22-02380 (ESL) |
| LAS MARTAS, INC. | CHAPTER 12 |
| Debtor. | |

### MOTION TO DISMISS

TO THE HONORABLE COURT:

COMES NOW Condado 5, LLC ("Condado") through the undersigned counsel, and respectfully states and prays as follows:

#### Factual and Procedural Background

1. On August 16, 2022, the Debtor filed the instant **third** Chapter 12 bankruptcy petition (ECF No. 1).

2. On June 26, 2025, the Condado filed a *Motion to Dismiss* (ECF No. 207) which is hereby incorporated by reference, to which the Debtor opposed on August 18, 2025 (ECF No. 259), and Condado replied on October 14, 2025 (ECF No. 299).

3. Since then, the Monthly Operating Report for September 2025 has not been filed and is currently past due.

#### Applicable Law and Discussion

4. Section 1208 of the Bankruptcy Code governs dismissals Chapter 12 cases. Section 1208(c) "provides a non-exhaustive list of circumstances that constitute 'cause' for dismissing a case". Ellis v. NBT Bank, N.A., 2013 U.S. Dist. LEXIS 4318, at *6 (N.D.N.Y. 2013).

5. A Chapter 12 debtor has the duty to file monthly operating reports and failure to timely file them constitutes cause to dismiss. See In re Weber, 297 B.R. 567, 572 (Bankr. N.D. Iowa 2003) (in Chapter 12 cases, "failure to file monthly reports or provide the Trustee with other required financial information can also be grounds for dismissal"); In re Gribbins, 242 B.R. 637, 642 (Bankr. W. D. Ky. 1999), aff'd 43 Fed. Appx. 861 (6th Cir. 2002) (dismissing a Chapter 12

case post-confirmation upon the debtor's failure to file monthly reports).

6.   In <u>Vaqueria Las Martas, Inc. v. Condado 5, LLC (In re Vaqueria Las Martas, Inc.)</u>, 638 B.R. 482 (B.A.P. 1st Cir. 2022), the US Bankruptcy Appellate Panel for the First Circuit summarized the importance of a Chapter 12 debtor's responsibility to file monthly operating reports as follows:

> **Bankruptcy Rule 2015(b), read together with § 704(a)(8), imposes a duty on chapter 12 debtors to file "periodic" reports**. <u>See</u> 11 U.S.C. § 704(a)(8); Fed. R. Bankr. P. 2015(b); <u>In re Dickenson</u>, 517 B.R. at 636; <u>see also</u> General Order 20-01 of the U.S. Bankruptcy Court for the District of P.R. (adopting Interim Amendments to the Federal Rules of Bankruptcy Procedure, including Interim Rule 2015(c), effective February 19, 2020).  **There is also authority for the proposition that a chapter 12 debtor is required to perform "all of the functions and duties of a chapter 11 debtor."**  <u>See</u> 2 <u>Bankruptcy Desk Guide</u> § 15:19 (Mar. 2022 Update) (citing 11 U.S.C. § 1203).  **Accordingly, some courts have stated that chapter 12 cases may be dismissed for failure to file timely reports on a monthly basis**. <u>See, e.g.</u>, <u>In re Weber</u>, 297 B.R. 567, 572 (Bankr. N.D. Iowa 2003).  As [creditor] notes, the Panel has previously ruled, in the context of a chapter 11 case, that **<u>even one late MOR can constitute cause for dismissal</u>**.  See <u>L&R Dev. & Inv. Corp.</u>, 2020 WL 1862377, at *6 ("**Monthly reports and the financial disclosures contained within them are the life-blood of the Chapter 11 process and are more than mere busy work.") (citation and internal quotation marks omitted**).  There is no reason to conclude that operating reports have any less significance in a chapter 12 context.  **<u>Just as in chapter 11 cases, chapter 12 operating reports provide necessary information to the court, creditors, and other parties in interest about the progress and prospects of a debtor's reorganization efforts</u>**.  <u>See</u> id.  **Therefore, these entities have every reason to expect operating reports to be filed regularly, if not monthly**.

<u>Id.</u> at 497 (boldface and underline added).

7.   We move the Court to apply the same reasoning and dismiss in the instant Chapter 12 case under Section 1208 of the Bankruptcy Code.

Prayer for Relief

WHEREFORE, Condado moves the Court to dismiss the instant case for cause and grant any further relief the Court deems fair and equitable.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, on this 27th day of October 2025.

<u>Objection Notice - PR LBR 9013-1(c)(1)</u>

Within thirty (30) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.

<u>Certificate of Service</u>

We hereby certify on this same date, we electronically filed the foregoing with the Clerk of the Court using the Next Gen CM/ECF system, which will send notification of such filing to all Next Gen CM/ECF participants in this case. Motions and orders processed through CM/ECF are "presumed to be served on the same date of the electronic filing". <u>P.R. Elec. Power Auth. v. Vitol, Inc.</u>, 298 F.R.D. 23, 26 (D.P.R. 2014). We hereby certify that in compliance with the Local Rules, a copy of this motion will be mailed to the Debtor, via regular mail pre-paid postage, as follows: (i) Las Martas, Inc., HC 05, Box 91635, Arecibo, PR 00612.

Dated October 27, 2025
San Juan, PR

**Ferraiuoli** LLC

Attorneys for Condado
American International Plaza
250 Muñoz Rivera Avenue
6th Floor
San Juan, PR 00918
PO Box 195168
San Juan, PR 00919-5168
Phone: (787) 766-7000
Facsimile: (787) 766-7001

<u>/s/ Gustavo A. Chico-Barris</u>
GUSTAVO A. CHICO-BARRIS
USDC-PR No. 224205
gchico@ferraiuoli.com

<u>/s/Tomás F. Blanco-Pérez</u>
TOMAS F. BLANCO-PEREZ
USDC-PR No. 304910
tblanco@ferraiuoli.com