UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

```
-------------------------------------------------------X
In re:                                                 :   Chapter 12
                                                       :
LAS MARTAS, INC.                                       :   Case No. 22-02380 (ESL)
                                                       :
         Debtor.                                       :
                                                       :
-------------------------------------------------------X
```

### DEBTOR'S RESPONSE TO MOTION TO DISMISS [DOCKET #300]

TO THE HONORABLE COURT:

COMES NOW the Debtor, Las Martas, Inc., through the undersigned counsel, and respectfully states in response to the Motion to Dismiss filed by Condado 5 at Dkt. 300:

1. The Motion, filed on October 27, 2025, asserts that the Debtor did not file a Monthly Operating Report for September 2025. In fact, the report was filed on October 30, 2025.

2. While Local Rule 2015-2(a) sets a deadline of the 21st of the month for reports in Chapter 11 and Chapter 13 business cases, that rule does not apply to Chapter 12 cases. In fact, no rule exists and no order has been entered setting a deadline. The only order in this case referencing monthly reports at all is Dkt. #196, which merely states "Monthly reports of operations shall be filed thereafter in the ordinary course." No fixed deadline is given. The BAP opinion cited by Condado 5 also does not set any deadlines, or require a fixed reporting schedule. It concludes only that "these entities have every reason to expect operating reports to be filed regularly, if not monthly." *Vaqueria Las Martas, Inc. v. Condado 5, LLC* (*In re Vaqueria Las Martas, Inc.*), 638 B.R. 482, 497 (B.A.P. 1st Cir. 2022).

--                                                        1

3. Debtor filed its report before the end of the following month. Given that there is no fixed deadline, Debtor cannot be said to have failed to timely file the report.

4. Even if the report is deemed to be a few days late, that is not "cause" for dismissal. None of the cited cases addressed a single late report. Non-filing of reports is not one of the listed causes in 11 U.S.C. § 1208(c), as it is in Chapter 11 (11 U.S.C. § 1112(b)(4)(F)). A 9-day delay from a non-existent deadline is simply not cause to dismiss a case.

WHEREFORE, Debtor respectfully requests that the Motion to Dismiss be denied.

Dated: November 3, 2025.

Respectfully submitted,

/s/ Daniel M. Press
Daniel M. Press, #204704
CHUNG & PRESS, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101
(703) 734-3800
dpress@chung-press.com

CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2025, I electronically filed the foregoing with the Clerk of the Court using the Next Gen CM/ECF system, which will send notification of such filing to all Next Gen CM/ECF participants in this case, including counsel for Condado 5, the Chapter 12 Trustee, and the U.S. Trustee for Region 21.

/s/ Daniel M. Press
Daniel M. Press, #204704