### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF PUERTO RICO

```
------------------------------------------------------------X
In re:                                          :   Chapter 12
                                                :
LAS MARTAS, INC.                                :   Case No. 22-02380 (ESL)
                                                :
         Debtor.                                :
                                                :
------------------------------------------------------------X
```

## DEBTOR'S MOTION TO APPEAR TELEPHONICALLY OR TO CONDUCT HEARING VIRTUALLY

TO THE HONORABLE COURT:

COMES NOW the Debtor, Las Martas, Inc., through the undersigned counsel, and respectfully requests that the hearing on Condado 5's Motion to Dismiss set for November 17, 2025, be conducted virtually by Zoom or similar platform, or that its undersigned counsel be permitted to appear telephonically or otherwise remotely. In support hereof Debtor states as follows:

1. The Motion set for hearing on November 17, 2025, filed on October 27, 2025, asserts that the Debtor did not file a Monthly Operating Report for September 2025. In fact, the report was filed on October 30, 2025. Debtor has filed its response to the motion.

2. There are no factual disputes. It is not expected that evidence (other than the docket of the case) will be required for this hearing.

3. While Debtor's counsel is located off the island of Puerto Rico, the undersigned has never objected to appearing in person in this or any other case when required. However, in this case, Debtor's counsel will on that date be in the process of assisting his daughter in moving to the United Kingdom. Counsel will not only be off the island, but out of the United States.

4. Local Rule 9074-1 provides for telephonic appearances, at the discretion of the Court, "on the basis of, inter alia, conservation of the time and resources of the parties and the court." Here, given that this will be purely oral argument on the motion, allowing a telephonic appearance will certainly conserve resources, including minimizing the Debtor's attorneys' fees that will be paid as an administrative expense (any out of pocket costs for the telephonic appearance will be borne by counsel and not passed on to the client).

5. While the Local Rules do not explicitly provide for fully remote hearings, the Court has used such technology successfully in this case, and there would appear to be no reason not to conduct this hearing remotely, which will conserve the resources of all parties. But if not, Debtor requests that its counsel be allowed to appear remotely under Local Rule 9074-1.

6. Alternatively, Debtor would request that the November 17 hearing be continued and combined with the hearing set for December 18-19, or that the Court simply rule on the papers.

WHEREFORE, Debtor respectfully requests that the November 17, 2025, hearing on Condado 5's Motion to Dismiss be conducted remotely, that counsel be allowed to appear telephonically, or that the hearing be continued to December 18.

Dated: November 3, 2025.

Respectfully submitted,

/s/ Daniel M. Press
Daniel M. Press, #204704
CHUNG & PRESS, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101
(703) 734-3800
dpress@chung-press.com

CERTIFICATE OF SERVICE

    I hereby certify that on November 3, 2025, I electronically filed the foregoing with the Clerk of the Court using the Next Gen CM/ECF system, which will send notification of such filing to all Next Gen CM/ECF participants in this case, including counsel for Condado 5, the Chapter 12 Trustee, and the U.S. Trustee for Region 21.

                                              /s/ Daniel M. Press
                                              Daniel M. Press, #204704