United States Bankruptcy Court
District of Puerto Rico

| | |
|---|---|
| In re: | Case No. 22-02380-ESL |
| LAS MARTAS INC | Chapter 12 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0104-3 | User: admin | Page 1 of 2 |
| Date Rcvd: Nov 18, 2025 | Form ID: pdf002 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol     Definition**

\+           Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 20, 2025:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + LAS MARTAS INC, HC 05 BOX 91635, ARECIBO, PR 00612-9517 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

| | | |
|---|---|---|
| Date: Nov 20, 2025 | Signature: | /s/Gustava Winters |

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 18, 2025 at the address(es) listed below:

| Name | Email Address |
|---|---|
| ALEXANDRA MILAGROS RODRIGUEZ DIAZ | on behalf of Trustee JOSE RAMON CARRION MORALES arodriguez@ch13-pr.com |
| CARMEN PRISCILLA FIGUEROA | on behalf of Creditor CRIM cpfbkcy@gmail.com cpfbkcy@gmail.com |
| DANIEL MARK PRESS | on behalf of Cross Defendant CONDADO 5 LLC dpress@chung-press.com, pressdm@gmail.com;danpress@recap.email |
| GUSTAVO A CHICO-BARRIS | on behalf of Creditor CONDADO 5 LLC gchico@ferraiuoli.com edocketslit@ferraiuoli.com;gchico@ecf.courtdrive.com;atorres@ferraiuoli.com |
| JOSE RAMON CARRION MORALES | EBNMAIL@CH13-PR.COM |
| MAXIMILIANO TRUJILLO GONZALEZ | |

District/off: 0104-3     User: admin     Page 2 of 2
Date Rcvd: Nov 18, 2025     Form ID: pdf002     Total Noticed: 1

on behalf of Interested Party Vaqueria Tres Monjitas Inc maxtruj@gmail.com  trujillogonzalezmaximiliano@gmail.com

**MONSITA LECAROZ ARRIBAS**
    ustpregion21.hr.ecf@usdoj.gov

**PEDRO J LOPEZ BERGOLLO**
    on behalf of Counter-Defendant US SMALL BUSINESS ADMINISTRATION pedro.lopez-bergollo@sba.gov

**RAFAEL A GONZALEZ VALIENTE**
    on behalf of Interested Party SUIZA DAIRY  INC. rgv@g-glawpr.com, zi@g-glawpr.com

**SONIA COLON COLON**
    on behalf of Creditor CONDADO 5 LLC scolon@ferraiuoli.com
    edocketslit@ferraiuoli.com;scolon@ecf.courtdrive.com;atorres@ferraiuoli.com

**TOMAS F. BLANCO-PEREZ**
    on behalf of Creditor CONDADO 5 LLC tblanco@ferraiuoli.com
    tblanco@ecf.courtdrive.com;atorres@ferraiuoli.com;edocketslit@ferraiuoli.com

TOTAL: 11

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE

LAS MARTAS, INC.

Debtor

CASE NO. 22-02380 (ESL)

CHAPTER 12

### MINUTES OF HEARING HELD ON NOVEMBER 17, 2025

This case came before the court on November 17, 2025, for a hybrid hearing to consider the *Motion to Dismiss* filed by creditor Condado 5, LLC ("Condado") on October 27, 2025 (the "*Motion to Dismiss*", dkt. #300), and *Debtor's Response to Motion to Dismiss [Docket #300]* filed on November 3, 2025 ("*Debtor's Response*", dkt. #309). See, *Order and Notice*, dkt. #302. Upon the Debtor's counsel request (dkt. #310), he was authorized to appear virtually at the hearing (dkt. #311).

**PARTIES PRESENT**

*Parties present in person*

   Gustavo A. Chico Barris, Esq., counsel for Condado 5, LLC

   Tomás F. Blanco Pérez, Esq., counsel for Condado 5, LLC

   José R. Carrión Morales, Esq., Chapter 12 Trustee

*Parties present via Microsoft Teams*

   Daniel Mark Press, Esq., counsel for the Debtor

**DISCUSSION**

Counsel for the Debtor and Condado made their appearances and argued their positions as to the issues before the court. The court noted that it had questions to clarify the issues under its consideration, and that any decision on the *Motion to Dismiss* and the *Debtor's Response* will be made based on the arguments and the evidence presented by the parties in this case.

Counsel for Condado argued its position that failure to file timely Monthly Operating Reports is cause for dismissal under Section 1208, 11 U.S. Code §1208, and that filing the Monthly Operating Reports late does not cure cause for dismissal. Condado further argued that the Debtor's failure to timely file Monthly Operating Reports is not an isolated event, but rather it is the Debtor's *modus operandi*. On this point, counsel for Condado read for the record a list of all the Monthly Operating Reports filed in this case by the Debtor with the date in which they should have been filed, the date in which they were filed, and how many days late they were filed, if applicable.

Counsel for the Debtor argued that the *Motion to Dismiss* is based on only one Monthly Operating Report that was filed "late" but before the end of the following month. Specifically, the Monthly Operating Report for September 2025, which was filed on October 30, 2025 (dkt. #304). The Debtor argued that there is no statutory deadline for the filing of Monthly Operating Reports in Chapter 12 cases and that there is no order in this case establishing such a deadline. Thus, the Debtor posits that the September 2025 Monthly Operating Report was timely filed before the end of the following month and that there has not been noncompliance by the Debtor with this requirement. To this, Condado responded saying that there's an *Opinion and Order* by the Bankruptcy Appellate Panel for the First Circuit that cites persuasive case law regarding this deadline in Chapter 12 cases, which was cited in the *Motion to Dismiss*. The Debtor also argued that, unlike Section 1112, Section 1208 of the Bankruptcy Code, 11 U.S. Code § 1208, does not list unexcused failure to file reports as cause for dismissal to which Condado responded arguing that the list is Section 1208 is non-exhaustive. Lastly, the Debtor stated that the October 2025 Monthly Operating Report has already been filed (dkt. #316).

The Chapter 12 Trustee argued that there is no statutory deadline for the filing of Monthly Operating Reports in Chapter 12 cases, and that because Condado failed to show the harm, if any,

caused by the Debtor's failure to timely file the Monthly Operating Reports, there is no cause for dismissal.

The parties submitted their positions as stated in the *Motion to Dismiss* and the *Debtor's Response*, and the matter is now under advisement. The court noted that it may defer a decision on the *Motion to Dismiss* and the *Debtor's Response* until after the evidentiary hearing scheduled for December 18, 2025 (see, dkt. #305).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 18th day of November 2025.

Enrique S. Lamoutte
United States Bankruptcy Judge