IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

LAS MARTAS, INC.

Debtor

CASE NO. 22-02380 (ESL)

CHAPTER 12

FILED AND ENTERED 12/1/2025

### ORDER DIRECTING DISBURSEMENT OF CONSIGNED FUNDS

This case is before the court upon the *Motion to Withdraw Consigned Funds* filed by secured creditor Condado 5, LLC ("**Condado**") (dkt. #149), the *Response to Motion to Withdraw Consigned Funds and Cross Motion to Disburse Funds to Debtor* filed by the Debtor (dkt. #154), and the reply filed by Condado (dkt. #167). Also before this court are the *Motion to Inform in Support of Condado's Motion to Withdraw Consigned Funds* filed by Condado (dkt. #186, 187), and the *Joint Report on the Distribution of the Consigned Funds* (dkt. #252).

Relevant Procedural Background[1]

(A)  The First and Second Bankruptcy Case

1. On June 21, 2011, the Debtor filed a petition for relief under Chapter 12 (the "**First Bankruptcy Case**", Bankr. Case No. 11-05237, dkt. #1), which was substantially consolidated with Bankr. Case Nos. 11-05236 and 11-05239.

2. On January 16, 2018, after various procedural events, the consolidated First Bankruptcy Case was dismissed (Bankr. Case No. 11-05236, dkt. 387).

3. On December 14, 2018, the Debtor filed a petition for relief under Chapter 12 (the "**Second Bankruptcy Case**", Bankr. Case No. 18-07304, dkt. #1).

4. On April 15, 2020, the court entered an *Opinion and Order* (the "**Order Determining Scope of Condado's Lien**", Bankr. Case No. 18-07304, dkt. #120) wherein it concluded as follows:

---

[1] This Debtor has a long history. For the sake of judicial economy, this order will only note those matters which directly impact the matters before it, that is, the disbursement of the funds consigned with this court.

-1-

> ... The court has found that Condado has a valid lien over the milk quota since the inception of the contested matter. The issue is whether the lien over the milk quota extends to the milk produced by the cows.
>
> The security agreement does not specify that the dairy cows or the raw milk produced by Debtor's dairy farm operation serve as collateral to the loans. The milk is produced by the cows. The court agrees with the Chapter 12 trustee that the milk quota assigned by ORIL is the amount of milk that can be produced by the milk producer for the fresh milk market. The milk quota is a production limit. A milk quota is an asset and the value is determined by market conditions under ORIL regulations. Milk quotas do not produce milk. Since Condado's collateral does not include the cows, it may not claim that its security interest attaches to any identifiable proceeds of the cows.
>
> ...
>
> In view of the foregoing, the court concludes that the milk produced by Debtor's cows is not subject to Condado's collateral.

In re Vaquería Las Martas, Inc., 617 B.R. 429, 441-442 (Bankr. D.P.R. April 15, 2020).

5. Reconsideration of the *Order Determining Scope of Condado's Lien* was denied (Bankr. Case No. 18-07304, dkt. #147), and Condado appealed the *Order Determining Scope of Condado's Lien* to the District Court, Case No. 20-cv-01344 (PAD). See Bankr. Case No. 18-07304, dkt. #149.

6. On April 22, 2021, the Second Bankruptcy Case was dismissed (Bankr. Case No. 18-07304, dkt. #251). The U.S. Bankruptcy Appellate Panel for the First Circuit (the "**BAP**") affirmed the dismissal of the Second Bankruptcy Case on May 17, 2022. See Bankr. Case No. 18-07304, dkt. #279; BAP Case No. 21-017, Document No. 001145273.

7. On October 29, 2021, the appeal of the *Order Determining Scope of Condado's Lien* was dismissed as moot upon the dismissal of the Second Bankruptcy Case. See Civil Case No. 20-cv-01344 (PAD), dkt. #40, 41. The Debtor appealed the District Court's dismissal to the U.S. Court of Appeals for the First Circuit (the "First Circuit") on November 28, 2021 (id., dkt. #42), and voluntarily dismissed the same July 19, 2023 (id., dkt. #50, 51).

(B) The Third Bankruptcy Case

8. On August 16, 2022, the Debtor filed the instant petition for relief under Chapter 12 (the "**Third Bankruptcy Case**", dkt. #1).

9. On August 17, 2022, Condado filed a *Motion to Prohibit Use of Cash Collateral and for Entry of Order Authorizing Condado to Seek and Collect Proceeds* (the "**Motion to Prohibit Use of Cash Collateral**", dkt. #9), to which the Debtor filed a *Response to Motion to Prohibit Use of Cash Collateral and for Entry of Order Authorizing Condado 5, LLC, to Seek and Collect Proceeds*, dkt. #15), and Condado filed a *Reply to the Debtor's Response to Motion to Prohibit Use of Cash Collateral and for Entry of Order Authorizing Condado 5, LLC, to Seek and Collect Proceeds* (dkt. # 25).

10. On September 1, 2022, Suiza Dairy, Inc. ("Suiza Dairy") filed an *Interpleader Complaint* against both Debtor and Condado (Adv. Proc. No. 22-00062, dkt. #1), alleging that there was a competing interest between the Debtor and Condado over the funds generated from the Debtor's sale of raw milk to Suiza Dairy (id., pp. 6-11, ¶¶ 1-21), and seeking leave to deposit the accounts receivables with the court in an interest-bearing account until "the court resolves the dispute between the Claimant-Defendants" (id., p. 13, ¶ 37). Suiza Dairy was granted leave to consign funds with the court. See Adv. Proc. No. 22-00062, dkt. #27, 31.

11. On September 16, 2022, the court held a hearing to consider the *Motion to Prohibit Use of Cash Collateral* and the related responses. At the hearing, the court ordered the Chapter 12 Trustee (the "**Trustee**") to file his position. See *Minutes of Hearing held on September 16, 2022*, dkt. #34. On September 23, 2022, the Trustee filed their *Position and Memorandum of Law in Support Thereof to the Motion to Prohibit Use of Cash Collateral* (dkt. #35), to which Condado filed a response on October 14, 2022 (dkt. #46).

12. On February 15, 2023, after various procedural events, the court issued an *Opinion and Order* (the "**Second Order Determining Scope of Condado's Lien**", dkt. #102)[2] that states as follows:

> … Condado's perfected pre-petition security agreement over debtor's milk quota is limited to the milk quota, it does not extend to its proceeds or products; Condado's collateral is limited to the milk quota but does not include proceeds, products, or

---

[2] The *Second Order Determining Scope of Condado's Lien* was appealed by Condado to the District Court on February 15, 2023 (Case No. 23-cv-01074 (RAM)), and affirmed on September 4, 2025.

-3-

> profits of the milk quota; and, Condado's perfected pre-petition security agreement over debtor's account receivables does not extend to post-petition account receivables as the same became ineffective by the effect of § 552(a).
>
> ...
>
> In view of the foregoing, the court denies Condado's motion for prohibition to use cash collateral resulting from the post-petition sale of milk.

In re Las Martas, Inc., 650 B.R. 359, 371 (Bankr. D.P.R February 15, 2023), *aff'd sub nom.*, 2025 WL 2538834 (D.P.R. Sept. 4, 2025).

13. On April 24, 2023, this court denied Condado's request for a stay pending appeal of the *Second Order Determining Scope of Condado's Lien* (dkt. #131). See also dkt. #121, 123, 129. Condado did not seek a stay pending appeal with the District Court. See, e.g., Case No. 23-cv-01074 (RAM).

14. On September 29, 2023, after various procedural events, including an evidentiary hearing (dkt. #143), the Third Bankruptcy Case was dismissed for continuing loss to or diminution of the Debtor's estate and the absence of reasonable likelihood of rehabilitation pursuant to 11 U.S.C. § 1208(c)(9) (dkt. #148). Reconsideration of dismissal was denied (dkt. #162), and the Debtor appealed both the dismissal and the denial of reconsideration to the BAP, BAP Appeal Case No. 23-026. See *Notice of Appeal*, dkt. #168.

15. Also on September 29, 2023, Condado filed a *Motion to Withdraw Consigned Funds* (dkt. #149), to which the Debtor filed a *Response to Motion to Withdraw Consigned Funds and Cross Motion to Disburse Funds to Debtor* (dkt. #154), and Condado filed a reply (dkt. #167). See also *Motion to Inform in Support of Condado's Motion to Withdraw Consigned Funds*, dkt. #186. On April 5, 2024, this court "declined to exercise jurisdiction over pending matters until the same are decided by the appellate courts" (the "**April 5, 2024 Order**", dkt. #188).

16. On March 5, 2025, the BAP vacated the dismissal of the Third Bankruptcy Case and remanded the case back to this court for further proceedings. See dkt. #190; BAP Case No. 23-026, Document 001151413. See In re Las Martas, Inc., 2023 WL 6413170 (Bankr. D.P.R. Sept. 29, 2023), *vacated and remanded*, 667 B.R. 60 (B.A.P. 1st Cir. 2025).

17. Dismissal having been vacated, the court held a status conference on June 9, 2025, wherein it "made it clear that the Debtor was entitled to the consigned funds as the same were the result of milk sales" (*Minutes*, dkt. #196, p. 2, lines 13-14), and ordered as follows:

1. Condado shall immediately cease collecting the Debtor's proceeds from the sale of milk.
2. Condado shall submit to the Debtor and the Trustee a detail of all funds received from milk proceeds of the Debtor since the filing of the petition within thirty (30) days.
3. The Debtor shall file a summary of its monthly operations since the dismissal of the case through May 2025 within thirty (30) days. Monthly reports of operations shall be filed thereafter in the ordinary course.
4. The Debtor and Condado shall file a Joint Report on the distribution of the consigned funds within thirty (30) days.
5. The Debtor shall file an amended Chapter 12 plan within ninety (90) days from the filing of the Joint Report.

Id., pp. 2-3, lines 25-9.

18. On June 6, 2025, Suiza Dairy filed a *Motion for Voluntary Dismissal* of the *Interpleader Complaint* (Adv. Proc. No. 22-00062, dkt. #76), which was granted. See *Minute Entry*, Adv. Proc. No. 22-00062, dkt. #77 ("Disbursement of consigned funds will be determined in the main case."); *Judgement*, Adv. Proc. No. 22-00062, dkt. #80.

19. On June 26, 2025, Condado filed a *Motion to Dismiss* for bad faith, unusual delay, and because the case constitutes a two-party dispute (dkt. #207), to which the Trustee filed an *Opposition to Motion to Dismiss* (dkt. #256), the Debtor filed a *Response to Motion to Dismiss* (dkt. #259), and Condado filed a *Consolidated Reply []* (dkt. #299). A hearing is set for December 18, 2025, at 10:00 AM. See dkt. #260.

20. On July 2, 2025, Condado filed a *Motion for Relief from the Automatic Stay* under Section 362(d)(1) and (d)(4)(B) (the "**Motion for Stay Relief**", dkt. #211), to which the Debtor filed a *Response to Motion for Relief from Stay* (dkt. #224). An initial hearing was held on July 22, 2025. See *Minutes of Hearing Held on July 22, 2025*, dkt. #233. Condado filed a *Motion []  Deeming the Automatic Stay Terminated* pursuant to 11 U.S.C. § 362(e)(1) (dkt. #266) on August

1  25, 2025. Both the *Motion [] Deeming the Automatic Stay Terminated* and Part B of the *Motion for Stay Relief* were denied on October 29, 2025. See *Opinion and Order*, dkt. #303.

21. On August 1, 2025, the court denied Condado's request to apply the divestiture doctrine to stay the distribution of consigned funds and/or any matter predicated or related to the appeal of the *Second Order Determining Scope of Condado's Lien*. See *Opinion and Order Denying Application of Divestiture Rule*, dkt. #248.

22. On August 5, 2025, Condado informed that it received $190,489.65 from milk proceeds from September 29, 2023 (when the case was dismissed) through March 5, 2025 (when the dismissal was vacated), and $17,286.28 from March 5, 2025 through June 3, 2025 (when they received their last payment), for a total of $207,775.93. See *Motion in Compliance with Order*, dkt. #250.

23. On August 7, 2025, the Debtor and Condado filed a *Joint Report on the Distribution of the Consigned Funds* (dkt. #252).

24. On August 8, 2025, Tres Monjitas informed that "will make future payments for the purchase of the above captioned debtor, after the appeal or other legal terms run out or this Honorable Court orders otherwise. This pursuant to the Opinion and Order … [at] Dkt No 248" (dkt. #254).

25. On August 11, 2025, Condado filed an *Urgent Motion in Aid of Jurisdiction and/or for Stay Pending Appeal* with the District Court, requesting the District Court stay any distribution of the consigned funds, which was denied (Case No. 23-cv-01074 (RAM), dkt. #32, 36). See Las Martas, Inc., 2025 WL 2450988, at *3 (D.P.R. Aug. 26, 2025) ("The divestiture rule does not prevent the Bankruptcy Court from acting to carry out its order on appeal.").

26. On August 21, 2025, the Debtor filed its *Position on Adequate Protection* ("**Debtor's Position on Adequate Protection**", dkt. #263), and Condado filed a *Motion in Compliance with Order* on September 9, 2025 ("**Condado's Position on Adequate Protection**", dkt. #276). On October 29, 2025, this court found that neither party attached or referenced

1 supporting documentation for their positions, and thus declined to consider the matter further (dkt.
2 #303).

3     27. On October 27, 2025, Condado filed a *Motion to Dismiss* upon Debtor's failure to
4 file monthly operating reports under Section 1208 (dkt. #300), to which the Debtor filed a
5 *Response to Motion to Dismiss [Docket #300]* (dkt. #309). A hearing was held on November 17,
6 2025, wherein the court noted that it "may defer a decision on the Motion to Dismiss and the
7 Debtor's Response until after the evidentiary hearing scheduled for December 18, 2025." *Minutes*
8 *of Hearing Held on November 17, 2025*, dkt. #318, p. 2, lines 4-6.

9     28. On November 6, 2025, the Debtor filed a *Chapter 12 Plan Dated November 5,*
10 *2025* (dkt. #312), proposing that approximately $161,898.46 of the funds consigned with the court
11 be turned over to the Debtor on the plan's effective date "to purchase additional dairy cows, feed,
12 and as otherwise required to increase product[i]on for its dairy farm operation" (id., p. 6, Article
13 IV).

14     29. An evidentiary hearing is set for December 18, 2025, at 10:00 AM, to consider
15 Part C of the *Motion for Stay Relief* (dkt. #211) and the *Motion to Dismiss* (dkt. #207). See dkt.
16 #206, 305.

17 <center>Legal Issue</center>

18 The issue before the court is determining who is entitled to receive the funds consigned
19 with the court from the proceeds of the sale of Debtor's raw milk.

20 <center>Position of the Parties</center>

21 Condado argues in the *Motion to Withdraw Consigned Funds* that the dismissal terminated
22 the automatic stay and the bankruptcy estate, "restore[d] all property rights to the position in
23 which they were found at the commencement of the case", and requests that "the withdrawal and
24 disbursement of the aforementioned funds deposited with the Court in favor of Condado" (dkt.
25 #149, p. 3). In its *Response to Motion to Withdraw Consigned Funds and Cross Motion to*
26 *Disburse Funds to Debtor*, the Debtor argues that the court has "twice ruled that Condado 5 has
27 no lien on the post-petition proceeds of its milk sales" (dkt. #154, p. 1, ¶ 2), and "not only should

<center>-7-</center>

the funds not be disbursed to Condado 5, they should be disbursed to the Debtor, as Condado 5 has no security interest in those funds" (id., p. 4, ¶ 4).

In its reply, Condado argues that "[a]bsent a confirmed [] plan [of reorganization] at the time of dismissal, § 349(b) basically restores parties to the position they would have had if the bankruptcy case had not been filed" (dkt. #167, p. 3, ¶ 13) (internal citations omitted). Condado also argues that that the balance of equities weighs in favor of turning over the consigned funds to Condado or, in the alternative, that such consigned funds remain with the court until Condado obtains relief from the state court in the foreclosure case for the seizure of property. See also *Motion to Inform in Support of Condado's Motion to Withdraw Consigned Funds*, dkt. #187.[3]

In the *Joint Report on the Distribution of the Consigned Funds*, Debtor states that "Condado is entitled to adequate protection of its interest in the milk quota", and proposes as follows:

> Debtor agrees that Condado should receive the $3000 from the consigned funds in satisfaction of its lien on the account receivable.
>
> Debtor agrees that Condado should receive the $3000 from the consigned funds in satisfaction of its lien on the account receivable.
> …
> It is believed that there is $164,898.46 in the registry of the Court (based on reports of Suiza depositing that amount). Debtor's position is that the remainder after the $3000 should be paid to the Debtor, as Condado has no interest in those funds.
>
> It is Debtor's position that the quota is worth $2/quart, or $117,400 for the 58,700 quarts of quota. Condado has valued it as high as $5/quart, or $293,500. Even using Condado's numbers and a 10% interest rate for purposes of adequate protection, that would be $29,350/year. This case was filed on August 16, 2022, so for 3 years of adequate protection payments, that would be $88,050. Since Condado has already received over $207,000, it has already been overpaid for adequate protection of its interest in the milk quota, no matter how one looks at it.[1]
>
> Accordingly, Condado does not need any of the consigned funds towards adequate protection of its interest in the milk quota, so the remaining funds (after paying $3000 to Condado) should be disbursed to the Debtor.

---

[3] The motion refers to and attaches an unofficial transcript excerpt in Spanish of a hearing in the state court foreclosure proceeding.

-8-

> ... the remaining funds (after paying $3000 to Condado) should be disbursed to the Debtor.

dkt. #252, pp. 1-2, ¶¶ 2-6 (footnote omitted). Footnote No. 1 reads: "Debtor is *not* agreeing that Condado is entitled to this much adequate protection, simply that whatever it is entitled to is less than what it has already received. Debtor maintains that Condado should have to disgorge much of what it has been paid, but that issue is not before the Court at this time."

The only argument Condado asserts in the *Joint Report on the Distribution of the Consigned Funds* is that "the Bankruptcy Court is divested of jurisdiction to adjudicate or authorize any distribution of the consigned funds" (id., p. 2, ¶ 7).

### Applicable Law and Discussion

The commencement of a bankruptcy case creates an estate that comprises all legal and equitable interests of the debtor in property as of the date the bankruptcy case is commenced, 11 U.S.C. § 541(a)(1), including all "[p]roceeds, product, offspring, rents, or profits of or from property of the estate". 11 U.S.C. § 541(a)(6). Property of the estate also includes "all property of the kind specified in [11 U.S.C. § 541] that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted ..." 11 U.S.C. §1207(a)(1).

Following a perceived competing interest between the Debtor and Condado, Suiza Dairy sought and was granted leave to consign milk-sale proceeds with the court. As of the undersigned date, the registrar reflects a total balance of $171,760.42, comprising of $164,898.46 in principal and $6,861.96 in accrued interest.

This court has twice determined that the milk produced by Debtor's cows is not subject to Condado's collateral. See In re Vaquería Las Martas, Inc., 617 B.R. 429 (Bankr. D.P.R. April 15, 2020); In re Las Martas, Inc., 650 B.R. 359 (Bankr. D.P.R February 15, 2023), *aff'd sub nom.*, 2025 WL 2538834 (D.P.R. Sept. 4, 2025). Adjudication of who is entitled to receive the consigned funds was stayed pending the appeal of the dismissal this Third Bankruptcy Case, and the appeal of the *Second Order Determining Scope of Condado's Lien*. Dismissal having been vacated, the *Second Order Determining Scope of Condado's Lien* having been affirmed by the

District Court, and no further appeal having been filed, this matter is now ripe for adjudication in accordance with this court's prior orders.

The proceeds from the post-petition sale the raw milk produced by Debtor's dairy cows are property of the estate pursuant to 11 U.S.C. §§ 541(a)(1), (6) and 1207(a)(1), are not subject to Condado's lien, and are critical to the feasibility of Debtor's proposed plan of reorganization. As noted by the court at the status conference held on June 9, 2025, "the Debtor [is] entitled to the consigned funds as the same were the result of milk sales" (*Minutes*, dkt. #196, p. 2, lines 13-14).

## CONCLUSION

For the reasons stated herein, the Court hereby finds and orders as follows:

1. Condado's *Motion to Withdraw Consigned Funds* (dkt. #149) is hereby DENIED.
2. The Debtor's *Response to Motion to Withdraw Consigned Funds and Cross Motion to Disburse Funds to Debtor* (dkt. #154) is hereby GRANTED.
3. The Clerk of the Court shall disburse the amount of $164,898.46 plus interest earned, less fees imposed by law to the Debtor, Las Martas, Inc. d/b/a/ Vaquería Las Martas.
4. Within twenty-one (21) days, the Debtor shall file and amended chapter 12 plan of reorganization.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 1st day of December 2025.

_____
Enrique S. Lamoutte
United States Bankruptcy Judge