**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 22-02380 (ESL) |
| LAS MARTAS, INC. | CHAPTER 12 |
| Debtor. | |

**URGENT MOTION TO STAY DISBURSEMENTS**
(Related ECF Nos. 149, 154, 167, 186, 187, 252, 257 and 320)

TO THE HONORABLE COURT:

COMES NOW Condado 5, LLC ("Condado") through the undersigned counsel, and respectfully states and prays as follows:

1. On August 16, 2022, the Debtor filed the instant third Chapter 12 bankruptcy petition (Lead Case, ECF No. 1).

2. On August 23, 2022, Condado filed Proof of Claim No. 1 in the secured amount of $1,532,855.78 secured, *inter alia*, by 58,700 quarts of Debtor's bi-weekly milk quota.

3. On September 1, 2022, Suiza Dairy, Inc. ("Suiza Dairy") filed an interpleader *Complaint* (Adv. Proc. 22-00062, ECF No. 1) regarding the competing interests between the Debtor and Condado over the funds generated from the Debtor's sale of raw milk to Suiza. See id., pp. 6-11, ¶¶ 1-21.

4. On September 29, 2023, this Court entered an *Opinion and Order* (ECF No. 148) dismissing the instant case. Following the dismissal of the case, on September 29, 2023, Condado filed a *Motion to Withdraw Consigned Funds* (ECF No. 149).

5. On October 13, 2023, the Debtor filed a *Response to Motion to Withdraw Consigned Funds and Cross Motion to Disburse Funds to Debtor* (the "*Opposition to Motion to Withdraw Consigned Funds*", ECF No. 154).

6. On November 6, 2023, Condado filed a *Reply to Opposition to Motion to Withdraw Consigned Funds* (ECF No. 167).

7. On November 9, 2023, the Debtor appealed the dismissal (ECF No. 168), and on

March 5, 2025, the BAP entered an *Opinion and Order* reversed and vacated the reasoning that "[b]ecause § 1208(c)(9) is phrased in the conjunctive and the court's order expressly granted Condado's motion to dismiss based on that provision, we conclude here. Our determination of this narrow issue does not reach the court's assessment of the second prong of § 1208(c)(9) or any other basis for dismissal". *Opinion and Order*, ECF No. 190, p. 13.

8. On June 26, 2025, Condado filed another *Motion to Dismiss* for bad faith, unusual delay, and because the case constitutes a two-party dispute (ECF No. 207).

9. On August 12, 2025, the Chapter 12 Trustee filed an *Opposition to Motion to Dismiss* (the "<u>*Trustee's Opposition*</u>", ECF No. 256), and on August 18, 2025, the Debtor a *Response to Motion to Dismiss* (the "<u>*Debtor's Opposition*</u>", ECF No. 259) (collectively with the *Trustee's Opposition*, the "<u>*Oppositions*</u>").

10. On October 14, 2025, Condado filed a *Reply to the Oppositions* (ECF No. 299).

11. On October 27, 2025, Condado filed a subsequent *Motion to Dismiss* premised on the Debtor's failure to file monthly operating reports (ECF No. 300).

12. On November 3, 2025, the Debtor filed a *Response to the Motion to Dismiss* (ECF No. 309).

13. At the Hearing held on November 17, 2025, the Court noted that it "may defer a decision on the *Motion to Dismiss* and the *Debtor's Opposition* until after the evidentiary hearing scheduled for December 18, 2025". *Order,* ECF No. 320, p. 7, ¶27.

14. On December 1, 2025, the Court entered an *Order Directing Disbursement of Consigned Funds* (ECF No. 320) directing the Clerk of the Court to disburse the amount of $164,898.46 plus interest earned, less fees imposed by law to the Debtor.

15. Condado submits that the *Order Directing the Disbursement of the Consigned Funds* (ECF No. 320) should be held in abeyance until after the December 18, 2025 Hearing is held and the Court ultimately rules Condado's *Motions to Dismiss*.

16. No party would be harmed by staying the disbursements, as the case would simply maintain the *status quo* while the *Motions to Dismiss* are resolved. If the case is dismissed, Condado would be entitled to these same funds under non-bankruptcy law because "once the bankruptcy case is dismissed, § 552 is no longer effective" because "§ 552 simply suspends operation of an after acquired property clause during the pendency of the bankruptcy case." In re Kucera, 123 B.R. 123 B.R. 852, 854 (Bankr. D. Neb. 1990). "If the case is dismissed before confirmation, as in the instant case, the rights of prepetition secured creditors in property acquired during the pendency of the case should be determined as if the bankruptcy case had never been filed **unless otherwise ordered by the court under its broad authority under §§ 349 and 105**". Id. (boldface and italics added).

17. Moreover, Condado seeks the foregoing relief urgently considering the adverse effect the disbursement of funds would have on Condado if dismissal is once again ordered.

18. This Court has already determined in a companion case "[t]he lengthy and protracted history of this case and the related Bankr. Case No. 22-02380, together with the substantive matters pending before the court … constitute compelling circumstances." *Opinion and Order,* In re Juan Manuel Barreto Ginorio, Case No. 23-03681 (ESL11), ECF No. 153, p. 3. Applying the same standard, the pending matters before this Court constitute "compelling circumstances" that warrant staying the *Order Directing the Disbursement of Funds* until the December 18, 2025 Hearing concludes.

WHEREFORE, Condado requests the Court to hold in abeyance the *Order Directing the Disbursement of Funds* (ECF No. 320) until the Court rules on the pending *Motions to Dismiss* scheduled for December 18, 2025 and grant such further relief as may be just and proper.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 12th day of December 2025.

<u>Compliance with PR LBR 9013-1(a): Urgent Motions</u>
Condado hereby certifies that they have carefully examined the matter and concluded that there is a true need for an urgent remedy; they have not created the urgency through any lack of due

diligence; and they have made a bona fide effort to resolve the matter without a hearing.

## Certificate of Service

We hereby certify that on this same date, we electronically filed the foregoing with the Clerk of the Court using the Next Gen CM/ECF system which will send notification of such filing to all Next Gen CM/ECF participants in this case, including the Debtor's counsel, the Chapter 12 Trustee, the U.S. Trustee for Region 21, and all parties that requested notice. Motions and orders processed through CM/ECF are "presumed to be served on the same date of the electronic filing". P.R. Elec. Power Auth. v. Vitol, Inc., 298 F.R.D. 23, 26 (D.P.R.2014).

**Ferraiuoli LLC**
Attorneys for Condado
American International Plaza
250 Muñoz Rivera Avenue
6th Floor
San Juan, PR 00918
PO Box 195168
San Juan, PR 00919-5168
Telephone: 787.766.7000
Facsimile: 787.766.7001

*/s/Gustavo A. Chico-Barris*
GUSTAVO A. CHICO-BARRIS
USDC-PR No. 224205
gchico@ferraiuoli.com

*/s/Tomás F. Blanco-Pérez*
TOMAS F. BLANCO-PEREZ
USDC-PR No. 304910
tblanco@ferraiuoli.com