**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>LAS MARTAS, INC.<br>    Debtor. | CASE NO. 22-02380 (ESL)<br><br>CHAPTER 12 |
| IN RE:<br><br>JUAN MANUEL BARRETO GINORIO<br>    Debtor. | CASE NO. 23-03681 (ESL)<br><br>CHAPTER 11 |

**STIPULATION OF THE TREATMENT OF CONDADO'S CLAIM UNDER THE PLANS OF REORGANIZATION**

TO THE HONORABLE COURT:

COME NOW the captioned Debtors, secured creditor Condado 4, LLC (Condado) (jointly the "Parties"), and the Chapter 12 Trustee as a party in interest through their respective undersigned counsels, and respectfully state and pray as follows:

Factual and Procedural Background

1. On or around January 12, 2005, Banco Popular de Puerto Rico ("BPPR"), predecessor in interest of Condado, extended to Las Martas a credit facility in the amount of $1,850,000.00 (the "Loan I"). See Loan I, Bankr. Case No. 22-02380-ESL12, Proof of Claim No. 1, Part 4, pp. 1-23; Bankr. Case No. 23-03681-ESL11, Proof of Claim No. 1-2, Part 4, pp. 1-56.

2. Loan I is a commercial loan which purpose was to consolidate corporate and personal debts for the purchase of land, 5,000 quarts of milk quota, 36 heifers, machinery, equipment and for improvements to Las Martas' facilities. See Loan I, Proof of Claim No. 1, Part 4, p. 2.

3. The Debtor's principal, Mr. Juan Manuel Barreto Ginorio ("Mr. Barreto"), his former spouse, Maria Elena Hernandez Ruiz, and JM Dairy, Inc. ("JM Dairy") all serve as guarantors to the Loan. See Loan Agreement, Bankr. Case No. 22-02380-ESL12, Proof of Claim No. 1, Part 4,

p. 1; Bankr. Case No. 23-03681-ESL11, Proof of Claim No. 1-2, Part 4, p. 1 and *Amended Note*, Bankr. Case No. 22-02380-ESL12, Proof of Claim No. 1, Part 5, p. 9; Bankr. Case No. 23-03681-ESL11, Proof of Claim No. 1-2, Part 5, p. 9.

4. Loan I was to be repaid in a term of five (5) years, but BPPR agreed to extend it for ten (10) more years, which ultimately *matured* and has been past due and payable since January 12, 2015, to wit, over ten (10) years ago. See *Amended Note*, Bankr. Case No. 22-02380-ESL12, Proof of Claim No. 1, Part 5, p. 22.

5. On or around October 8, 2007, BPPR extended to Mr. Barreto a credit facility in the amount of $375,000.00 (the "Loan II", and together with the Loan, hereinafter referred to collectively as the "Loans"). See the *Resolution* by the PR Court of First Instance, Case No. AR2021CV00693, SUMAC No. 136, Exhibit I, Bankr. Case No. 23-03681-ESL11, ECF No. 47-1, p. 5, ¶ 15. Las Martas and JM Dairy serve as guarantors to Loan II. See id.

6. Loan II secures a *Note* in favor of BPPR, and subsequently endorsed in favor of Condado, in the amount of $375,000.00 (the *"Note II", Resolution* by the PR Court of First Instance, Case No. AR2021CV00693, SUMAC No. 136, Bankr. Case No. 23-03681-ESL11, ECF No. 47-1, p. 6, ¶ 16)..On April 20, 2011, *Note II* was amended to extend the maturity date to July 8, 2011, and has been matured over twelve (12) years ago. See *Resolution* by the PR Court of First Instance, Case No. AR2021CV00693, SUMAC No. 136, Bankr. Case No. 23-03681-ESL11, ECF 47-1, p. 7, ¶ 23.

7. On June 21, 2011, the Debtor filed its first Chapter 12 petition (Bankr. Case No. 11-05237-ESL), Barreto filed his own bankruptcy case (Bankr. Case No. 11-05236-ESL) and JM Dairy also filed its own bankruptcy (Bankr. Case No. 11-05239-ESL). These bankruptcy cases were substantively consolidated with Bankr. Case No. 11-05236-ESL filed by Barreto (*Order Granting Consolidation*, Bankr. Case No. 11-05239, ECF No. 22). These consolidated cases, however, were dismissed on January 16, 2018, for material default with the terms of the confirmed plan on August 30, 2018. See Bankr. Case No. 11-05236-ESL12, ECF Nos. 386, 387 (dismissed

upon Chapter 12 Trustee's request pursuant to 11 U.S.C. § 1208(c)(1),(6) for unreasonable delay prejudicial to creditors and material default with respect to the terms of a confirmed plan).

8. On December 14, 2018, the Debtor filed a second Chapter 12 petition (Case No. 18-07304-ESL12, ECF No. 1). On April 22, 2021, the Debtor's second bankruptcy case was dismissed through an *Opinion and Order* pursuant 11 U.S.C. § 1208(c)(1) for *unreasonable delay prejudicial to creditors* (including Condado), and *failure to timely file a confirmable plan*. See *Opinion and Order*, Bankr. Case No 18-07304-ESL12, ECF No. 251, 2021 Bankr. LEXIS 1075, 2021 WL 8200008 (Bankr. D.P.R. Apr. 22, 2021). The *Opinion and Order* was appealed to Bankruptcy Appellate Panel for the First Circuit (BAP 1st Cir. No. 22-0017), which *affirmed* the dismissal through an *Opinion and Order* issued on April 21, 2022. See Vaqueria Las Martas, Inc. v. Condado 5, LLC (In re Vaqueria Las Martas, Inc.), 638 B.R. 482 (B.A.P. 1st Cir. 2022).

9. On April 18, 2019, JM Dairy also filed a second bankruptcy petition, this time under Chapter 11 (Bankr. Case No. 19-02168, ECF No. 1), which was ultimately dismissed on June 28, 2021 (Bankr. Case No. 19-02168, ECF No. 97) upon Condado's request (Bankr. Case No. 19-02168, ECF No. 82).

10. Meanwhile, on May 28, 2021, Condado filed a *Foreclosure Complaint* with the PR Court of First Instance, Superior Court of Arecibo (the "PR Court of First Instance"), Case No. AR2021CV00693 (the "Foreclosure Case") against Las Martas, the Debtor's principal and co-guarantor (Mr. Barreto), his former spouse and co-guarantor (Ms. Maria Elena Hernandez Ruiz) and JM Dairy (as further co-guarantor of the Loan I). See Proof of Claim No. 1, Part 3, pp. 1-18, and Part 9, pp. 1-10.

11. On August 16, 2022, Las Martas filed the instant third Chapter 12 bankruptcy petition (ECF No. 1).

12. On September 1, 2022, Condado filed a *Motion to Dismiss* Las Martas' third Chapter 12 bankruptcy petition (Bankr. Case No. 22-02380-ESL12, ECF No. 22). On October 3, 2022, Las Martas filed a *Response to Motion to Dismiss* (ECF No. 37).

13. Also On September 1, 2022, Suiza Dairy, Inc. ("Suiza Dairy") filed an interpleader *Complaint* (Adv. Proc. 22-00062, ECF No. 1) regarding the competing interests between Las Martas, Inc. and Condado over the funds generated from the Las Martas, Inc.'s sale of raw milk to Suiza. See id., pp. 6-11, ¶¶ 1-21.

14. On June 15, 2023, the Bankruptcy Court held an evidentiary hearing to consider Condado's *Motion to Dismiss* and Debtor's *Opposition* and took the matter under advisement. See, *Minutes of Hearing Held on June 15, 2023,* Case No. 22-02380, ECF No.143).

15. On September 29, 2023, this Court issued an *Opinion and Order* dismissing Las Martas' third bankruptcy case. *Opinion and Order*, Bankr. Case No. 22-02380-ESL12, ECF No. 148, p. 34, 2023 Bankr. LEXIS 2413, 2023 WL 6413170 (Bankr. D.P.R. 2023).

16. Also on September 29, 2023, Condado filed a *Motion to Withdraw Consigned Funds* (Bankr. Case No. 22-02380-ESL12, ECF No. 149).

17. On October 13, 2023, Las Martas, Inc. filed a *Response to Motion to Withdraw Consigned Funds and Cross Motion to Disburse Funds to Debtor* (the "*Opposition to Motion to Withdraw Consigned Funds*", Bankr. Case No. 22-02380-ESL12, ECF No. 154).

18. On November 6, 2023, Condado filed a *Reply to Opposition to Motion to Withdraw Consigned Funds* (Bankr. Case No. 22-02380-ESL12, ECF No. 167).

19. On November 9, 2023, Las Martas appealed the dismissal *Opinion and Order* to the U.S. Bankruptcy Appellate Panel for the First Circuit (B.A.P. 1st Cir. Appeal No. 23-026).

20. On January 2, 2024, Condado filed a *Motion to Dismiss* Mr. Barreto's case (Bankr. Case No. 23-03681-ESL11, ECF No. 47), to which Mr. Barreto opposed on January 23, 2024 ("*Debtor's Opposition*", Bankr. Case No. 23-03681-ESL11, ECF No. 73), and Condado replied on January 29, 2024 (Bankr. Case No. 23-03681-ESL11, ECF No. 88).

21. On February 22, 2024, this Court entered an *Opinion and Order* (Bankr. Case No. 23-03681-ESL11, ECF No. 104) dismissing Mr. Barreto's case.

22. On March 5, 2025, the Bankruptcy Appellate Panel entered an *Opinion and Order*

(Bankr. Case No. 22-02380-ESL12, ECF No. 190) vacating the *Opinion and Order Dismissing* Las Martas, Inc.'s Bankruptcy Case.

23. On March 21, 2024, Mr. Barreto filed a *Notice of Appeal* (Bankr. Case No. 23-03681-ESL11, ECF No. 110) to the US District Court for the District of Puerto Rico in Civil Case No. 24-1148 (ADC).

24. On August 20, 2025, the District Court issued an *Opinion and Order* and *Judgment* partially reversing the dismissal order that was docketed into Mr. Barreto's bankruptcy case for "further development of the record on bad faith as a ground for dismissal" (Bankr. Case No. 23-03681-ESL11, ECF Nos. 132 and 133).

25. On June 26, 2025, Condado filed a *Motion to Dismiss* Las Martas, Inc.'s Bankruptcy Case (Bankr. Case No. 22-02380-ESL12, ECF No. 207), to which the Trustee opposed on August 12, 2025 (Bankr. Case No. 22-02380-ESL12, ECF No. 256) and Las Martas, Inc. opposed on August 18, 2025 (Bankr. Case No. 22-02380-ESL12, ECF No. 259). Condado filed a consolidated reply on October 14, 2025 (Bankr. Case No. 22-02380-ESL12, ECF No. 299).

26. On December 1, 2025, the Court entered an *Order Directing Disbursement of Consigned Funds* (Bankr. Case No. 22-02380-ESL12, ECF No. 320) directing the Clerk of the Court to disburse the amount of $164,898.46 plus interest earned, less fees imposed by law to Las Martas, Inc. (the "<u>Consigned Funds</u>").

27. To settle all pending contested matters between them, the captioned Debtors and Condado submit the following stipulation.

<u>Stipulation</u>

28. The Debtors acknowledge and ratify their obligations under the Loan Documents and Condado's collateral and security interests. It is hereby understood and agreed that this Stipulation is not intended to constitute a modification or extinctive novation ("novación extintiva") of the obligations and undertakings of the Parties under the Loans, except as otherwise amended herein. The Parties ratify, reaffirm, confirm, consent to and acknowledge all of the terms, priority

and conditions of, security interest, mortgages or liens granted by the Debtor over the collateral provided for in the documents related to the Loans and the Parties' obligations thereunder. This stipulation shall not be construed as a third-party release in favor of any co-debtor and/or guarantor. The applicable interest rate for the Loans is hereby set at 8% from the date of approval of this stipulation, plus an additional 3% upon an event of default as subsequently defined.

29. The Parties agree to the repayment of Condado's Claim as follows:

(a) **Secured Claim Amount.** Condado agrees to reduce its secured claim to $500,000.00 (the "Secured Claim") as of the date of approval of this stipulation. The remaining balance from the Proof of Claims filed by Condado in these cases will be treated as an unsecured claim in the plans (the "Unsecured Claim"). The repayment of the Secured Claim shall be allocated between the Debtors as they deem appropriate, based on the value of the collateral owned by each.

(b) **Distribution of Consigned Funds.** The Consigned Funds in the amount of $164,898.46 plus interest earned, less fees imposed by law consigned with the Bankruptcy Court (Bankr. Case No. 22-02380-ESL12, ECF No. 320) shall be distributed fifty percent (50%) to Condado and fifty percent (50%) to Las Martas. Las Martas shall notify counsel for Condado upon receipt of the funds and pay 50% thereof to Condado five (5) days after receipt. This sum shall be applied to reduce the Secured Claim.

(c) **Monthly Payments for the Secured Claim.** The Debtors shall jointly make monthly payments to Condado to be applied to the Secured Claims as follows:

(i) One Thousand Dollars ($1,000.00) per month for the first three (3) months following the approval of this Stipulation. These monthly payments shall commence three days after the entry of the order approving of the instant stipulation. Subsequent payments shall be due on February 1, 2026 and March 1, 2026.

(ii) For the next three (3) months, the Debtors shall make interest-only payments at eight percent (8%) *per annum* on the outstanding balance. These payments shall be due on the first day of each month during this period;

(iii) For the next thirty months, the Debtors shall make monthly payments in the amount of Five Thousand Dollars ($5,000.00) at eight percent (8%) per annum interest for months seven (7) through thirty-six (36). A final balloon payment of the remaining balance of the Secured Claim, if any, shall be made at month thirty-seven (37). The Debtors can prepay the Secured Claim without penalty. Payments must made directly by the milk processing plant (or by Debtors if the milk processing plant declines or fails to do so) and shall be due on the fifteenth (15th) day of each month.

(d) **Residential Property Marketing Rights and § 363 Sale.** Condado and Mr. Barreto shall have the immediate right to market the residential property located at Lot 18, Int. PR 653, KM 2.9, Paseo Esmeralda Dev. In Hato Abajo Ward, Arecibo, PR 00612 (Lot No. 47349 registered at the Arecibo Property Registry, Section I, page 70, volume 1240, the "<u>Residential Property</u>"), owned by Mr. Barreto, free and clear of all liens, interests, and encumbrances pursuant to 11 U.S.C. § 363, until December 31, 2026. Once Condado obtains a buyer and approves the sale for a net amount no less than $175,000, it shall so notify Mr. Barreto's counsel by email. Condado and Mr. Barreto shall then file within 5 days a joint Motion to Sell the Residential Property free and clear of all liens, interests, and encumbrances pursuant to 11 U.S.C. § 363 with a shortened 7-day objection notice. Upon the entry of the order approving the sale of the Residential Property, the Debtors shall execute any deed or instrument necessary to effectuate the sale. All closing costs and fees related to the transfer of this property not paid by the purchaser shall be

    paid from the sale proceeds. Condado has the right to approve any carveouts from the sale. The Debtors shall not oppose, hinder or delay the sale of the collateral described above in any way whatsoever. The net proceeds of the sale shall be paid to Condado and applied to reduce the Secured Claim.

(e)  **Lien Retention and Additional Cattle Security.** Condado shall retain all existing liens securing the Loans. In addition, Condado shall obtain and retain a security interest and lien on all current cattle and additional replacement cattle to secure the obligations under this Stipulation and the Loans, and the Debtor hereby agrees to execute any and all documents to that extent. Condado will also be allowed to execute and file any and all documents to maintain all its liens.

(f)  **Plan Provisions and Withdrawal of Pending Motions.** Provided that the Debtors' Plans incorporate the terms set forth in this Stipulation, Condado shall not object to confirmation of either plan and shall vote its Secured Claim and Unsecured Claim in favor of confirmation. Upon the order approving this stipulation, Condado shall withdraw its Motions to Dismiss and Motion for Relief from the Automatic Stay in both bankruptcy cases. To the extent any provision of either plan conflicts with the terms of this Stipulation, the terms of this Stipulation shall control and prevail.

(g)  **Default Terms.** In the event of default by the Debtors under the terms of this Stipulation, or of either confirmed plan in a manner that affects Condado, the Debtors consent to an automatic transfer of all the collateral encumbered by Condado under the terms of this Stipulation, without the need for further foreclosure proceedings by virtue of an order and writ from this Court to the Property Registrar. Condado shall file a motion for the transfer of its collateral under Sections 363, 1141, 1146, 1227 and 1231 of the Bankruptcy Code free and clear of all liens through an Order and Writ from the Bankruptcy Court, which the

        Debtors shall not oppose, object, hinder or delay in any way shape or form. Moreover, the Debtors shall cooperate in any way necessary to assist and/or culminate the proper transfer of the collateral with the Property Registry and/or any other government entity (including without limitation the execution of any document or deed to that effect). The Debtors shall also evict and/or aid in the eviction of any person occupying the collateral.

(h)    **Cure period**: If an Event of Default occurs, Condado's counsel shall send an email to Debtors' counsels (Daniel M. Press, Esq. at dpress@chung-press.com and Jesus E. Batista, Esq at jeb@batistasanchez.com) informing of the event of default (the "Notice of Default"). If a Notice of Default is sent, the Debtor shall have ten (10) days from the day the Notice of Default to cure it. If the Debtors fail to cure the default, the Event of Default shall be deemed perfected, and Condado may proceed with any and all default remedies herein.

30.    The terms and conditions of all documents related to Condado's Claim shall remain in full force and effect until Condado's Secured Claim is paid off in accordance with the terms previously stated. The Parties hereby ratify, reaffirm, confirm, consent to, and acknowledge all the terms and conditions of the pre-petition loan and collateral documents in connection to Condado's Claim, as summarized above for easy reference, including Condado's liens, which will remain in full force and effect after confirmation of the Debtors' Plans, and will continue to encumber the collateral as described in the documents attached to Proofs of Claim No. 1-1. The Debtors hereby consent and shall not oppose to Condado taking any and all actions necessary during the term of the Plans that are ultimately confirmed to maintain as valid its existing, perfected security interests. Condado will retain unaltered its legal and contractual rights until full payment of Condado's Secured Claim as detailed herein. The Debtors agree not to challenge the terms and conditions of the documents related to Condado's Claim.

31. Upon its filing, this Stipulation shall be automatically adopted and incorporated into the Plan of Reorganization, or any subsequent Plan, as an amendment or supplement, and shall constitute the treatment for Condado's Claim (or Condado's successors). Should there be any discrepancy between the terms and conditions of this Stipulation and the Plan that is ultimately confirmed, the provisions of this Stipulation shall prevail over the contents of the Plan.

32. The Debtors shall not subsequently amend the terms of this Stipulation through an amended plan, motion for post-confirmation modification and/or subsequent bankruptcy case without Condado's prior written consent. Any post-confirmation modification or treatment that the Debtors subsequently file in this case or any future bankruptcy case for any other purpose, shall keep the terms and conditions in favor of Condado and its successors herein unless Condado, its successors, parties and assignees have previously approved otherwise in writing.

33. Until Condado's Secured Claim is satisfied in full under the terms of this stipulation, the following shall constitute events of default (each an "Event of Default") and entitle Condado to exercise all of its remedies: (1) any representation, warranty or other written statement made by the Debtors, or by an authorized representative of the Debtors, to Condado with regards to the initiation, negotiation, discussion, and/or execution of this Stipulation proves to have been false or misleading in any material respect when made; or (2) the Debtors' breach of any covenant or obligation contained in the Stipulation herein or failure to comply with or failure to perform any of the terms, conditions or covenants or their obligations set forth in the Stipulation, including, but not limited to, the Debtors' failure to make any payment when due, if any, identified in the instant Stipulation; or (3) the Debtors challenge in any form, way, manner, or action the validity or enforceability of the Loans and Condado's collateral and security interests, the enforceability of the obligations of the Debtors thereunder, or the perfection or priority of any lien granted to Condado by the Debtors, or if, as the result of any action undertaken by the Debtors, the Loans and Condado's collateral and security interests or the transactions relating thereto cease to be in full force or effect; or (4) a trustee or an examiner with enlarged powers relating to the operation

of any of the Debtors' business is appointed in the Bankruptcy Case; or (5) the Debtors seeks, or, the filing, at the request of the Debtors, of any motion by any other party to obtain, additional or replacement post-petition financing that would encumber Condado's collateral without the prior written approval of Condado (except such replacement financing that would satisfy Condado's secured claim in full); or (6) any of the Bankruptcy Cases are dismissed or converted to Chapter 7; or (7) the commencement of any challenge by the Debtors against Condado's liens, claims, and/or security interests granted by the Debtors; or (8) as the result of any action undertaken by the Debtors and/or any failure to act and/or negligence of the Debtors, any decision by a regulatory or governmental entity that has or could impact Condado's lien on any of its collateral in the instant case. Any and all of the foregoing Event(s) of Default shall each or jointly constitute a breach of this Stipulation.

34. Until Condado's Secured Claim is satisfied in full, if an Event of Default occurs and/or in the event of any default under the Plan that impacts Condado, in addition to any other remedy afforded by law or herein, Condado may move for the dismissal of the case and the terms in the Stipulation, as expressed herein, and Condado, at its discretion, may vacate its terms, and/or request the specific default remedies herein. In addition, upon an Event of Default and/or in the event of any default that impacts Condado under the Plan by the Debtors with any of the agreements reached herein, the Debtors acknowledge, represent, covenant, and agree with Condado that: (i) the Debtors' obligations to pay in full the outstanding balance of the Loans and Condado's collateral and security interests and any other sums due to Condado is valid, binding and enforceable in all respects; and (ii) the Debtors' obligations under the Loans and Condado's collateral and security interests, as well as any and all of its other obligations under any agreement or document related to the Loans and Condado's collateral and security interests (including, without limitation, any guarantees and this Stipulation) are valid, binding and enforceable in all respects. If there is an Event of Default, Condado may, at its sole discretion seek any and/or all remedies specified herein. Failure of Condado to exercise any right provided for herein will not be considered a

waiver thereof. Condado reserves the right to seek any remedy and/or enforce any other right under bankruptcy and non-bankruptcy law.

35. Until Condado's Secured Claim is satisfied in full, upon the Debtor's default with the terms herein, all of Condado's Claims and the Debtors' obligations with Condado under the confirmed Plan, shall revert to their original, pre-confirmation and pre-bankruptcy state, and the indebtedness shall become immediately due and payable without further notice by Condado, and Condado shall have the right to enforce any and all remedies under Loans and Condado's collateral and security interests at law or in equity. Failure to exercise any right provided herein will not be considered a waiver thereof.

36. The Parties also agree that, as an incentive for Condado to enter into this Stipulation; and in recognition of Condado's risks associated with the Debtor complying with the terms and conditions set forth herein, in the event of an additional subsequent bankruptcy proceeding is initiated by the Debtors before Condado's Secured Claim is satisfied in full, Condado may exercise its right to relief from the automatic stay pursuant to the Section 362(d) of the Bankruptcy Code, and the Debtors shall not object, oppose or otherwise interfere with Condado's right to relief from the automatic stay.

37. The Debtors also acknowledge that they and Condado have engaged in extensive and bona fide negotiations with regards to this Stipulation. In light of such negotiations and the substantial considerations and concessions made by Condado herein, the Debtors agree (after being duly advised by its competent legal representative undersigned herein) that any further additional bankruptcy proceeding initiated by the Debtors, that is, a bankruptcy proceeding other than the instant bankruptcy cases: (i) would increase the potential loss of the Debtors, Condado, and all other creditors of the Debtors; (ii) would only delay Condado's rights to pursue legal remedies; and (iii) would not be filed in good faith. This clause shall be binding and enforceable for 7 years from the entry of the order confirming the plans, unless Condado's Secured Claims have been satisfied pursuant to the terms of the Plans in the instant cases.

38. Failure of Condado to exercise any right provided for herein will not be considered a waiver thereof.

39. Upon an event of default before Condado's Secured Claim is satisfied in full, the Debtors expressly consent to immediate relief from the automatic stay, and Condado shall be immediately entitled to seek any remedy available under non-bankruptcy law or this Stipulation, including without limitation collection and/or foreclosure, and waives any relief under Section 362 of the Bankruptcy Code. The Debtors also agree and consent that any dismissal in this case before Condado's Secured Claim is satisfied in full will include a twenty-four (24) month bar to refile another bankruptcy case under any Chapter. The Parties also agree and consent that in such event, all pre-petition contractual provisions shall be reinstated notwithstanding the confirmation of the plan, and any default remedy in this Stipulation shall survive the dismissal of the case notwithstanding § 349 of the Bankruptcy Code. Likewise, in the event the Plan is ultimately confirmed but the Debtors subsequently default, the Debtors hereby waive any and all discharge remedies under Section 524 of the Bankruptcy Code with regards to Condado so that Condado may proceed to assert its rights under non-bankruptcy law.

40. The Parties warrant that the terms and conditions in this Stipulation are reasonable under the circumstances and that they have acted in good faith in their negotiations. This Stipulation shall bind the Parties, and their respective successors, privies and assignees. This Stipulation does not in any way release or affect the obligation for the parties who may be liable with the Debtors on this claim, except as previously provided herein.

41. The foregoing Stipulation is subject to approval of the Bankruptcy Court. In the event the Court does not authorize or approve the terms and conditions herein, in its entirety, the Stipulation shall be unenforceable, null and void, and will have no further force and effect and nothing contained herein shall be deemed to be a waiver of the rights of any party.

42. The Chapter 12 Trustee appears in this stipulation to state that he has no objection to the stipulation herein.

Prayer for Relief

WHEREFORE, the Parties stipulate to the above and jointly request the Court's approval of this Stipulation.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, on this 18th day of December 2025.

No objection notice

As discussed at today's settlement hearing, the instant stipulation does not require objection notice, and the Parties herein request that the Court approves it at its earliest convenience.

Certificate of Service

We hereby certify that on this same date, we electronically filed the foregoing with the Clerk of the Court using the Next Gen CM/ECF system which will send notification of such filing to all Next Gen CM/ECF participants in this case, including the Chapter 12 Trustee, the U.S. Trustee for Region 21, and all parties that requested notice.

/s/ Daniel M. Press
Daniel M. Press, #204704
CHUNG & PRESS, P.C.
Attorney for Las Martas Inc.
6718 Whittier Ave., Suite 200
McLean, VA 22101
(703) 734-3800
dpress@chung-press.com

**Ferraiuoli** LLC
Attorneys for Condado
American International Plaza
250 Muñoz Rivera Avenue
6th Floor
San Juan, PR 00918
PO Box 195168
San Juan, PR 00919-5168
Telephone: 787.766.7000
Facsimile: 787.766.7001

/s/Gustavo A. Chico-Barris
GUSTAVO A. CHICO-BARRIS
USDC-PR No. 224205
gchico@ferraiuoli.com

**THE BATISTA LAW GROUP, PSC.**
Attorneys for Mr. Barreto
P.O. Box 191059
San Juan, PR. 00919
Telephone: (787) 620-2856
Facsimile: (787) 777-1589
/s/ Jesus E. Batista Sánchez
Jesus E. Batista Sánchez
USDC-PR # 227014
jeb@batistasanchez.com

JOSE R. CARRION
CHAPTER 12 STANDING TRUSTEE
P.O. Box 9023884
Old San Juan Station
San Juan, P.R. 00902-3884
Tel (787) 977-3535
FAX(787) 977-3550
By: /s/ José R. Carrión
USDC No. 203712