# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF PUERTO RICO

```
------------------------------------------------------------X
In re:                                           :   Chapter 12
                                                 :
LAS MARTAS, INC.                                 :   Case No. 22-02380 (ESL)
                                                 :
        Debtor.                                  :
                                                 :
------------------------------------------------------------X
```

## CHAPTER 12 PLAN DATED FEBRUARY 19, 2026

NOW COMES Las Martas Inc., debtor (the "Debtor"), through counsel, and files this Plan of Reorganization (the "Plan") pursuant to Section 1221, et seq., of the United States Bankruptcy Code, 11 U.S.C. (the "Code").

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

Your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated. If you oppose the Plan's treatment of your claim or any provision of this Plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Court may confirm this Plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under the Plan.

## ARTICLE I - DEFINITIONS

    1.1 <u>Administrative Bar Date</u>" means the first Business Day thirty (30) days after the Effective Date, and is the date by which all pre-confirmation Administrative Claims (other than Professional Claims) must be filed with the Bankruptcy Court, except as otherwise provided in the Plan.

    1.2 "<u>Administrative Claim</u>" means any cost or expense of administration of the Estate allowed under § 503(b) of the Bankruptcy Code, proof (or request for payment or approval) of which is timely filed by the Administrative Bar Date to the extent applicable.

    1.3 "<u>Allowed Claim</u>" means a Claim against the Debtor, proof of which has been timely filed and with respect to which no timely filed objection to the allowance thereof has been interposed; or which has been allowed by the Court in a Final Order, but only in the amount allowed. An Allowed Claim shall not include unmatured or post-petition interest unless otherwise stated in the Plan.

    1.4 "<u>Assets</u>" means all property, real or personal, in which the Debtor has an interest.

    1.5 "<u>Avoidance Actions</u>" means proceedings commenced under Chapter 5 of the Bankruptcy Code.

1.6 [Reserved]

1.7 "Bankruptcy Code" means Title 11 of the United States Code.

1.8 "Bankruptcy Court" means the United States Bankruptcy Court for the District of Puerto Rico, or if such court ceases to exercise jurisdiction over the Case, the court or adjunct thereof that exercises jurisdiction over the Case.

1.9 "Bankruptcy Rules" means (i) the Federal Rules of Bankruptcy Procedure, and (ii) the Local Bankruptcy Rules for the Bankruptcy Court, in either case, as now in effect or hereinafter amended (except that all time periods herein shall be calculated in accordance with the Bankruptcy Rules as in effect on the date hereof).

1.10 "Bar Date" means the date designated by the Bankruptcy Court as the last date for filing a proof of claim or proof of interest, as the case may be, against the Debtor. The Bar Date for non-governmental claims was October 25, 2022, and for governmental claims was February 12, 2023.

1.11 "Business Day" means any day except Saturday, Sunday, or other day on which commercial banks in the Commonwealth of Puerto Rico are authorized or required by law to close, or any other "legal holiday" as defined in Bankruptcy Rule 9006(a).

1.12 "Case" means the case commenced under Chapter 12 of the Bankruptcy Code pending in the Bankruptcy Court, and bearing Case No. 22-02380.

1.13 "Cash" means United States currency, drafts, checks, deposit accounts or other cash equivalents.

1.14 "Claim" means a claim as defined in § 101(5) of the Bankruptcy Code.

1.15 "Claimant" means a Person holding a Claim against the Debtor.

1.16. "Class" means each class of Claims or Interests established and set forth in Article II of the Plan.

1.17 "Collateral" means any property or interest in property of the Debtor subject to a Lien to secure the payment or performance of a Claim, which Lien is not subject to avoidance or otherwise invalid under the Bankruptcy Code or applicable state law.

1.18 "Confirmation" means the entry of a Final Order of the Bankruptcy Court confirming the Plan.

1.19 "Confirmation Date" means the date on which the Confirmation Order is entered by the Bankruptcy Court.

1.20 "Confirmation Hearing" means the hearing under § 1224 of the Bankruptcy Code scheduled by the Bankruptcy Court for consideration of Confirmation of the Plan as it may be continued from time to time.

1.21 "Confirmation Order" means the order of the Bankruptcy Court confirming the Plan.

1.22 "Creditor" means the holder of a Claim.

1.23 [Reserved]

1.24 "Debtor" means Las Martas Inc.

1.25 [RESERVED]

1.26 "Disputed Claim" means a Claim as to which a proof of claim was timely filed and an objection to such Claim was filed within 30 days after the Effective Date, and any late-filed claim whether or not an objection has been filed.

1.27 "Effective Date" means the first Business Day after 14 days after entry of the Confirmation Order, unless a stay of the Confirmation Order is then in effect, in which case it shall be the first Business Day after 14 days after the stay terminates.

1.28 "Equipment" means all machinery, tools, motor vehicles, furniture and fixtures, and all parts thereof and all accessions thereto and all software related thereto, including software that is embedded in and is part of said Equipment, so as not to include any Inventory.

1.29 [Reserved].

1.30 "Estate" means the bankruptcy estate of the Debtor.

1.31 "Executory Contracts" means all contracts, including unexpired leases, to which the Debtor was a party on the Petition Date and which were executory within the meaning of § 365 of the Bankruptcy Code and which may be assumed or rejected by the Debtor.

1.32 "Final Decree" means the Final Order of the Bankruptcy Court that closes the Case.

1.33 "Final Order" means an order or judgment of the Court as entered on the docket in the case, that has not been reversed, stayed, modified, or amended, and as to which, either (i) the time to appeal or seek certiorari has expired and no appeal or petition for certiorari has been timely filed, or (ii) any appeal or petition for certiorari that has been filed has been resolved by the highest court to which the order or judgment was appealed from or from which certiorari was sought.

1.34 "Inventory" means all goods held for sale or lease, including all raw materials, work in process, finished goods, and material used or consumed in the manufacture, production, preparation or shipping thereof, so as not to include any Equipment.

1.35 "Lien" has the meaning set forth in §101(37) of the Bankruptcy Code.

1.35A "Material Default" of the Debtor shall occur if (1) Debtor fails to make any payment required under the Plan, or to perform any other obligation required under the Plan, for more than 14 calendar days after the time specified in the Plan for such payment or other performance; (2) upon such failure, the Trustee or affected creditor has served upon Debtor and Debtors' attorney a written notice of Debtor's default; and (3) Debtor fails within 21 calendar days after the date of service of the notice of default either: (i) to cure the default; or (ii) to move to obtain from the court (or obtain from the affected creditor) an extension of time to cure the default, or a determination that no default occurred.

1.36 "Miscellaneous Assets" means Assets other than Real Estate, Inventory, Equipment, Accounts Receivable or Avoidance Actions.

1.37 "Person" means an individual, a corporation, a partnership, an association, a joint stock company, a joint venture, an estate, a trust, an unincorporated organization, a government, or any political subdivision thereof, or other legal entity.

1.38 "Petition Date" means August 16, 2022, the date on which the voluntary petition for relief under Chapter 12 of the Bankruptcy Code was filed by the Debtor.

1.39 "Plan" means this Plan, as it may be amended from time to time.

1.40 "Priority Claim" means a Claim made pursuant to § 507(a) of the Bankruptcy Code, other than an Administrative Claim or a Professional Claim.

1.41 "Priority Tax Claim" means any unsecured Allowed Claim for taxes, including without limitation, income, property, withholding, payroll or excise taxes, or any penalty related to the foregoing to the extent such Claim is entitled to priority under § 507(a)(8) of the Bankruptcy Code.

1.42 "Professional" means any attorney, accountant, appraiser, consultant, financial advisor or other professional retained or to be compensated pursuant to an order of the Bankruptcy Court entered under any provision of the Bankruptcy Code.

1.43 "Professional Claim" means any Claim for compensation or reimbursement of a Professional arising at any time.

1.44 "Proof of Claim" means a proof of Claim filed pursuant to § 501 of the Bankruptcy Code and Part III of the Bankruptcy Rules.

1.45 "Rejection Claim" means a Claim arising from the rejection of an executory contract or unexpired lease in such amounts as are permitted by the Bankruptcy Code and applicable law, and as are Allowed by the Bankruptcy Court.

1.46 "Schedules" means the schedules of assets and liabilities and statement of financial affairs filed by the Debtor with the Bankruptcy Court and any amendments thereto.

1.47 "Secured Claim" means any Claim, debt, or demand against the Debtor(s) as determined in accordance with § 506(a) of the Bankruptcy Code which is secured by a properly perfected mortgage, deed of trust, Lien, pledge, or security interest in, or right of set off against, any Property of the Debtor, but only to the extent of the value of the Collateral as of the Confirmation Hearing.

1.48 "Unexpired Lease" means a lease of personal or real property which had neither expired by its terms nor been properly terminated as of the Petition Date, and which has not expired by its terms or been rejected by a Final Order on or prior to the Confirmation Date.

1.49 "Unliquidated Claim" means Any Claim, the amount or liability for which has not been fixed, whether pursuant to agreement, applicable law, or otherwise, as of the date on which such Claim is sought to be estimated.

1.50 "Unsecured Claim" means any unsecured debt, demand, or Claim of whatever nature other than an Administrative Expense, a Professional Claim, a Priority Claim, a Priority Tax Claim, or a Secured Claim, to the extent as determined and allowed by the Bankruptcy Court in accordance with § 502 of the Bankruptcy Code.

## ARTICLE II – CLASSIFICATION OF CLAIMS AND INTERESTS

2.1 Class A (Priority (non-tax) Claims): Class A consists of Priority Claims under 11 U.S.C. § 507 other than Administrative Claims, Professional Claims, and Priority Tax Claims.

2.2. Class B (Priority Tax Claims): Class B consists of all allowed Priority Tax Claims.

2.3 Class C (IRS Secured Claim): Class C consists of the secured pre-petition claim of the Internal Revenue Service.

2.4 Class D (SBA Secured Claim). Class D consists of the Secured Claim of the United States Small Business Administration for its EIDL Loan, secured by UCC liens on Debtor's personal property.

2.5 Class E (Condado 5 Secured Claim). Class E consists of the Secured Claim of Condado 5 LLC secured by a lien on Debtor's ORIL Milk Quota and prepetition account receivable.

2.6 Class F (Unsecured Claims). Class F consists of the Allowed non-priority Unsecured Claims against the Debtor, including the unsecured portion of the Class E claim.

# ARTICLE III– TREATMENT OF CLAIMS AND INTERESTS

      3.0      <u>Trustee Compensation</u>: The Trustee shall collect his fees pursuant to 28 U.S.C. § 586(e)(1)(B)(ii).

      3.1.     <u>Administrative Claims and Professional Claims:</u> Pursuant to 11 U.S.C. § 1226(b)(1), Administrative Claims and Professional Claims approved and allowed by the Court, and not paid from a pre-petition fee advance, shall be paid in full by the Trustee prior to payment of any other claims, as funds are available. Provided that any professional files an application for compensation not covered in full by such a fee advance on or before 30 days after the Confirmation Date, the Trustee shall not disburse any funds other than for other Administrative Claims until a Final Order is entered on such application for compensation. In the event Debtor's counsel files any application for compensation in excess of the prepetition retainer after that date, or any other requests for payment or approval of Administrative Claims or Professional Claims are filed, the Trustee shall cease disbursements to other creditors until a Final Order is entered on such application or request, and shall pay the approved Administrative Claims and Professional Claims before any further disbursements to other creditors.

      3.2.     <u>Class A (Priority (non-tax) Claims)</u>: The Debtor is unaware of any such claims, and no proofs of claim in this class have been filed by the Bar Date. In the unlikely event that there are any allowed Claims in Class A, they shall be paid by the Trustee in full without interest after payment of Administrative and Professional Claims and Class C claims.

      3.3      <u>Class B (Priority Tax Claims)</u>: All Class B Claims shall be paid by the Trustee in full without interest, after payment of Administrative and Professional Claims and Class C claims.

      3.4      <u>Class C (IRS Secured Claim)</u>: Class C consists of the secured pre-petition claim of the Internal Revenue Service. Any Allowed Secured Claim in Class C shall be paid by the Trustee with interest at the statutory rate applicable to such claims (currently 7% per Rev. Rul. 2025-22), after payment of Administrative and Professional Claims. The IRS shall retain any lien securing its claim until its secured claim is satisfied in full, at which time it shall file a release of its lien with the appropriate authorities.

      3.5      <u>Class D (SBA Secured Claim)</u>. Class D consists of the Secured Claim of the SBA for its EIDL Loan. Debtor shall pay the Class D claim directly pursuant to its terms (apart from any default provision with respect to insolvency or bankruptcy filing, which shall be waived and void). The SBA shall file a statement of any arrears on the Class D claim within 30 days of the Effective Date, and the arrears shall be cured by payments from the Trustee without interest after payment of the Class B and C Claims. The holder of any Class D claim shall retain any lien securing its claim until satisfied in full.

      3.6      <u>Class E (Condado 5 Secured Claim)</u>. Class E consists of the Secured Claim of Condado 5 LLC. The Secured Claim of Condado 5, LLC, shall be treated as provided in the Stipulation filed in this Case on December 18, 2025, at Doc. #336 and approved by the Court at Doc. #341 on December 19, 2025 (the "Stipulation"). The following is a summary, but the Stipulation shall control. The Secured Claim is fixed at $500,000, with simple interest at 8.0% p.a, from December 19, 2025. Debtor has paid the first two (December 22, 2025 and February 1, 2026) $1000 monthly payments and paid 50% of the Consigned Funds ($85,971.62), reducing the Secured Claim accordingly. Debtor's shareholder/president, Juan Manuel Barreto Ginorio, shall sell (or shall have sold, if done prior to confirmation) his Residential Property under § 363 of the Bankruptcy Code in his individual bankruptcy case pursuant to the terms of the Stipulation, the net proceeds of which shall be or have been paid to Condado 5 and credited to the Secured Claim. Until the Secured Claim is paid in full, Debtor will make the next 35 monthly payments on the Secured Claim as provided in

the Stipulation, and, if not paid in full by then, shall make a final balloon payment in month 37. Any payments in months 7-36 shall be made directly by the Debtor's milk processing plant from the proceeds of Debtor's milk sales.  Condado shall obtain and retain a security interest and lien on all current cattle and additional replacement cattle (such lien not to prime any existing liens) to secure the obligations to Condado 5 under the Stipulation, this Plan, and the Loans, and the Debtor will execute any and all documents to that extent.  Condado shall retain all liens securing the Loans until the Secured Claim is paid in full. Condado will also be allowed to execute and file any and all documents to maintain all its liens. To the extent any provision of this plan conflicts with the terms of this Stipulation, the terms of the Stipulation shall control and prevail.  The balance of the claim of Condado 5 is unsecured under 11 USC 506 and shall be treated for all purposes as a general unsecured claim.  ***It is expected that the Class E secured claim, after payment of the 50% of the Consigned Funds, will be satisfied in full from the sale of Mr. Barreto's home, requiring no further payments after the sale of the property in or about February 2026.***

   3.7  Class F (Unsecured Claims).  General unsecured claims (including the unsecured portion of the claim of Condado 5, class E), shall be paid pro rata by the Trustee from funds on hand, after payment in full of Administrative and Professional Claims, and Class A-D claims.

## ARTICLE IV - EXECUTION OF PLAN

  The Debtor shall pay to the Trustee $2500 per month for 36 months from the Effective Date, for a total of $90,000, commencing on the Effective Date.

  The Debtor shall fund this Plan from income from its dairy farming operation.  The Debtor shall retain the Assets of the estate, and shall therewith operate the business and pay ordinary business expenses, paying the creditors the amounts set forth in this plan.

  Consistent with the provisions of this Plan and subject to any releases provided for herein, the Debtor reserves the right to begin or continue any adversary proceeding permitted under the Code and Rules to collect any debts, or to pursue claims in any court of competent jurisdiction.  Except as expressly provided for in this Plan, nothing in this Plan shall be deemed to constitute a waiver of any claim that the Debtor may assert against any other party, including the holder of any claim provided for in this Plan, and the allowance of any claim against the Debtor or the estate shall not bar any claim by the Debtor against the holder of such claim.

## ARTICLE V -  RETENTION OF JURISDICTION

  Following the Confirmation Date, the Court shall retain jurisdiction over the Debtor, its operations, and its Assets for the following purposes until the Court enters an Order closing this case:
  A.  To rule on the allowance or classification of claims and to hear any objections thereto.

  B. To hear and determine all adversary proceedings and contested matters;

  C. To allow and approve or disapprove any administrative expenses or Professional Claims not previously allowed;

  D. To determine and resolve questions concerning the existence of defaults under the Plan;

  E. To modify the Plan pursuant to § 1229 of the Code;

  F. To correct any defect, to cure any omission, to reconcile any inconsistency in the Plan or Order of Confirmation as may be necessary to carry out the purposes and intent of the Plan; and

  G. To issue any Order necessary to carry out the Plan.

## ARTICLE VI - EXECUTORY CONTRACTS AND LEASES

  A. Except as provided herein, any pre-petition Executory Contracts and Leases in effect as of the Effective Date and not specifically rejected will be deemed assumed as of the Effective Date. Any Claims arising from the rejection of Contracts and Leases must be filed on or before the Rejection Claim Bar Date. The Rejection Claim Bar Date is 30 days after the Effective Date, or, if later, 30 days after entry of any Final Order rejecting the Executory Contract or Lease. Absent the filing of a proof of claim on or before the Rejection Claim Bar Date, all Rejection Claims shall be forever barred from assertion and shall not be enforceable against the Debtor, the Estate, Assets, or properties. All Rejection Claims shall be General Unsecured Claims.

  **B.** **The Debtor maintains that except as provided herein, there are no cure amounts necessary with respect to the assumption of any Executory Contract or/and Lease assumed hereunder, and that there are no pre- or post-petition defaults on any such contract or lease. Debtor acknowledges arrears of $11,851.31 as of 2/9/26 on the lease with the P.R. Land Authority, which will be cured as agreed. To the extent that any party to any other such Executory Contract or/and Lease maintains that there is an amount due to cure any pre- or post-petition default, it must file a timely objection to this plan asserting the amounts claimed to be due. Absent such an objection, all leases and contracts shall be deemed current as of the confirmation date.**

## ARTICLE VII - MODIFICATION OF PLAN

  The Debtor may submit modifications to the Plan at any time prior to Confirmation pursuant to § 1223 of the Code, and thereafter in accordance with § 1229.

## ARTICLE VIII – MISCELLANEOUS

  Neither the Trustee nor any creditor may take any action against Debtor or property of the estate or of the Debtor on account of a prepetition claim, an Administrative Claim, or any

--             7

obligation provided for in this Plan so long as Debtor is not in Material Default in performing its obligations to such Trustee or Creditor under the Plan.

Dated: February 19, 2026.

                                                  Respectfully submitted,

                                                  /s/ Daniel M. Press
                                                  Daniel M. Press, #204704
                                                  CHUNG & PRESS, P.C.
                                                  6718 Whittier Ave., Suite 200
                                                  McLean, VA 22101
                                                  (703) 734-3800
                                                  dpress@chung-press.com

CERTIFICATE OF SERVICE

    I hereby certify that on February 19, 2026, I electronically filed the foregoing with the Clerk of the Court using the Next Gen CM/ECF system, which will send notification of such filing to all Next Gen CM/ECF participants in this case, including the Chapter 12 Trustee and the U.S. Trustee for Region 21, and caused the foregoing Plan to be served on all other creditors and parties in interest by first class mail, postage prepaid, as set forth on the attached Matrix.

                                                                /s/ Daniel M. Press_____
                                                                 Daniel M. Press, #204704

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0104-3<br>Case 22-02380-ESL12<br>District of Puerto Rico<br>Old San Juan<br>Thu Feb 19 20:01:03 AST 2026 | CRIM<br>PO BOX 195387<br>SAN JUAN, PR 00919-5387 | LAS MARTAS INC<br>HC 05 BOX 91635<br>ARECIBO, PR 00612-9517 |
| SUIZA DAIRY, INC.<br>Godreau & Gonzalez Law<br>PO Box 9024176<br>San Juan, PR 00902-4176 | US SMALL BUSINESS ADMINISTRATION<br>273 PONCE DE LEON AVE SUITE 510<br>PLAZA 273<br>SAN JUAN, PR 00917-1930 | US Bankruptcy Court District of P.R.<br>Jose V Toledo Fed Bldg & US Courthouse<br>300 Recinto Sur Street, Room 109<br>San Juan, PR 00901-1964 |
| ADM Alliance Nutrition of PR<br>PO Box 908<br>Hatillo, PR 00659-0908 | Autoridad de Tierras de Puerto Rico<br>PO Box 9745<br>San Juan, PR 00908-0745 | Condado 5 LLC<br>PO Box 190085<br>San Juan, PR 00919-0085 |
| DOL<br>TAX DIVISION<br>PO BOX 191020<br>San Juan, PR 00919-1020 | Dpto de Hacienda<br>PO Box 9024140<br>San Juan, PR 00902-4140 | ELA DEPT OF TREASURY<br>Bankruptcy Div #424 B<br>PO BOX 9024140<br>San Juan, PR 00902-4140 |
| ELA Dept of Agriculture<br>Box 10163<br>San Juan, PR 00908-1163 | ELA Land Authority<br>PO Box 9745<br>San Juan, PR 00908-0745 | FEP Inc<br>Box 10163<br>San Juan, PR 00908-1163 |
| FERRALUOLI LLC<br>Luis G Parrilla Hernandez Esq<br>PO Box 195168<br>San Juan, PR 00919-5168 | Fondo Fomento Industria Lechera<br>198 Calle Chardon<br>San Juan, PR 00918-1744 | IRS<br>Centralized Insolvency Operation<br>PO Box 7346<br>Philadelphia, PA 19101-7346 |
| L.A. Morales & Asociados PSC<br>Urb Villa Blanca<br>76 Aquamarina<br>Caguas, PR 00725-1908 | (p)LUMA ENERGY<br>REVENUE PROTECTION<br>PO BOX 364267<br>SAN JUAN PR 00936-4267 | Luma<br>PO Box 362983<br>San Juan, PR 00936-2983 |
| Nutrimix Feed Co Inc.<br>PO Box 11433<br>San Juan, PR 00922-1433 | ORIL<br>Puerto Rico Dept of Agriculture<br>PO Box 10163<br>San Juan, PR 00908-1163 | Patricia Galindez<br>PO Box 2453<br>Moca, PR 00676-2453 |
| Puerto Rico Department of Labor<br>Collection Unit - 12th Floor<br>PO Box 195540<br>San Juan PR 00919-5540 | SBA<br>Disaster Assist Proc & Dist Ctr<br>14925 Kingport Rd<br>Fort Worth, TX 76155-2243 | SBA GENERAL COUNSEL<br>409 3RD STREET SW<br>WASHINGTON, DC 20416-0005 |
| SBA PR District Office<br>273 P de Leon Ave<br>Plaza 273 Ste 510<br>San Juan, PR 00917 | SIF<br>PO Box 365028<br>SAN JUAN, PR 00936-5028 | Suiza Dairy Corp.<br>940 Av. Jos de Diego<br>San Juan, PR 00921 |

| | | |
|---|---|---|
| US Attorney<br>Torre Chardn, Suite 1201<br>350 Carlos Chardn Street<br>San Juan, PR 00918-2124 | DANIEL MARK PRESS<br>Chung & Press, P.C.<br>6718 Whittier Ave. Ste. 200<br>McLean, VA 22101-4531 | JOSE RAMON CARRION MORALES<br>PO BOX 9023884<br>SAN JUAN, PR 00902-3884 |

MONSITA LECAROZ ARRIBAS
OFFICE OF THE US TRUSTEE (UST)
OCHOA BUILDING
500 TANCA STREET SUITE 301
SAN JUAN, PR 00901

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

LUMA
REVENUE PROTECTION
PO BOX 364267
SAN JUAN, PR 00936

(d)PREPA (Luma)
PO BOX 364267
San Juan, PR 00936

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)CONDADO 5 LLC

(u)Vaqueria Tres Monjitas Inc

(d)CRIM
PO BOX 195387
SAN JUAN PR 00919-5387

End of Label Matrix
Mailable recipients    33
Bypassed recipients     3
Total                  36