United States Bankruptcy Court

District of Puerto Rico

In re:                                                                                                Case No. 22-02380-ESL

LAS MARTAS INC                                                                            Chapter 12

　　　Debtor

# CERTIFICATE OF NOTICE

District/off: 0104-3                                     User: admin                                          Page 1 of 2

Date Rcvd: Mar 25, 2026                          Form ID: pdf002                              Total Noticed: 1

The following symbols are used throughout this certificate:

**Symbol　　　Definition**

+　　　　　　Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS
　　　　　　regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 27, 2026:**

**Recip ID　　　　　　Recipient Name and Address**
db　　　　　　　　+  LAS MARTAS INC, HC 05 BOX 91635, ARECIBO, PR 00612-9517

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 27, 2026                              Signature:　　　　　/s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 25, 2026 at the address(es) listed below:**

**Name　　　　　　　　　　Email Address**

ALEXANDRA MILAGROS RODRIGUEZ DIAZ
　　　　　　　　　on behalf of Trustee JOSE RAMON CARRION MORALES arodriguez@ch13-pr.com

CARMEN PRISCILLA FIGUEROA
　　　　　　　　　on behalf of Creditor CRIM cpfbkcy@gmail.com  cpfbkcy@gmail.com

DANIEL MARK PRESS
　　　　　　　　　on behalf of Cross Defendant CONDADO 5  LLC dpress@chung-press.com, pressdm@gmail.com;danpress@recap.email

GUSTAVO A CHICO-BARRIS
　　　　　　　　　on behalf of Creditor CONDADO 5 LLC gchico@ferraiuoli.com
　　　　　　　　　edocketslit@ferraiuoli.com;gchico@ecf.courtdrive.com;atorres@ferraiuoli.com

JOSE RAMON CARRION MORALES
　　　　　　　　　EBNMAIL@CH13-PR.COM

MAXIMILIANO TRUJILLO GONZALEZ

| District/off: 0104-3 | User: admin | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Mar 25, 2026 | Form ID: pdf002 | Total Noticed: 1 |

on behalf of Interested Party Vaqueria Tres Monjitas Inc maxtruj@gmail.com trujillogonzalezmaximiliano@gmail.com

**MONSITA LECAROZ ARRIBAS**
ustpregion21.hr.ecf@usdoj.gov

**PEDRO J LOPEZ BERGOLLO**
on behalf of Counter-Defendant US SMALL BUSINESS ADMINISTRATION pedro.lopez-bergollo@sba.gov

**RAFAEL A GONZALEZ VALIENTE**
on behalf of Interested Party SUIZA DAIRY INC. rgv@g-glawpr.com, zi@g-glawpr.com

**SONIA COLON COLON**
on behalf of Creditor CONDADO 5 LLC scolon@ferraiuoli.com
edocketslit@ferraiuoli.com;scolon@ecf.courtdrive.com;atorres@ferraiuoli.com

**TOMAS F. BLANCO-PEREZ**
on behalf of Creditor CONDADO 5 LLC tblanco@ferraiuoli.com
tblanco@ecf.courtdrive.com;atorres@ferraiuoli.com;edocketslit@ferraiuoli.com

TOTAL: 11

IN THE UNITED STATES BANKRUPTCY COURT FOR

THE DISTRICT OF PUERTO RICO

IN RE:                                      CASE NO. 22-02380-ESL12

LAS MARTAS INC                              Chapter 12

                Debtor                      FILED & ENTERED ON MAR/25/2026

CONFIRMATION ORDER

The debtor's Chapter 12 Plan was duly served on all parties.  A hearing on confirmation of the plan was held after due notice to all parties in interest. The Court hereby finds that the requirements for confirmation of a Chapter 12 Plan pursuant to 11 U.S.C. 1225 are met, and orders as follows:

1.    The debtor shall timely make the payments required by the confirmed plan, or as required hereafter by an approved plan modification pursuant to 11 U.S.C. 1229.

2.    The debtor shall request authorization from the Court prior to incurring additional secured debts. The request shall be made pursuant to 11 U.S.C. 364(c)(2)-(3) and shall describe the necessity to incur such debt and all material provisions of the proposed credit agreement, including the amount of the loan, a description of the collateral, the value of the collateral, and the estimated monthly installment.  The request shall also comply with the notice requirements in Fed. R. Bankr. P. 4001(c).

3.    The Trustee will pay the allowed claims, as filed, provided for in the plan unless disallowed or expressly modified by the terms of the confirmed plan, or by subsequent Court order.  If no claim is filed, the trustee will not pay a creditor provided in the plan unless so ordered by the Court.

4.    If the plan is confirmed prior to the last day to file claims, the debtor shall move the Court to modify the plan pursuant to 11 U.S.C. 1229 in any of the following circumstances: (a.) when claims filed and allowed after this order prove the plan to be insufficiently funded; (b.) when a claim's classification in the plan is contradicted by a subsequently timely filed claim.

Failure to move the Court promptly may result in the dismissal or conversion of the case for cause pursuant to 11 U.S.C. 1208(c).

5.     Unless otherwise ordered by the court, all property of the estate as defined in 11 U.S.C. §541 including, but not limited to any appreciation in the value of real property owned by the debtor(s) as of the commencement of the case, shall remain property of the estate during the term of the Plan and shall vest in the debtor(s) only upon closing of the case. All property of the estate shall remain within the exclusive jurisdiction of the Bankruptcy Court.

6.     The debtor(s) shall not transfer, sell, encumber, or otherwise alienate property of the estate other than in accordance with the confirmed plan or other order of the Bankruptcy Court. The debtor(s) shall be responsible for preserving and protecting all property of the estate.

7.     Debtor(s) has (have) a continuing obligation, during the term of the plan, to report to the Court, thru the pertinent motion or amendment to schedules, any change to the (their) financial/economic circumstances, particularly income increase or decreases and the acquisition of assets by whatever means.

Therefore, IT IS HEREBY ORDERED that the debtor's Amended Chapter 12 Plan, dated 2/19/2026 is hereby CONFIRMED.  See docket #352.  The hearing scheduled for April 7, 2026 at 10:00 a.m. is hereby VACATED and SET ASIDE.

ALLOWANCE OF DEBTOR ATTORNEY'S (S') FEES

(  ) In accordance to the Disclosure of Compensation - Form 2030, the attorney representing the debtor(s) will be compensated in the amount of $_____. The court finds that the amounts described in the statement filed pursuant to 11 U.S.C. §329 and Fed.R.Bankr.P.2016(b), are reasonable fees for the legal services performed up to the confirmation hearing date, and as such are hereby approved. After deducting any amount paid by debtor pre-petition, the Outstanding Balance will be paid by the Trustee from the monies received under the plan.

(XX) Pursuant to 11 U.S.C. §330 and Fed.R.Bankr.P.2016(a), Attorney for debtor(s) will be compensated pursuant to the Application for Compensation of Services Rendered to be filed within fourteen (14) days from entry of this order.  The approved fees, less any retainer, shall be paid by the trustee from the monies received under the plan.

(   ) An interim fee of $_____ is hereby allowed. Final fee will be determined upon approval of application for compensation to be filed within

fourteen (14) days from entry of this order. The approved fees, less any retainer, shall be paid by the Trustee from the monies received under the plan.

Additional Compensation related to Post Confirmation legal services provided, shall be requested through the corresponding Application for Additional Compensation and the same will be paid by the Trustee upon approval by this Honorable Court.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 25 day of March, 2026.

Enrique S. Lamoutte
United States Bankruptcy Judge