**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF PUERTO RICO**

```
------------------------------------------------------------X
In re:                                   :     Chapter 12
                                         :
LAS MARTAS, INC.                         :     Case No. 22-02380 (ESL)
                                         :
          Debtor.                        :
                                         :
------------------------------------------------------------X
```

## APPLICATION FOR COMPENSATION BY COUNSEL FOR DEBTOR

NOTICE OF OPPORTUNITY TO OBJECT PURSUANT TO LBR 9013-1(h), within twenty-one (21) days after service of this Application, and an additional three (3) days pursuant to Feb. R. Bank. P. 9006(f) if you were served by mail, and any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

Daniel M. Press, attorney for the Debtor herein, applies to the Court for an Order for allowance of attorneys' fees for professional services rendered to the Debtor and for reimbursement for actual and necessary costs incurred from the petition date, August 16, 2022, through the date hereof, pursuant to §§ 327 and 330 of the Bankruptcy Code and Bankruptcy Rule 2016, seeking compensation in the total amount of $47,742, and in support thereof, states as follows:

1.      This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 1334 and 157. Venue in this Court is proper pursuant to 28 U.S.C. § 1409. This application is a core proceeding within the meaning of 28 U.S.C. § 157.

2.      1.      On August 16, 2022, this case was commenced by the filing of a voluntary petition for relief under Chapter 12 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Puerto Rico (the "Bankruptcy Court").

--                                        1

3.      As set forth in the disclosure of compensation, the undersigned was retained on an hourly basis at a rate of $495 per hour, plus actual costs, to be paid upon court approval. The Debtor paid a fee and cost advance of $20,000 of which $1980 was applied to prepetition fees and $278 for the filing fee, leaving $17,742 in trust for application to fees and costs as approved.

4.      The only lawyer who billed time on this matter, as shown on the attached statement, is Daniel M. Press (DMP). The rates charged are below those charged by comparably skilled practitioners in cases other than cases under Title 11.

5.      This is an application for compensation for the period from the petition date, August 16, 2022, through the date hereof. It is the first and final application filed by Debtor's counsel in this case.

6.      A detailed statement of the actual, necessary services rendered, time expended, and expenses incurred is attached hereto. The total time as billed on the attached statement is 241 hours, which, at the aforementioned hourly rate comes to $119,295. Additional time spent was not charged in an exercise of billing discretion. Counsel did not bill at all for many phone calls, texts or emails. Expenses total $918.80. Mileage, faxes, parking, in-house copies in-house postage and like expenses were not charged, nor were travel expenses to Puerto Rico.

7.      In order to ensure sufficient funding under the plan, and to make the plan feasible, Counsel is voluntarily reducing the requested fee to $47,742, a discount of over $72,000.

8.      No payments have heretofore been made or promised, other than as described for prepetition services and the filing fee. No compensation has been or will be shared, and no agreement for sharing of compensation with regard to this case exists.

9.      In this case, counsel successfully represented the Debtor through confirmation, including on issues related to:

--                                                    2

• Case administration, including, but not limited to preparation and filing of schedules and statements, attendance at the initial debtor interview and 341 meeting, review of Court orders, compliance with Trustee requirements and requests, and reviewing and advising the Debtor regarding monthly reports and other duties of the DIP; and overall strategy and management of the case.

• Successful litigation before this Court and on appeal of the existence or not of a lien on Debtor's post-petition receivables, and related matters.

• Motions to dismiss for bad faith, loss or diminution of the estate, and late filing of reports; including the successful appeal of the dismissal of the case.

• An interpleader adversary proceeding.

• Several iterations of a Chapter 12 Plan, ultimately confirming a plan.

• Settlement negotiations and ultimately a settlement of the Debtor's disputes with its largest secured creditor.

10. Consideration of the factors set forth in Section 330(a)(3)(A) of the Code shows that the requested fee is appropriate. The services provided were necessary to the successful administration of the case. There was no duplication of services. A review of the statement shows that the amount of time spent was reasonable, commensurate with the complexity, importance, and nature of the problems, tasks and issues addressed. The rate charged ($495/hour) is lower than those charged by most attorneys of comparable skill and experience both in bankruptcy and non-bankruptcy matters, and if it is higher than the typical rate in Puerto Rico, the approximately 60% reduction brings it well below those rates.

11. Courts frequently look to the "lodestar" formula in assessing attorneys' fees. Under this approach, courts consider the number of hours of service reasonably devoted to the case, multiplied by the attorneys' reasonable rates. This sum may be adjusted to reflect the characteristics of the particular case, and the reputation of the attorney. *See* e.g., *Laffey v. Northwest Airlines, Inc.*,

--                                                3

572 F. Supp. 354, 361 (D. D.C. 1983), *aff'd. in part rev'd in part*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021, 105 S. Ct. 3488 (1985). Many courts frequently consider the specific lodestar factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) and applied in bankruptcy cases in *In re First Colonial Corporation of America*, 544 F.2d 1291, 1298-99 (5th Cir.), *cert. denied*, 431 U.S. 904 (1977). The First Circuit Court of Appeals has established the lodestar method of calculating fees as its method of choice. *Matalon v. Hynnes*, 806 F. 3d 627, 638 (1st Cir. 2015). The following are the *Johnson* factors:

(a) the time and labor required;

(b) the novelty and difficulty of the questions;

(c) the skill requisite to perform the legal service properly;

(d) the preclusion of other employment by the attorney due to acceptance of

the case;

(e) the customary fee;

(f) whether the fee is fixed or contingent;

(g) time limitations imposed by the client or the circumstances;

(h) the amount involved and the results obtained;

(i) the experience, reputation, and ability of the attorneys;

(j) the "undesirability" of the case;

(k) the nature and length of the professional relationship with the client; and

(l) awards in similar cases.

*Johnson*, 488 F.2d at 717-19.

12. Counsel submits the following lodestar analysis in support of its request for allowance of fees and disbursements:

--                                                        4

(a) The time and labor required. The amount of time required to represent the Debtor in this case is reflected in the attached statement, and is certainly reasonable given the circumstances of the case.

(b) Novelty and difficulty of the questions. This Chapter 12 case involved several significant novel and/or difficult legal issues that were critical to the outcome, including whether the lack of a lien on cattle was fatal to a claim of a lien on post-petition milk proceeds, and whether diminution of the Debtor's assets between multiple cases was cause for dismissal, both of which were resolved favorably to Debtor on appeal; and other issues like the divestiture doctrine as to the Court's authority while an appeal is pending.

(c) The skill requisite to perform the legal service properly. Because of the experience of Debtor's counsel in handling matters of this nature, counsel exercised the skill requisite to perform these services effectively.

(d) The preclusion of other employment by the firm due to acceptance of this case. This case has not conflicted Debtor's counsel out of other matters, but any case takes up a portion of the limited time available to counsel, diverting counsel's attention from other matters in which they otherwise might have been involved to devote themselves to the competent representation of the Debtor.

(e) The customary fee for similar work. Counsel submits that the fees sought herein are warranted, and are generally less than competitor fees in the national legal market for attorneys with comparable skill and experience with comparable practices.

--

(f)     Whether the fee is fixed or contingent.   The fees are sought based on a fixed hourly rate, but pursuant to the Code, all fees sought by professionals retained by a Debtor are subject to approval of this Court, and thus are, to an extent, contingent.  Further, the fee was as a practical matter contingent upon the success of the case, as failure would have meant no money (other than the advance) from which to pay fees.

(g)     Time limitations imposed by the client or circumstances. There were no unusual time limitations in this case.

(h)     The amounts involved and the results obtained. This case involved a small family farmer entity with a large secured loan.  The results obtained, including two appellate victories, were significant.

(i)     Experience, reputation and ability of the attorneys. Daniel M. Press has previously represented debtors, secured and unsecured creditors, bidders, trustees, and other interested parties in all aspects of bankruptcy and commercial litigation proceedings.  Mr. Press has practiced bankruptcy law for over 35 years. He is an experienced bankruptcy practitioner.  Mr. Press' experience, reputation and ability have been recognized by his election to the Boards of the National Association of Consumer Bankruptcy Attorneys ("NACBA") and the Northern Virginia Bankruptcy Bar Association ("NVBBA"), as well as the Council of the Consumer Bankruptcy Section of the Maryland State Bar Association ("MSBA"). He has also served as the Education Director of the Consumer Committee of the American Bankruptcy Institute, and has been invited to speak and teach continuing legal education

--                                               6

programs on bankruptcy topics, and in particular on Chapter 11 and Subchapter V for small businesses and individual debtors, for the ABI, MSBA, MICPEL, NVBBA, the Bankruptcy Bar Association for the District of Maryland, NACBA, the Virginia Bar Association, the North Carolina Bar, Virginia CLE, and Minnesota CLE.  He and his colleague, Brett Weiss, are the authors of Chapter 11 for Individual Debtors, a Collier Monograph, published by Collier/Lexis-Nexis, and articles in publications such as the ABI Journal, and teach "Boot Camps" on individual and small business Chapter 11 cases. Mr. Press' reputation is well established as an effective practitioner.

(j)      The "undesirability" of the case. This case was undesirable in that it was a third filing, and would only succeed (and be able to pay counsel) if difficult legal issues were favorably resolved.

(k)      The nature and length of the firm's professional relationship with the client. Counsel was retained by the Debtor shortly before filing.  Counsel had no prior relationship with the Debtor.

(l)      Awards made in similar cases. This request for compensation is well within, if not below, the usual and customary awards granted in similar cases.

13.     Detailed daily time records setting forth the tasks performed and the time spent thereon are attached hereto.

14.     The affidavit of Daniel M. Press in support of this application is attached hereto.

--                                                        7

WHEREFORE, Counsel prays for the entry of an Order approving final compensation as an administrative expense in the amount $47,742, $17,742 to be paid from the fee advance, with the balance to be paid through the Plan by the Chapter 12 Trustee.

Dated: April 8, 2026.

Respectfully submitted,

/s/ Daniel M. Press
Daniel M. Press, #204704
6718 Whittier Ave., Suite 200
McLean, VA 22101
(703) 734-3800
dpress@chung-press.com

DECLARATION UNDER PENALTY OF PERJURY

I, Daniel M. Press, a member of the bar of this Court, declare under penalty of perjury that the statements in the foregoing Application and attached statements of services rendered are true and correct, and that the items listed on the attached statements were services actually and necessarily rendered and expenses actually and necessarily incurred.  No understanding or agreement exists between this law firm and any other person for a sharing of compensation received or to be received in connection with this case.  No previous application for the relief requested herein has been submitted to this or any other court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 8th day of April, 2026.

/s/ Daniel M. Press
Daniel M. Press

CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2026, I electronically filed the foregoing with the Clerk of the Court using the Next Gen CM/ECF system, which will send notification of such filing to all Next Gen CM/ECF participants in this case, including the Chapter 12 Trustee and the U.S. Trustee for Region 21, and caused the foregoing document to be served on all other creditors and parties in interest by first class mail, postage prepaid, as set forth on the attached Matrix.

/s/ Daniel M. Press
Daniel M. Press, #204704

--                                                          8